Richard J. Reynolds (SBN 89911)
E-mail: rreynolds@bwslaw.com
Gail E. Kavanagh (SBN 154705)
E-mail: gkavanagh@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1851 East First Street, Suite 1550
Santa Ana, CA 92705-4067
Tel: 949.863.3363 Fax: 949.863.3350

Attorneys for Defendant
MTC Financial Inc. dba Trustee Corps, Inc.
[erroneously sued as "MTC Financial d/b/a Trustee Corps, Inc."]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID BUSHLOW,<br><br>Plaintiff,<br><br>v.<br><br>MTC FINANCIAL d/b/a TRUSTEE CORPS, INC. ,<br><br>Defendant. | Case No. 5:17-cv-06771- HRL<br><br>Assigned to Hon. Howard R. Lloyd<br><br>**DEFENDANT MTC FINANCIAL, INC.'S MOTION TO DISMISS COMPLAINT**<br><br>[Fed. R. Civ. P. Rule 12(b)(6)]<br><br>Date: April 10, 2018<br>Time: 10:00 a.m.<br>Place: San Jose Courthouse, Courtroom 2 - 5th Floor, 280 South 1st Street, San Jose, CA<br><br>Action Filed: November 24, 2017 |

**TO THE HONORABLE HOWARD R. LLOYD, UNITED STATES DISTRICT COURT MAGISTRATE JUDGE AND TO PLAINTIFF DAVID BUSHLOW:**

**PLEASE TAKE NOTICE** that on April 10, 2018, at 10:00 or as soon thereafter as the matter may be heard in Courtroom 2 of the above-entitled Court located at 280 South 1st Street, 5th Floor, Defendant MTC FINANCIAL, INC. dba TRUSTEE CORPS, INC. (erroneously sued as "MTC Financial, Inc. d/b/a Trustee Corp, Inc.") ("Trustee Corps")

will and hereby does move this Court to dismiss the Complaint [Dkt. No. 1] filed in this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure:

This motion is made on the grounds that the single cause of action contained in the Complaint fails to state a claim upon which relief may be granted.

This Motion is made and based upon this Notice, the Memorandum of Points and Authorities and Request for Judicial Notice submitted herewith, all pleadings, papers and documents on file herein, and any additional matters as shall be presented at the time of the hearing.

Dated: March 1, 2018

BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Gail E. Kavanagh
Richard J. Reynolds
Gail E. Kavanagh
Attorneys for Defendant
MTC Financial Inc. dba Trustee Corps, Inc.

## TABLE OF CONTENTS


Page

I. INTRODUCTION ..... i

II. FACTUAL BACKGROUND ..... 1

III. DISCUSSION ..... 3

A. The Complaint Fails to Satisfy Minimum Pleading Requirements. ..... 4

B. The Complaint Is Barred In Its Entirety By The Statute Of Limitations. ..... 5

C. Even If It Were Not Time-Barred, The Complaint Fails To Allege Facts Which, If Proven, Would Establish A Violation Of The FDCPA By Trustee Corps. ..... 6

1. The FDCPA Does Not Apply To Trustee Corps. ..... 6

2. Even If The FDCPA Applied To Trustee Corps, The Complaint Fails To Allege That Trustee Corps Engaged In Any Conduct Prohibited By The Act. ..... 8

3. The Complaint Fails Because Trustee Corps' Alleged Actions Were Privileged As A Matter Of Law. ..... 9

4. Trustee Corps Owes No Duties To Plaintiff, Other Than Those Specifically Stated In The Deed Of Trust And Applicable Statutes ..... 11

IV. CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*Ashcroft v. Iqbal*,
556 U.S. 662 (2008) ....................4

*Bell Atlantic Corp. v. Twombly*
(2007) 550 US 544, 127 S.Ct. ....................4

*Bell Atlantic v. Twombly*,
550 U.S. 544 (2007) ....................3

*Cisneros v. Instant Capital Funding Group*,
263 F.R.D. 595 (E.D. Cal. 2009) ....................10

*Clegg v. Cult Awareness Network*,
18 F.3d 752 (9th Cir. 1994) ....................3

*Cousins v. Lockyer*,
568 F.3d 1063 (9th Cir. 2009) ....................3

*United States v. Gaubert*,
499 U.S. 315 (1991) ....................9

*Ho v. ReconTrust Company, NA*,
858 F.3d 568 (9th Cir. 2016) ....................7

*Hydrick v. Hunter*,
500 F.3d 978 (9th Cir. 2007) ....................9

*Jacobson v. Balboa Arms Drive Trust #5402*,
2011 WL 2784126 (S.D. Cal. 2011) ....................10

*Lyons v. Michael & Associates*,
824 F.3d 1169 (9th Cir. 2016) ....................5

*Natividad v. Wells Fargo Bank*,
2013 WL 2299601 (N.D. Cal.) ....................7

*Parks School of Business, Inc. v. Symington*,
51 F.3d 1480 (9th Cir. 1995) ....................3

*Rodriguez v. JP Morgan Chase & Co.*,
809 F.Supp.2d 1291 (S.D. Cal. 2011) ....................10

*Shwarz v. United States*,
234 F.3d 428 (9th Cir. 2000) ....................3

*In re Silicon Graphics, Inc. Securities Litigation*
970 F.Supp. 746 (N.D.Cal. 1997) ....................5

*Venture Associates Corp. v. Zenith Data Systems Corp.*,
987 F.2d 429 (7th Cir. 1993)....................5

*Zucco Partners LLC v. Digimarc Corp.*,
552 F.3d 981 (9th Cir. 2009)....................3

**State Cases**

*Bank of America Leasing & Capital, LLC v. 3 Arch Trustee Services, Inc.*,
180 Cal.App.4th 1090 (2009)....................11

*Bartlett v. State of California*,
145 Cal.App.2d 50 ....................11

*Diediker v. Peelle Financial Corp.*,
60 Cal.App.4th 288 (1997)....................11

*Garretson v. Post*,
156 Cal.App.4th 1508 (2007)....................10

*Heritage Oaks Partners v. First American Title Ins. Co.*,
155 Cal.App.4th 339 (2007)....................12

*Holy Sugar Corp. v. McColgan*,
18 Cal.2d 218 (1941) ....................4

*Kachlon v. Markowitz*,
168 Cal.App.4th 316 (2008)....................10

*Monterey S.P. Partnership v. W.L. Bangham, Inc.*,
49 Cal.3d 454 (1989) ....................11

*Pfeifer v. Countrywide Home Loans, Inc.*,
211 Cal.App.4th, 1250, 1264 (2012) ....................8

*Pro Value Properties, Inc. v. Quality Loan Service Corp.*,
170 Cal.App.4th 579 (2009)....................11

*Silberg v. Anderson*,
50 Cal.3d 205 (1990) ....................10

**Federal Statutes**

15 U.S.C. § 1692(e) ....................6

15 U.S.C. § 1692a ....................6

15 U.S.C. § 1692k(d) .....5

Fair Debt Collection Practices Act.....1, 2, 5, 6, 7, 8, 9

Federal Tort Claims Act.....9

**Federal Rules**

FRCP 8.....1

FRCP 8(a)(2).....4

FRCP 8(d)(1).....4

**State Statutes**

Civ. Code
§ 47.....10
§ 47(b).....10
§ 47(c).....10
§ 2924.....10
§ 2924(b).....11
§ 2924(d).....10
§ 2924c.....10
§ 2924f.....10
§ 2924g.....10
§ 2924h.....10

## I. INTRODUCTION

This is an action for damages by under the Fair Debt Collection Practices Act ("FDCPA") by Plaintiff David Bushlow ("Plaintiff") against foreclosing Trustee Defendant MTC Financial, Inc. dba Trustee Corps ("Trustee Corps"), the foreclosing trustee that performed the non-judicial foreclosure on Plaintiff's property pursuant to California's statutory foreclosure procedures and the operative deed of trust. Trustee Corps hereby moves to dismiss the Complaint on the grounds that the single cause of action fails to state a claim upon which relief can be granted. Specifically, the Complaint fails as a matter of law for the following reasons:

- The 504-paragraph Complaint fails to satisfy minimum pleading requirements of FRCP 8.
- The Complaint is barred in its entirety by the statute of limitations.
- Even if it were not time-barred, the Complaint fails to allege facts which, if proven, would constitute a violation of the FDCPA by Trustee Corps.
- The FDCPA does not apply to Trustee Corps, which acted solely as the foreclosure trustee.
- Trustee Corps' actions are privileged as a matter of law.
- Trustee Corps owes no duties to Plaintiff, other than those specifically stated in the deed of trust and applicable statutes.

Because the Complaint cannot be amended to avoid these fatal defects, Trustee Corps respectfully requests that this action be dismissed without leave to amend..

## II. FACTUAL BACKGROUND

Leaving aside the Complaint's hundreds of paragraphs of legal conclusions, the following facts appear on the face of the Complaint and in the matters of which the Court is requested to take judicial notice. (See Request for Judicial Notice ("RJN") filed herewith.)

In April 2006, Plaintiff and Catherine Hall obtained a $222,000 loan secured by a recorded Deed of Trust ("DOT") on the real property at 52 Sacramento Street, Bishop,

California 93514 (the "Property"). (RJN ¶ 1, Exh. A thereto.[1]) The DOT identifies the Lender as SCMA Mortgage Bankers, Inc. and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the Lender. (Exh. A.) In May 2012, the DOT was assigned by MERS to Bank of America N.A. ("BANA"). (Complaint ¶¶ 90 et seq.; RJN ¶ 2; Exh. B.)

In September 2012, BANA, through its agent, Recontrust Co. N.A., recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD"). (RJN ¶ 3; Exh. C; Complaint ¶¶ 179 *et seq.*) In August 2013, the DOT was assigned by BANA to Green Tree Servicing LLC ("Green Tree"). (RJN ¶ 4; Exh. D; Complaint ¶¶ 212 *et seq.*) In April 2014, Green Tree substituted Trustee Corps as Trustee under the DOT by a written Substitution of Trustee ("SOT"). (RJN ¶ 7; Exh. G; Complaint ¶¶ 281 *et seq.*)

Trustee Corps sent letters to Plaintiff in July 2016 and August 2016 (1) advising that Plaintiff could avoid foreclosure and reinstate his loan by payment of $100,538.35; (2) advising that "the foreclosure will proceed accordingly" and (3) providing a copy of the SOT. (Complaint ¶¶ 232, 275, 281; Exhs. E, F and G.)

On October 16, 2016, Trustee Corps recorded a Notice of Trustee's Sale ("NOTS") in Mono County as Document No. 2016003975, advising that the Property would be sold on November 10, 2016. (RJN ¶ 8; Exh. H; Complaint ¶¶ 311 *et seq.*) On October 17, 2016, the DOT was assigned by Ditech Financial LLC, formerly known as Green Tree, to Federal National Mortgage Association ("FNMA" or "FannieMae"). (RJN ¶ 9; Exh. I; Complaint ¶¶ 361 *et seq.*) The Property was sold back to the DOT beneficiary, FNMA, on November 10, 2016. (RJN ¶ 10; Exh. J.)

Plaintiff filed this suit on November 24, 2017, more than one year after the sale of the Property. The Complaint alleges a single cause of action for damages for violation of the Fair Debt Collection Practices Act (FDCPA).

[1] Unless otherwise indicated, "Exh." refers to the exhibits to the RJN.

**III. DISCUSSION**

A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, the Court may consider facts alleged in the complaint, materials incorporated into the complaint by reference, and matters of which the Court may take judicial notice. *Zucco Partners LLC v. Digimarc Corp*., 552 F.3d 981, 989 (9th Cir. 2009). While the Court must accept all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Likewise, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).

Further, the "court need not accept as true... allegations that contradict facts that may be judicially noticed by the court, and may consider documents that are in the complaint whose authenticity no party questions." *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000) (citations omitted). Such "exhibits attached to the complaint, as well as matters of public record may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment." *Parks School of Business, supra*, 51 F.3d at 1484.

A defendant is entitled to dismissal under Rule 12(b)(6) where the pleadings fail to allege sufficient facts to demonstrate a "plausible entitlement to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 553-558 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id*. (internal quotes

omitted). Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2008) citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007).

These standards, applied to the facts of this case, compel the conclusion that Plaintiff's single cause of action against Trustee Corps fails as a matter of law.

**A. The Complaint Fails to Satisfy Minimum Pleading Requirements.**

Under the Federal Rules of Civil Procedure, a complaint is required to set forth "simple, concise and direct" allegations. FRCP 8(d)(1). The allegations must constitute a "showing that the pleader is entitled to relief" FRCP 8(a)(2); *Bell Atlantic Corp. v. Twombly* (2007) 550 US 544, 556, 127 S.Ct. at 1965, fn. 3. Such a showing "requires more than labels and conclusions." *Bell Atlantic, supra,* 550 US at 545. Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal* (2009) 556 US 662, 678, 127 S.Ct. 1937, 1950.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal, supra,* 556 US at 678, 127 S.Ct. at 1949. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotes and citations omitted).

Further, a written instrument on which a claim is based must either be pleaded according to its legal effect or pleaded "*in haec verba*, . . . either by setting forth a copy in the body of the complaint or by attaching a copy as an exhibit and incorporating it by proper reference. *Holy Sugar Corp. v. McColgan*, 18 Cal.2d 218, 225 (1941).

The Complaint in this case utterly fails to comply with any of these minimal

pleading requirements. Instead of a "simple, concise and direct" statement of the allegations upon which Plaintiff's claims are purportedly based, the Complaint contains 504 numbered paragraphs, the vast majority of which have nothing whatsoever to do with Trustee Corps, the only defendant named in the Complaint. Furthermore, although the Complaint alleges and relies upon numerous written documents, none is attached to the Complaint and Plaintiff has failed to either allege either the legal effect or the exact terms of any of those documents. For example, although the Complaint contains more than 40 paragraphs relating to the DOT, most of those paragraphs allege what the DOT does not say, and the Complaint very selectively quotes only a few of the DOT's actual provisions. (Complaint at pp. 3-9.)

Because Plaintiff has failed to properly plead or attach the operative documents to his Complaint, Trustee Corps is entitled on this motion to introduce those documents, and it does so by way of the Request for Judicial Notice filed herewith. *In re Silicon Graphics, Inc. Securities Litigation* 970 F.Supp. 746, 751-752 (N.D.Cal. 1997) ("The Court may consider documents outside of the pleadings in support of a Rule 12(b)(6) motion to dismiss if the document is referenced in plaintiff's complaint and the document is 'central' to plaintiff's claim"); *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim")

**B. The Complaint Is Barred In Its Entirety By The Statute Of Limitations.**

A claim under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); *Lyons v. Michael & Associates*, 824 F.3d 1169, 1171 (9th Cir. 2016).

Here, it is apparent on the face of the Complaint that all of the actions alleged to have been committed by Trustee Corps occurred more than one year before Plaintiff filed his Complaint on November 24, 2017. Plaintiff alleges that Trustee Corps sent letters to

him in July and August 2016. (Complaint ¶¶ 232, 275, 281.) He further alleges that, the SOT was recorded on August 29, 2016 and that the NOTS was recorded on October 17, 2016. (*Id.* ¶¶ 306, 311.) The very last act alleged in the Complaint to have violated the FDCPA was the November 21, 2016 recordation of the Trustee's Deed Upon Sale. (*Id.* ¶ 407; Exh. J.)

Since all of the actions alleged to have been committed in violation of the FDCPA occurred more than one year before Plaintiff filed his Complaint, his Complaint is barred as a matter of law. Plaintiff cannot amend his Complaint to cure this fatal defect. Therefore, the Complaint must be dismissed without leave to amend.

### C. Even If It Were Not Time-Barred, The Complaint Fails To Allege Facts Which, If Proven, Would Establish A Violation Of The FDCPA By Trustee Corps.

#### 1. <u>The FDCPA Does Not Apply To Trustee Corps.</u>

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 <u>U.S.C.</u> §1692(e). Trustee Corps is a substituted foreclosure trustee, not a creditor of Plaintiff, nor a debt collector for the beneficiary or lender. (Exh. G.) Thus, any claims against Trustee Corps for alleged violation of the FDCPA are absolutely barred.

The "Definitions" of the FDCPA, 15 <u>U.S.C.</u> §1692a, provide in pertinent part that:

> As used in this subchapter . . .
>
> (5) The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.
>
> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

The courts in this District have rejected the notion that the FDCPA is applicable to foreclosure trustees who conduct non-judicial foreclosures. For example, in *Natividad v. Wells Fargo Bank,* 2013 WL 2299601 (N.D. Cal.), the court held:

> "Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property." Id. *5.

In *Ho v. ReconTrust Company, NA*, 858 F.3d 568 (9th Cir. 2016), *as amended* May 22, 2017 ("*ReconTrust*"), the Ninth Circuit confirmed that nonjudicial foreclosure proceedings initiated by the trustee, ReconTrust, did not constitute debt collection under the FDCPA, noting:

> The notices at issue in our case didn't request payment from [plaintiff] Ho. They merely informed Ho that the foreclosure process had begun, explained the foreclosure timeline, apprised her of her rights and stated that she could contact Countrywide (not ReconTrust) if she wished to make a payment. These notices were designed to protect the debtor. They are entirely different from the harassing communications that the FDCPA was meant to stamp out. Thus, we agree with the California Courts of Appeal that "giving notice of a foreclosure sale to a consumer as required by the [California] Civil Code does not constitute debt collection activity under the FDCPA." . . .
>
> A final consideration weighs in favor of ReconTrust: Holding trustees liable under the FDCPA would subject them to obligations that would frustrate their ability to comply with the California statutes governing non-judicial foreclosure. . . . For example, the FDCPA prohibits debt collectors from communicating with third parties about the debt absent consent from the debtor. But California law requires the trustee to announce all trustee's sales in a newspaper and mail the notice of default to various third parties. The FDCPA also prohibits debt collectors from directly communicating with debtors if the debt collector knows that the debtor is represented by counsel. California law requires the trustee to mail the notices of default and sale directly to the borrower, and makes no exception for borrowers who are represented by counsel. In both of these cases, a trustee could not comply with California law without violating the FDCPA.

*Id.* at 574-575 (internal citations omitted).

California state courts concur with the Ninth Circuit that a foreclosure trustee is not a debt collector under the FDCPA when recording and mailing foreclosure notices. *See*,

*Pfeifer v. Countrywide Home Loans, Inc.*, 211 Cal.App.4th, 1250, 1264 (2012) ("We agree with those courts that have held that giving notice of a foreclosure sale to a consumer as required by the Civil Code does not constitute debt collection activity under the FDCPA.").

Because all actions alleged in the Complaint to have been taken by Trustee Corps were actions required by State law to effect the nonjudicial foreclosure under the DOT, Plaintiff's single cause of action for violation of the FDCPA fails as a matter of law.

2. <u>Even If The FDCPA Applied To Trustee Corps, The Complaint Fails To Allege That Trustee Corps Engaged In Any Conduct Prohibited By The Act.</u>

Buried in the midst of the 504-paragraph Complaint, are a handful of factual allegations relating to Trustee Corps. Those factual allegations (as opposed to the sweeping and conclusory legal conclusions alleged) can fairly be summarized as follows:

- Trustee Corps sent a letter to Plaintiff in July, 2016 stating that Plaintiff could reinstate his loan by payment of $100,538.35, and that he could do so by sending payment to Trustee Corps' address in Irvine, California. (Complaint ¶¶ 232-238.)
- On August 3, 2016, Plaintiff received a second letter from Trustee Corps advising that "the foreclosure will proceed accordingly." (Complaint ¶¶ 275-278.)
- On August 24, 2016, Plaintiff received a third letter from Trustee Corps containing a copy of the Substitution of Trustee. (Complaint ¶¶ 281-282.)
- A Notice of Trustee's Sale was recorded by Trustee Corps on October 17, 2016. (Complaint ¶¶ 311, 323-to 325.)
- The NOTS stated that the total amount of the unpaid balance on Plaintiff's loan was, at that time, estimated to be $283,529.98. (Complaint ¶ 331.)

Plaintiff does not deny that, as of July 2016, the payment necessary to reinstate his loan was $100,538.35. Nor does Plaintiff deny that, as of August 2016, the estimated "total amount of the unpaid balances for the obligations secured by the property to be sold

and reasonable estimated costs, expenses and advances" was $283,529.98. Of course, the amount necessary to reinstate the loan – *i.e.*, to bring the loan current and cure the default – was substantially less than the total amount owed under Plaintiff's Note. The alleged contents of Trustee Corps' letters to Plaintiff therefore do not constitute a violation of the FDCPA.

Plaintiff alleges that Trustee Corps violated section 1692e(11) by failing in its letters to state that Trustee Corps is a debt collector. (Complaint ¶ 279.) That claim is belied by the statement in the letter advising: "Trustee Corps may be acting as a debt collector attempting to collect a debt. Any information obtained may be used for that purpose." (Exh. E p. 4.) That statement fully complies with Section 1962e(11), requiring that written communications with a debtor disclose "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."

Plaintiff also alleges that the Trustee's Sale was not conducted at the time and place set forth in the NOTS. However, Plaintiff fails to allege any facts which, if proven, would show he was in any way prejudiced by any alleged irregularity in the sale. For example, he does not claim that he was prepared to tender the balance owed on his load or even the amount necessary to reinstate the loan.

The gist of Plaintiff's claims against Trustee Corps is that Trustee Corps was acting without authorization because Plaintiff denies the validity of the Substitution of Trustee. Plaintiff's conclusory allegations, however, are belied by the recorded documents reflecting that Green Tree was assigned the DOT and subsequently substituted Trustee Corps as trustee under the DOT. (Exhs. D and G.)

3. <u>The Complaint Fails Because Trustee Corps' Alleged Actions Were Privileged As A Matter Of Law.</u>

Dismissal under Rule 12(b)(6) is appropriate where the defendant's alleged conduct is subject to statutory or common law immunities. *Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir. 2007) (qualified immunity of government officials); *United States v. Gaubert*, 499 U.S. 315, 324-325 (1991) (Federal Tort Claims Act discretionary function

exception). Here, dismissal of all claims against Trustee Corps is required because foreclosure trustees such as Trustee Corps have statutory immunity from damages claims pursuant to Civil Code sections 47 and 2924.

Section 2924 is part of Article 1 of Civil Code Division 3, Part 4, Title 14, Chapter 2, which governs mortgages in California, including the entire non-judicial foreclosure process and trustee's sale. Section 2924(d) expressly provides that the "mailing, publication and delivery of notices as required by this section[2]" and "[p]erformance of the procedures set forth in this article" are "privileged communications pursuant to [Civil Code] Section 47." The only actions Trustee Corps is alleged to have committed are actions in furtherance of non-judicial foreclosure, including the service and recordation of the NOD and NOS. Those actions are privileged as a matter of law under Section 47.

A number of courts have held that the immunity applicable to the activities of foreclosure trustees is absolute under Section 47(b). *See Cisneros v. Instant Capital Funding Group*, 263 F.R.D. 595, 609-610 (E.D. Cal. 2009); *Garretson v. Post*, 156 Cal.App.4th 1508, 1517-1518 (2007); *Jacobson v. Balboa Arms Drive Trust #5402*, 2011 WL 2784126 at *9 (S.D. Cal. 2011); *Rodriguez v. JP Morgan Chase & Co*., 809 F.Supp.2d 1291, 1299 (S.D. Cal. 2011). Other courts have held that a trustee's actions are subject to the qualified privilege for common interest communications under Section 47(c). *Kachlon v. Markowitz*, 168 Cal.App.4th 316, 333 (2008). Even if the lesser standard of qualified immunity were deemed to apply here, Plaintiff could overcome that immunity only by pleading and proving that Trustee Corps acted with malice. *Id.* The Complaint is completely devoid of any such factual allegations of malice by Trustee Corps. Therefore, regardless of which standard is applied, Trustee Corps' actions are privileged, and the privilege completely defeats Plaintiff's claims against Trustee Corps. *Silberg v. Anderson*, 50 Cal.3d 205, 213-15 (1990).

---

[2] "[T]his section" refers to Section 2924 which requires, among other things, service and recordation of a notices of default and of sale, and trustee's deed upon sale, pursuant to the requirements of Sections 2924c, 2924f, 2924g and 2924h.

Trustee Corps also has immunity under Cal. Civ. Code §2924(b) which states: "In performing acts required by this article, the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage." Plaintiff alleges no facts which, if proven, would establish that Trustee Corps committed any error not in good faith.

4. Trustee Corps Owes No Duties To Plaintiff, Other Than Those Specifically Stated In The Deed Of Trust And Applicable Statutes

Before any liability for failure to act may exist, there must have been a duty to act under the circumstances. *Bartlett v. State of California*, 145 Cal.App.2d 50, 56-57(1945). However, the trustee performs only *ministerial acts* that result in the transfer of title. *Pro Value Properties, Inc. v. Quality Loan Service Corp.*, 170 Cal.App.4th 579, 583 (2009).

Common law does not impose any additional obligations on the foreclosure trustee other those specifically stated in the deed of trust or the governing statutes. *Diediker v. Peelle Financial Corp.*, 60 Cal.App.4th 288, 295 (1997). Thus, the scope and nature of the trustee's duties are exclusively defined by the deed of trust and the governing statutes. *Bank of America Leasing & Capital, LLC v. 3 Arch Trustee Services, Inc.*, 180 Cal.App.4th 1090, 1097-1098, 1104 (2009) (trustee's rights, powers, and duties regarding notice of default and sale strictly defined and limited by statutory scheme; Legislature intended to protect trustees from costly litigation). No other common law duties exist. *Pro Value Properties, supra*, 170 Cal.App.4th at 583.

A trustee under a deed of trust does not have a true trustee's interest in, and control over, the trust property. Nor it is bound by the fiduciary duties that characterize a true trustee. *Monterey S.P. Partnership v. W.L. Bangham, Inc.*, 49 Cal.3d 454, 462-463 (1989).

Here, Trustee Corps merely acted as a common agent for the trustor and beneficiary of the deed of trust. *Pro Value Properties, supra*, 170 Cal.App.4th at 583. As such, the only duties of a trustee under a deed of trust are: (1) upon default, to undertake the steps necessary to foreclose the deed of trust; or (2) upon satisfaction of the secured

debt, to reconvey the deed of trust. *Heritage Oaks Partners v. First American Title Ins. Co.*, 155 Cal.App.4th 339, 345 (2007).

There are no facts pleaded revealing that Trustee Corps acted outside its role as a foreclosure trustee, nor that Trustee Corps committed or participated in any act of fraud or other illegal conduct. Thus, because Trustee Corps' foreclosure sale duties are defined and limited by statute, and because of the statutory protection afforded to trustees providing immunity from suit, no claim herein against Trustee Corps arising from its actions taken during the foreclosure process can be stated.

**IV. CONCLUSION**

For all of the above reasons, Trustee Corps respectfully requests that the Complaint be dismissed in its entirety and without leave to amend.

Dated: March 1, 2018

BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Gail E. Kavanagh
Richard J. Reynolds
Gail E. Kavanagh
Attorneys for Defendant
MTC Financial Inc. dba Trustee Corps, Inc.