Richard J. Reynolds (SBN 89911)
E-mail: rreynolds@bwslaw.com
Gail E. Kavanagh (SBN 154705)
E-mail: gkavanagh@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1851 East First Street, Suite 1550
Santa Ana, CA 92705-4067
Tel: 949.863.3363   Fax: 949.863.3350

Attorneys for Defendant
MTC Financial Inc. dba Trustee Corps, Inc.
[erroneously sued as "MTC Financial d/b/a Trustee Corps, Inc."]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID BUSHLOW,<br><br>    Plaintiff,<br><br>    v.<br><br>MTC FINANCIAL d/b/a TRUSTEE CORPS, INC. ,<br><br>    Defendant. | Case No. 5:17-cv-06771- HRL<br><br>Assigned to Hon. Howard R. Lloyd<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT MTC FINANCIAL, INC.'S MOTION TO DISMISS COMPLAINT**<br><br>[Fed. R. Civ. P. Rule 12(b)(6)]<br><br>Date: April 10, 2018<br>Time: 10:00 a.m.<br>Place: San Jose Courthouse,<br>       Courtroom 2 - 5th Floor<br>       280 South 1st Street, San Jose, CA<br><br>Action Filed:  November 24, 2017 |

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

SF #4830-5643-5040 v1
06190-1557

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....................................................................................................................... ii
II. SUMMARY OF FATAL DEFECTS AS TO ALL OF PLAINTIFF'S CLAIMS .............. 1
III. DISCUSSION ................................................................................................................... 5
    A. The Complaint Fails to Satisfy Minimum Pleading Requirements. ....................... 5
    B. The Complaint Is Barred In Its Entirety By The Statute Of Limitations. ............... 5
        1. The Complaint Fails To Allege Facts Which Might Warrant Application Of The Discovery Rule. ........................................................... 6
        2. Plaintiff's Alleged Discovery Of The TDUS Is Irrelevant Because Plaintiff Has No Viable Claim For Alleged Irregularities In The Foreclosure Sale. ................................................................................... 6
    C. Even If It Were Not Time-Barred, The Complaint Fails To Allege Facts Which, If Proven, Would Establish A Violation Of The FDCPA By Trustee Corps. ................................................................................................... 10
IV. CONCLUSION ................................................................................................................ 11

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

- i -

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*In Re Boyajian*,
    564 F.3d 1088 (9th Cir. 2009) ................................................................................................10

*Cal. Sansome Co. v. U.S. Gypsum*,
    55 F.3d 1402 (9th Cir.1995) .....................................................................................................6

*Christie v. Bank of N.Y. Mellon, N.A.*,
    617 F. App'x 680 (9th Cir. 2015) ...........................................................................................11

*Flores v. EMC Mortgage Co.*,
    997 F. Supp.2d 1088 (E.D. Cal. 2014) .....................................................................................9

*Hamilton v. Bank of Blue Valley*,
    746 F.Supp.2d 1160 ..................................................................................................................8

*Herrejon v. Ocwen Loan Servicing, LLC*,
    980 F.Supp.2d 1186 ..................................................................................................................9

*Ho v. ReconTrust Company, NA*,
    858 F.3d 568 (9th Cir. 2016) ....................................................................................................7

*Lyons v. Michael & Associates*,
    824 F.3d 1169 (9th Cir. 2016) ..................................................................................................5

*Mangum v. Action Collection Service, Inc.*,
    575 F.3d 935 (9th Cir. 2009) ....................................................................................................6

*Monreal v. GMAC Mortgage, LLC*,
    948 F.Supp.2d 1069 (S.D. Cal. 2013) ......................................................................................9

*Mortkowitz v. Texaco Inc.*,
    842 F.Supp. 1232 (N.D. Cal. 1994) ..........................................................................................6

*Natividad v. Wells Fargo Bank*,
    2013 WL 2299601 (N.D. Cal.) .................................................................................................7

*Permito v. Wells Fargo Bank, N.A.*,
    2012 WL 1380322 (N.D. Cal. Apr. 20, 2012) ......................................................................8, 9

*Rockridge Trust v. Wells Fargo, N.A.*,
    985 F.Supp.2d 1110 (2013) ..................................................................................................9, 10

*Simmons v. Aurora Bank FSB*,
    2016 WL 192571 (N.D. Cal. 2016) ..........................................................................................8

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

SF #4830-5643-5040 v1
06190-1557

- ii -

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

*Waldrup v. Countrywide Financial Corp.*,
   2014 WL 1463881 (C.D.Cal. Apr. 24, 2014) ............................................................................6

**State Cases**

*Pfeifer v. Countrywide Home Loans, Inc.*,
   211 Cal.App.4th, 1250, 1264 (2012) .....................................................................................8

**Federal Statutes**

15 USC § 1692 ...............................................................................................................................4

15 USC § 1692 f(6) .....................................................................................................................3, 4

15 USC § 1692a(2) .........................................................................................................................2

15 USC § 1692e(2) .........................................................................................................................4

15 USC § 1692e(5) ......................................................................................................................2, 3

15 USC § 1692e(10) ....................................................................................................................2, 3

15 USC § 1692k(d) .........................................................................................................................5

15 USC § 1692410 .........................................................................................................................3

Fair Debt Collection Practices Act ...........................................................1, 2, 3, 4, 5, 7, 8, 10

**Federal Rules**

Fed.R.Civ.P. 8(d)(1) .......................................................................................................................5

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

SF #4830-5643-5040 v1
06190-1557

- iii -

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

## I. INTRODUCTION

As discussed in Trustee Corps' moving papers, and as detailed in the table at Section II, below, all of Plaintiff's claims for violation of the Fair Debt Collection Practices Act ("FDCPA") fail for one or more of the following reasons:

1. The claims are barred by the one-year statute of limitations for claims under the FDCPA.

2. Plaintiff lacks standing to challenge the assignments of his Deed of Trust ("DOT").

3. The documents referenced throughout the Complaint and of which the Court is requested to take judicial notice (the authenticity of which Plaintiff concedes) establish that Trustee Corps was the duly-appointed Substituted Trustee under the DOT.

4. The Trustee's Sale of the property does not constitute debt collection under the FDCPA.

5. Plaintiff lacks standing to assert any claim based on alleged irregularities in the Trustee's Sale of the property, as he never tendered the amount owing on the underlying debt and, therefore, could not have been injured by the sale.

The Complaint cannot be amended to avoid these fatal defects. Trustee Corps therefore respectfully requests that this action be dismissed without leave to amend.

## II. SUMMARY OF FATAL DEFECTS AS TO ALL OF PLAINTIFF'S CLAIMS

Plaintiff's Opposition argues that Trustee Corps' moving papers failed to address each of his specific allegations of violations of the FDCPA. Trustee Corps disagrees. However, to erase any doubt as to the bases for Trustee Corps' motion with respect to each of Plaintiff's FDCPA claims, the table below sets forth verbatim each claim listed in Paragraphs 481-493 of the Complaint and the grounds upon which each claim fails as a matter of law.

///

///

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

SF #4830-5643-5040 v1
06190-1557

- 1 -

REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

| **Paragraph No. and Claim** | **Reason(s) Claim Fails** |
|---|---|
| 481. Defendant attempted to collect an alleged debt from Plaintiff and engaged in "communications" as defined by 15 USC 1692a(2). | Claim is barred by the statute of limitations. All of Trustee Corps' communications with Plaintiff were more than one year before the filing of the Complaint. |
| 482. Defendant specifically violated 15 USC 1692e(5) by threatening to take an action that could not legally be taken or that Defendant did not intend to take in that Defendant did not sell Plaintiff's property as stated in the NOTS. | Same as above.<br>Also, Plaintiff lacks standing to bring any claim based on alleged irregularities in the Trustee's Sale. |
| 483. Defendant specifically violated 15 USC 1692e(5) by threatening to take an action that could not legally be taken or that Defendant did not intend to take in that Defendant was not substituted as Trustee in the manner in which the Deed of Trust provides and has no contractual power pursuant to the Deed of Trust to conduct a Trustee sale. | Claim is barred by the statute of limitations. All of Trustee Corps' communications with Plaintiff were more than one year before the filing of the Complaint.<br>The documents referenced in the Complaint and of which the Court is requested to take judicial notice establish that Trustee Corps was the duly-appointed Substituted Trustee. |
| 484. Defendant specifically violated 15 USC 1692e(10) by using a false, deceptive, and misleading representation in that Defendant was substituted as Trustee in the manner in which the Deed of Trust provides when no valid Substitution of Trustee occurred pursuant to the DOT and California State Law. | Same as above. |
| 485. Defendant specifically violated 15 USC 1692e(10) by using a false, deceptive, and misleading representation in the collection of an alleged debt by stating in the TDUS that all requirements of law and said Deed of Trust relating to the sale and notice thereof having been complied with. | Claim is barred by the statute of limitations.<br>The foreclosure sale is not an attempt to collect a debt under the FDCPA.<br>Plaintiff lacks standing to bring any claim relating to alleged irregularities in the Trustee's Sale. |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

SF #4830-5643-5040 v1
06190-1557

- 2 -

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

| | |
|---|---|
| 486. Defendant specifically violated 15 USC 1692e(10) by using a false, deceptive, and misleading representation in the collection of an alleged debt by stating in the TDUS pursuant to the Notice of Trustee's Sale the above described property was sold by Trustee (or successor Trustee) at public auction on November 10, 2016 when no public sale of Plaintiffs property took place. | Same as above. |
| 487. Defendant specifically violated 15 USC 1692410) by using a false, deceptive, and misleading representation in the collection of an alleged debt by stating in the TDUS that pursuant to the Notice of Trustee's Sale the above described property was sold by Trustee (or successor Trustee) at public auction on November 10, 2016 when no sale of Plaintiffs property took place. | Same as above. |
| 488. Defendant specifically violated 15 USC 1692e(5) by threatening to take an action that could not legally be taken or that Defendant did not intend to take in that Defendant threatened to sell Plaintiffs property on November 10, 2016 in the manner stated in the NOTS and did not do so. | Same as above. |
| 489. On November 16, 2016, Defendant specifically violated 15 USC 1692 f(6) by taking a nonjudicial action to unlawfully dispossess Plaintiff of his property by executing the TDUS without any legal right to do so. | Claim is barred by the statute of limitations. The foreclosure sale is not an attempt to collect a debt under the FDCPA. Plaintiff lacks standing to bring any claim relating to alleged irregularities in the Trustee's Sale. The documents referenced in the Complaint and of which the Court is requested to take judicial notice establish that Trustee Corps was the duly-appointed Substituted Trustee, and |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

SF #4830-5643-5040 v1
06190-1557

- 3 -

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT


|  |  |
|---|---|
|  | Plaintiff lacks standing to challenge the assignments of his DOT. |
| 490. On November 16, 2016, Defendant specifically violated 15 USC 1692 f(6) by taking a nonjudicial action by executing the TDUS when a legal sale, described in the NOTS, of Plaintiffs property had not taken place in an effort to unlawfully repossess Plaintiffs property. | Claim is barred by the statute of limitations.<br><br>The foreclosure sale is not an attempt to collect a debt under the FDCPA.<br><br>Plaintiff lacks standing to bring any claim relating to alleged irregularities in the Trustee's Sale. |
| 491. Defendant specifically violated 15 USC 1692 f(6) by taking a nonjudicial action by instructing Service Link to request the recording of the TDUS without any legal right to do so in an effort to unlawfully repossess Plaintiffs property without the legal right to do so. | Claim is barred by the statute of limitations.<br><br>The foreclosure sale is not an attempt to collect a debt under the FDCPA.<br><br>Plaintiff lacks standing to bring any claim relating to alleged irregularities in the Trustee's Sale.<br><br>The documents referenced in the Complaint and of which the Court is requested to take judicial notice establish that Trustee Corps was the duly-appointed Substituted Trustee. |
| 492. Defendant specifically violated 15 USC 1692 g(B) by failing to cease collection of the alleged debt until the alleged debt was validated pursuant to Federal Law. | Claim is barred by the statute of limitations. |
| 493. Defendant specifically violated 15 USC 1692e(2) by misrepresenting the the (sic) character amount, or legal status of the debt in the TDUS by stating the alleged amount was $285,006.72 when previously Defendant stated in the first letter that the amount was $100,538.35. | Claim is barred by the statute of limitations.<br><br>The foreclosure sale is not an attempt to collect a debt under the FDCPA.<br><br>Plaintiff lacks standing to bring any claim relating to alleged irregularities in the Trustee's Sale.<br><br>The total amount owed on the |

SF #4830-5643-5040 v1
06190-1557

- 4 -

REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

| | |
|---|---|
| | underlying obligation ($285,006.72) is obviously different and greater than the amount that would have been required to reinstate the loan ($100,538.35). |

Each of the above-listed reasons that these claims fail is discussed in the moving papers and below.

## III.  DISCUSSION

### A.  The Complaint Fails to Satisfy Minimum Pleading Requirements.

On this point, nothing more need be said in response to Plaintiff's arguments. The failure of the prolix Complaint to comply with FRCP 8(d)(1) is apparent on the face of the pleading.

### B.  The Complaint Is Barred In Its Entirety By The Statute Of Limitations.

As discussed in the moving papers, all of Trustee Corps' communications with Plaintiff, and the Trustee's Sale of the property, occurred more than one year before Plaintiff filed his Complaint. Plaintiff's FDCPA claims are therefore barred by the one-year statute of limitations that runs "the date on which the violation occurs." 15 U.S.C. § 1692k(d); *Lyons v. Michael & Associates*, 824 F.3d 1169, 1171 (9th Cir. 2016).

Plaintiff attempts to avoid the statute of limitations by arguing that he did not discover the existence of the Trustee's Deed Upon Sale ("TDUS") until November 30, 2016.  (Comp. ¶ 408.) Plaintiff's attempt to rely upon the discovery rule to toll the statute of limitations fails for at least two reasons.

(1) Plaintiff's Complaint fails to allege facts sufficient to warrant application of the discovery rule; and

(2) The timing of Plaintiff's alleged "discovery" of the TDUS is irrelevant because Plaintiff has no viable claim relating to the TDUS or any alleged irregularities in the sale of the property.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

SF #4830-5643-5040 v1
06190-1557

- 5 -

REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

### 1. The Complaint Fails To Allege Facts Which Might Warrant Application Of The Discovery Rule.

"A plaintiff who intends to rely on the "discovery rule" must specifically plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Mortkowitz v. Texaco Inc.*, 842 F.Supp. 1232, 1238 (N.D. Cal. 1994). *See also Cal. Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1407 (9th Cir.1995) ("a plaintiff must allege specific facts establishing the applicability of the discovery-rule exception"). "Formal averments or general conclusions to the effect that the facts were not discovered until a stated date, and that the plaintiff could not reasonably have made an earlier discovery, are useless." *Waldrup v. Countrywide Financial Corp.*, 2014 WL 1463881, at *5 (C.D.Cal. Apr. 24, 2014) *quoting Anderson v. Brouwer,* 99 Cal.App.3d 176, 182 (1979). *Mangum v. Action Collection Service, Inc.*, 575 F.3d 935 (9th Cir. 2009), upon which Plaintiff relies is not to the contrary: because that case was decided on a motion for summary judgment, the court was not called upon to address the sufficiency of the factual allegations relating to the discovery rule in the complaint.

Plaintiff has failed to meet his burden of pleading such specific facts. Instead, he merely alleges that he "did not discover the existence of the TDUS until November 30, 2016 at 10:12 AM." (Comp. ¶ 408.) The specificity of the hour at which he allegedly "discovered" the TDUS does not substitute for the specific pleading requirements for the discovery rule.

### 2. Plaintiff's Alleged Discovery Of The TDUS Is Irrelevant Because Plaintiff Has No Viable Claim For Alleged Irregularities In The Foreclosure Sale.

Even if Plaintiff could amend his Complaint to allege more specific facts regarding his alleged "discovery" of the TDUS, the timing of that discovery is irrelevant because Plaintiff has no viable claim regarding the TDUS or its recordation, or any alleged irregularity in the sale of the property ***because he does not allege that he ever tendered the amount owed on his debt.***

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

SF #4830-5643-5040 v1
06190-1557

- 6 -

REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

As an initial matter, the Trustee's Sale was not "debt collection" under the FDCPA, which is the sole basis of Plaintiff's Complaint. As this Court noted in *Natividad v. Wells Fargo Bank*, 2013 WL 2299601, *5 (N.D. Cal.):

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of ***collecting funds from a debtor***. But, foreclosing on a trust deed is an entirely different path. ***Payment of funds is not the object of the foreclosure action***. Rather, the lender is foreclosing its interest in the property.

*Id.* at *5 (emphasis added) *quoting Hulse v. Ocwen Federal Bank, FSB,* 195 F.Supp.2d 1188, 1204 (D. Or. 2002).

In *Ho v. ReconTrust Company, NA*, 858 F.3d 568 (9th Cir. 2016), *as amended* May 22, 2017 ("*ReconTrust*"), the Ninth Circuit confirmed that a nonjudicial foreclosure sale initiated by the trustee, ReconTrust, did not constitute debt collection under the FDCPA, noting:

> The notices at issue in our case didn't request payment from [plaintiff] Ho. They merely informed Ho that the foreclosure process had begun, explained the foreclosure timeline, apprised her of her rights and stated that she could contact Countrywide (not ReconTrust) if she wished to make a payment. These notices were designed to protect the debtor. They are entirely different from the harassing communications that the FDCPA was meant to stamp out. Thus, we agree with the California Courts of Appeal that "giving notice of a foreclosure sale to a consumer as required by the [California] Civil Code does not constitute debt collection activity under the FDCPA." . . .
>
> A final consideration weighs in favor of ReconTrust: Holding trustees liable under the FDCPA would subject them to obligations that would frustrate their ability to comply with the California statutes governing non-judicial foreclosure. . . . For example, the FDCPA prohibits debt collectors from communicating with third parties about the debt absent consent from the debtor. But California law requires the trustee to announce all trustee's sales in a newspaper and mail the notice of default to various third parties. The FDCPA also prohibits debt collectors from directly communicating with debtors if the debt collector knows that the debtor is represented by counsel. California law requires the trustee to mail the notices of default and sale directly to the borrower, and makes no exception for borrowers who are represented by counsel. In both of these cases, a trustee could not comply with California law without violating the FDCPA.

*Id.* at 574-575 (internal citations omitted).

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

SF #4830-5643-5040 v1
06190-1557

- 7 -

REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

California state courts concur with the Ninth Circuit that a foreclosure trustee is not a debt collector under the FDCPA when recording and mailing foreclosure notices. *See*, *Pfeifer v. Countrywide Home Loans, Inc.,* 211 Cal.App.4th, 1250, 1264 (2012) ("We agree with those courts that have held that giving notice of a foreclosure sale to a consumer as required by the Civil Code does not constitute debt collection activity under the FDCPA."). That a foreclosure trustee may be deemed a debt collector when engaged in other activities is irrelevant.

Not only is Plaintiff precluded from bringing a claim regarding the foreclosure sale under the FDCPA, he cannot state *any* viable claim relating to that sale because he does not and cannot claim that he ever tendered the amount due on his underlying debt. *See, e.g.*, *Hamilton v. Bank of Blue Valley*, 746 F.Supp.2d 1160, 1169 (" A defaulted borrower is required to allege tender of the amount of the lender's secured indebtedness in order to maintain *any cause of action* for irregularity in the sale procedure") (emphasis added, internal quotes omitted), *citing Abdallah v. United States Savings Bank,* 43 Cal.App.4th 1101, 1109 (1996).

A claim for damages resulting from the foreclosure sale is a claim for wrongful foreclosure. In order to state such a claim, a plaintiff must allege that "(1) the trustee or mortgagee caused an illegal, fraudulent or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) [he] was prejudiced or harmed; and (3) [he] tendered the amount of the secured indebtedness or was excused from tendering." *Simmons v. Aurora Bank FSB,* 2016 WL 192571 *7 (N.D. Cal. 2016) *citing Lona v. City Bank, N.A.*, 202 Cal.App.4th 89, 104 (2011). Prejudice is not presumed from "mere irregularities" in the foreclosure process. *See, e.g., Permito v. Wells Fargo Bank, N.A.*, 2012 WL 1380322 (N.D. Cal. Apr. 20, 2012.) "[F]or a foreclosure to be 'wrongful,' **Plaintiff must also allege that no entity had the right to foreclose upon *[him]*** not simply that the wrong entity foreclosed upon [him]." *Id.* at * 6 (emphasis added). Such a claim "will lie only if the trustor or mortgage or can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

SF #4830-5643-5040 v1
06190-1557

- 8 -

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

1  or failure of performance existed on the mortgagor's or trustor's part which would have
2  authorized the foreclosure or exercise of the power of sale." *Id., quoting Roque v.*
3  *Suntrust Mortgage, Inc.*, 2010WL 546896 (N.D. Cal. Feb. 10, 2010).

4  "[T]ender of the amount owed is ***a condition precedent to any claim for wrongful***
5  ***foreclosure or challenge to an irregularity in a foreclosure sale***." *Monreal v. GMAC*
6  *Mortgage, LLC,* 948 F.Supp.2d 1069, 1078 (S.D. Cal. 2013). *See also Herrejon v. Ocwen*
7  *Loan Servicing, LLC,* 980 F.Supp.2d 1186, 1197 ("A defaulted borrower is required to
8  allege tender of the amount of [the] secured indebtedness in order to maintain any cause
9  of action for irregularity in the sale procedure"); *Rockridge Trust v. Wells Fargo, N.A.,*
10 985 F.Supp.2d 1110, 1147 (2013) ("the prejudice element [of a claim regarding a
11 foreclosure sale] is only met if the plaintiff demonstrates that the foreclosure would have
12 been averted but for the alleged deficiencies in the foreclosure process"). "The rationale
13 behind the rule is that *if plaintiff[] could not have redeemed the property had the sale*
14 *procedures been proper, any irregularities in the sale did not result in damages to the*
15 *plaintiff*[]." *Flores v. EMC Mortgage Co.,* 997 F. Supp.2d 1088, 1106 (E.D. Cal. 2014)
16 (emphasis added).

17  Plaintiff argues that he is not asserting a claim for wrongful foreclosure. His
18 Complaint states otherwise. The relief he seeks is directly related to losses he claims
19 resulted from the foreclosure sale of the property. Thus, he seeks, for example, damages
20 for moving expenses, for the loss of his down payment, "increased rent," etc. (Complaint
21 498-503.) Such damages could only be available on a claim that the sale itself was
22 wrongful. But Plaintiff cannot make that claim because he does not claim to have ever
23 tendered the amount owing on his debt. Rather, he managed to stay in his home for years
24 without repaying his loan, after he defaulted in 2012. (Complaint ¶ 179.)

25  In any event, regardless of Plaintiff's objection to the "wrongful foreclosure" label,
26 it is clear from the above-cited cases that the requirement of tender applies equally to any
27 claim challenging any irregularity in a foreclosure sale.

28

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

SF #4830-5643-5040 v1
06190-1557

- 9 -

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

### C. Even If It Were Not Time-Barred, The Complaint Fails To Allege Facts Which, If Proven, Would Establish A Violation Of The FDCPA By Trustee Corps.

All of Plaintiff's arguments in response to the other issues raised by the moving papers boil down to Plaintiff's insistence that Trustee Corps was not the duly appointed Substitute Trustee. That argument is belied by the very documents that Plaintiff describes at length in his Complaint and of which the Court is requested to take judicial notice: the DOT, the 2012, 2013 and 2016 Assignments of the DOT and the Substitution of Trustee. (Exhibits A-D, G-J to Trustee Corps' RJN.)

Plaintiff apparently believes that only his original lender was entitled to appoint a substituted trustee. (See the Complaint ¶¶ 292-296.) That is nonsense. "Because a promissory note is a negotiable instrument, a borrower must anticipate that it can and might be transferred to another creditor. As to [the borrower] an assignment merely substituted one creditor for another without changing [his] obligations under the note." *Rockridge Trust v. Wells Fargo, supra,* 980 5F. Supp.2d at 1146, *quoting Herrera v. Federal National Mortgage Assn.,* 205 Cal.App.4th 1495, 1507 (2012). An assignment of a note and DOT transfers all of the original lender's rights and obligations thereunder to the assignee.

The DOT expressly states:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

(Exh. A to RJN at p. 3.) MERS exercised that express right when it assigned the DOT to Bank of America N.A. ("BANA") in 2012. (Exh. B to RJN.) That assignment includes all of the information required under the Paragraph 24 of the DOT. (Exh. B; Exh A p. 13.) BANA then stepped into the shoes of the original Lender. *See, e.g. In Re Boyajian*, 564 F.3d 1088, 1091 (9th Cir. 2009) ("under general principles of assignment law an assignee steps into the shoes of the assignor"). BANA was therefore free to assign the

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

SF #4830-5643-5040 v1
06190-1557

- 10 -

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

1  DOT to Green Tree, as it did in 2013.  (Exh. D to RJN.)  Green Tree, as assignee and
2  beneficiary under the DOT, was then entitled to appoint Trustee Corps as Substituted
3  Trustee.
4      Plaintiff has no standing to challenge the assignments of his DOT.  *See, e.g.,*
5  *Christie v. Bank of N.Y. Mellon, N.A.*, 617 F. App'x 680, 681 (9th Cir. 2015).  Plaintiff is
6  not a third party beneficiary of any of the assignments, and his obligations to pay his
7  mortgage were unaffected by any of the transfers.  Further, Plaintiff has not pleaded facts
8  showing any prejudice from any irregularity as to any assignment.  Since Plaintiff has no
9  standing to challenge any of the assignments of the DOT, he has no viable claim in this
10 action based upon his assertion that Green Tree is not authorized to appoint Trustee Corps
11 as the Substituted Trustee.

## IV.   CONCLUSION

For all of the reasons discussed above and in the moving papers, Trustee Corps respectfully requests that the Complaint be dismissed in its entirety and without leave to amend.

Dated: March 30, 2018                     BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Gail E. Kavanagh
    Richard J. Reynolds
    Gail E. Kavanagh
    Attorneys for Defendant
    MTC Financial Inc. dba Trustee Corps, Inc.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

SF #4830-5643-5040 v1
06190-1557

- 11 -

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT