Richard J. Reynolds (SBN 89911)
E-mail: rreynolds@bwslaw.com
Gail E. Kavanagh (SBN 154705)
E-mail: gkavanagh@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1851 East First Street, Suite 1550
Santa Ana, CA 92705-4067
Tel: 949.863.3363   Fax: 949.863.3350

Attorneys for Defendant
MTC Financial Inc. dba Trustee Corps, Inc.
[erroneously sued as "MTC Financial d/b/a Trustee Corps, Inc."]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID BUSHLOW,<br><br>    Plaintiff,<br><br>v.<br><br>MTC FINANCIAL d/b/a TRUSTEE CORPS, INC.,<br><br>    Defendant. | Case No. 5:17-cv-06771- HRL<br><br>Assigned to Hon. Howard R. Lloyd<br><br>**DEFENDANT MTC FINANCIAL, INC.'S RESPONSE TO PLAINTIFF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE**<br><br>[Fed. R. Civ. P. Rule 12(b)(6)]<br><br>Date: April 10, 2018<br>Time: 10:00 a.m.<br>Place: San Jose Courthouse,<br>        Courtroom 2 - 5th Floor<br>        280 South 1st Street, San Jose, CA<br><br>Action Filed:  November 24, 2017 |

Defendant MTC Financial, Inc. dba Trustee Corps, Inc. ("Trustee Corps") hereby responds to Plaintiff's Opposition to Trustee Corps' Request for Judicial Notice ("RJN") in support of its Motion to Dismiss.

Plaintiff admits that the documents of which Trustee Corps seeks judicial notice are, in fact, the documents discussed in the Complaint. (Plaintiffs Opposition to Motion to Dismiss, p. 10:25-28 ("Defendant apparently knew what documents Plaintiff was writing

about [in his Complaint] *as they attach all of them in the Request for Judicial Notice* filed with the Motion to Dismiss, and mention them within the body of the Motion to Dismiss") (emphasis added).)  Plaintiff does not dispute that the documents are true and accurate copies.  Thus, the Court is authorized to take judicial notice of the documents and the contents thereof because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201; *Parrino v. FHP, Inc.,* 146 F.3d 699, 705 (9th Cir. 1998) ("[a] court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading").

The following response to Plaintiff's arguments with respect to the specific documents of which the Court is requested to take judicial notice:

1. The Deed of Trust (DOT), attached as **Exhibit A**[1] to the RJN: Plaintiff does not dispute the relevance or authenticity of this document. Rather, he objects on the grounds that Trustee Corps has not also sought judicial notice of his Note and Disclosures. Of course, Plaintiff was free to attach to his Complaint any documents that he felt should be before the Court.  It is not Trustee Corps' responsibility to present all documents that Plaintiff feels are relevant to his underlying contract.  Moreover, Plaintiff has no claims against Trustee Corps that are grounded in the Note or the Disclosures. The absence of those documents from the record is irrelevant to the Court's authority to take judicial notice of the DOT.

2. Plaintiff's objections to the RJN as it pertains to the 2012 Assignment of his DOT (**Exhibit B**), Notice of Default and Election To Sell Under Deed of Trust (**Exhibit C**), the 2013 Assignment of his DOT (**Exhibit D**), Substitution of Trustee (**Exhibit G**), Notice of Trustee's Sale (**Exhibit H**), the 2016 Assignment of DOT (**Exhibit I**) and the Trustee's Deed Upon Sale (**Exhibit J**) merely reiterate the arguments and speculation set forth in his Complaint and his Opposition to the Motion. Although Plaintiff purports to

---

[1] Hereinafter, "Exhibit" refers to the Exhibits to the RJN.

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

SF #4830-1784-1504 v1
06190-1557

- 2 -

RESPONSE TO PLAINTIFF'S OPPOSITION
TO REQUEST FOR JUDICIAL NOTICE

1  challenge the quote authenticity" of these documents, as noted above, he has admitted that
2  these Exhibits to the RJN are the documents described in the Complaint. Thus, he does
3  not dispute their authenticity but, rather, he disputes the authority of the parties who
4  prepared and recorded the documents. His arguments in that regard to not go to the
5  propriety of the Court taking judicial notice of the documents, but goes to the validity of
6  Plaintiff's arguments on the merits of the Motion.

7  Further, since Plaintiff admits that these Exhibits are the documents referenced in
8  his Complaint, justice requires that he not be allowed to avoid this Court's consideration
9  of these relevant documents merely because he employed the tactic of omitting them from
10 his Complaint.

11 3. Plaintiff does not dispute the authenticity of **Exhibits E** and **F**. As with the
12 other documents, Plaintiff admits in his Opposition that they are, in fact, the letters
13 described at Paragraphs 249-253, 255-263 and 271-274 of the Complaint. Therefore,
14 judicial notice of the letters is appropriate. *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th
15 Cir.2005) (on a motion to dismiss may take notice of documents when "the plaintiff's
16 claim depends on the contents of a document, the defendant attaches the document to its
17 motion to dismiss, and the parties do not dispute the authenticity of the document, even
18 though the plaintiff does not explicitly allege the contents of that document in the
19 complaint"). The fact that Plaintiff has asserted arguments about the legitimacy of
20 Trustee Corps' appointment as Substituted Trustee goes to the merits of his claims and
21 does not render judicial notice of the Exhibits improper.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

SF #4830-1784-1504 v1
06190-1557

- 3 -

RESPONSE TO PLAINTIFF'S OPPOSITION
TO REQUEST FOR JUDICIAL NOTICE

1   For all of these reasons, and those stated in the RJN, Trustee Corps respectfully
2  requests that the Court grant its request and take judicial notice of Exhibits A through J.
3  Dated: March 30, 2018                BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Gail E. Kavanagh
   Richard J. Reynolds
   Gail E. Kavanagh
   Attorneys for Defendant
   MTC Financial Inc. dba Trustee Corps, Inc.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

SF #4830-1784-1504 v1
06190-1557

- 4 -

RESPONSE TO PLAINTIFF'S OPPOSITION
TO REQUEST FOR JUDICIAL NOTICE