UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ERIC BUSHLOW,<br><br>                    Plaintiff,<br><br>          v.<br><br>MTC FINANCIAL,<br><br>                    Defendant. | Case No.17-cv-06771-HRL<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 17 |

Pro se plaintiff David Bushlow ("Bushlow") sues defendant MTC Financial Inc. dba Trustee Corps, Inc. ("Trustee Corps"). Bushlow alleges that Trustee Corps, the trustee for his home loan, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), when Bushlow suffered a non-judicial foreclosure in 2016. Dkt. No. 1. Trustee Corps moves to dismiss the complaint for failure to state a claim upon which relief can be granted. Dkt. No. 17. For the reasons explained below, the Court grants the motion.

All parties consented to magistrate judge jurisdiction. Dkt. Nos. 5, 20.

I.      **BACKGROUND**

        A.      **Factual Allegations**

The complaint spans fifty pages and comprises more than five hundred numbered paragraphs. Bushlow spends much of the complaint making assertions about the legal significance of terms in (and absent from) the deed of trust and other related loan documents. The Court now summarizes the allegations relevant to Bushlow's FDCPA claims.

In 2006 Bushlow and Catherine Hall executed a promissory note and deed of trust to

1   purchase a mobile home at 52 Sacramento Street in Bishop, California.[1]  Dkt. No. 1 ¶¶ 14, 344.

2       Bushlow says that in the years that followed a cast of corporate characters purported to

3   take interests in the deed of trust, but that the various substitutions and assignments were for one

4   reason or another invalid.  Some of Bushlow's allegations on this point are general and

5   conclusory: "Plaintiff disputes the validity of the First Assignment in its entirety;" "Plaintiff

6   disputes the authenticity of the First Assignment in its entirety;" Plaintiff disputes the contents of

7   the First Assignment in its entirety."  *Id.* ¶¶ 91-93.  Other allegations are more specific.  For

8   instance, in 2012 Bank of America ostensibly acquired beneficial interest in the deed of trust, *id.* ¶

9   97, but Bushlwo alleges that Bank of America did not pay any consideration for the assignment,

10  *id.* ¶ 99.  He also says that one of the signatures on the recorded notice of assignment is a forgery.

11  *Id.* ¶ 125.  As to Trustee Corps, he argues that it was not properly substituted as trustee because

12  the preceding substitutions and assignments were themselves invalid.  *Id.* ¶¶ 282-292.  Bushlow

13  also argues that Trustee Corps became trustee in violation of covenant 24 of the deed of trust,

14  which says that only "the Lender and/or the Noteholder" has the power to substitute the trustee.

15  *Id.* ¶¶ 291-295.  In short, according to Bushlow, Trustee Corps was never actually the trustee, so it

16  never had the right to collect on the debt, much less foreclose on his home.  *Id.* ¶¶ 281-310.

17      Trustee Corps nevertheless attempted to collect on the debt.  Trustee Corps' first

18  communication with Bushlow was in July 2016, when it sent him a letter demanding more than

19  $100,000 to bring the loan out of default.  *Id.* ¶ 232-34.  The letter said that Bushlow should send

20  payment directly to Trustee Corps.  *Id.* ¶ 238.  Bushlow replied, disputing the debt and requesting

21  that Trustee Corps validate it.[2]  *Id.* ¶¶ 268-274.  Trustee Corps again wrote Bushlow in August,

22  acknowledging receipt of his validation request but saying that "the foreclosure [would] proceed

23  accordingly."  *Id.* ¶ 277.  Finally, Bushlow received a third letter confirming that Trustee Corps

24  _____

25  [1] "A deed of trust involves three parties.  The first party is the lender, who is the trust beneficiary.
The second party is the borrower-trustor, who holds equitable title to the property.  The third party

26  is the trustee, an agent for both the lender and the borrower who holds legal title to the property
and is authorized to sell the property if the debtor defaults."  *Ho v. ReconTrust Co., NA*, 858 F.3d

27  568, 570 (9th Cir. 2017) (*citing Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 926-27
(2016)).

28  [2] Under the FDCPA, a debtor can request validation of a disputed debt.  Once a debtor asks for
validation, debt collection activities must temporarily cease.  15 U.S.C. § 1692g

United States District Court
Northern District of California

1    was the new trustee.  *Id.* ¶¶ 281-309.

2         A notice of trustee's sale was recorded in October 2016.  *Id.* ¶ 311.  The notice said the

3    trustee's sale would be held on November 10, so on that day Bushlow traveled to the office of the

4    Inyo-Mono County Title Company to observe the proceedings.  *Id.* ¶¶ 325, 345-349.  Bushlow

5    says his home was not sold on November 10.  *Id.* ¶¶ 344-360.

6         On November 21, 2016, a trustee's deed upon sale was recorded.  *Id.* ¶¶ 361, 407.

7    Bushlow did not discover the sale until November 30, when he happened to call the Mono County

8    recorder's office.  *Id.* ¶¶ 408-11.  Bushlow filed his complaint just under one year later, on

9    November 24, 2017.  Dkt. No. 1.

10        **B.**     **Summary of Judicially Noticed Facts**

11        As is discussed below, the Court is granting Trustee Corps' request for judicial notice.  The

12   Court now summarizes the relevant judicially noticed facts.

13        Bushlow's 2006 deed of trust identified the original lender as SCME Mortgage Bankers,

14   Inc., the trustee as the Stewart Title Company of San Diego, and Mortgage Electronic Registration

15   Systems, Inc. ("MERS") as nominee for the lender.  Dkt. No. 17, Ex. A.  In 2012 a document was

16   recorded which stated that MERS assigned beneficial interest in the deed of trust to Bank of

17   America.[3]  *Id.* Ex. B.  A notice of default was recorded later that year.  *Id.* Ex. C.  Then in 2013,

18   another assignment was recorded, this time transferring beneficial interest in the deed of trust from

19   Bank of America to Green Tree Servicing LLC ("Green Tree Servicing").  *Id.* Ex D.

20        In August 2016, a substitution of trustee document was recorded stating that Green Tree

21   Servicing replaced the original trustee with Trustee Corps.  *Id.* Ex. G.  A notice of trustee's sale

22   was recorded in October 2016.  *Id.* Ex. H.  Finally, a trustee's deed upon sale was recorded on

23   November 21, 2016.  *Id.* Ex. J.

24        Additionally, the Court takes judicial notice of two letters from Trustee Corps to Bushlow,

25   both of which are described in Bushlow's complaint.  In the first, dated July 2016, Trustee Corps

26   demands over $100,000 from Bushlow to reinstate his loan, and asks that payment be sent directly

27

28
   ───────────────────
   [3] All records were recorded in Mono County unless otherwise indicated.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    to Trustee Corps.  *Id.* Ex. E.  The second, dated August 2016, begins by acknowledging receipt of

2    Bushlow's request that Trustee Corps validate the debt.  *Id.* Ex. F.  The letter goes on to explain,

3    however, "Trustee Corps . . . serve[s] in nominal capacity as foreclosure trustee.  As such, your

4    correspondence should be properly addressed and directed to appropriate parties, such as the

5    lender.  Please be advised that the foreclosure will proceed accordingly."  *Id.*

6        **C.    Procedural Background**

7            Bushlow's complaint, filed on November 24, 2017, includes a list of twelve separate

8    FDCPA violations allegedly committed by Trustee Corps.  Dkt. No. 1. ¶¶ 482-93.  Eight violations

9    concern 15 U.S.C. § 1692e, which prohibits false or misleading representations by debt collectors.

10   *Id.* ¶¶ 482-88, 493.  Three violations fall under 15 U.S.C. § 1692f(6), which prohibits certain

11   unfair practices by debt collectors engaged in the enforcement of security interests.  *Id.* ¶¶ 489-91.

12   And one violation falls under 15 U.S.C. § 1692g, which concerns validation of disputed debts.  *Id.*

13   ¶ 492.

14           Some of the alleged violations concern events before November 21, 2016, when the

15   trustee's deed upon sale was recorded.  For instance, Bushlow says Trustee Corps violated the

16   FDCPA when it did not cease collection activities after he requested validation of the debt.  *Id.* ¶

17   492.  Trustee Corps also falsely stated in the October 2016 notice that the trustee's sale would

18   occur on November 10.  *Id.* ¶ 487.  Other allegations concern the trustee's sale itself.  Most

19   importantly, Bushlow insists that Trustee Corps violated the FDCPA because it was never

20   properly substituted as trustee, and therefore never had the right to sell his home.  *Id.* ¶ 482.

21           Trustee Corps moved to dismiss the complaint under Federal Rule of Civil Procedure

22   12(b)(6).  Dkt. No. 17.  Bushlow opposed the motion, Dkt. Nos. 26-27, and the Court held a

23   hearing on April 10, 2018.

24   **II.    LEGAL STANDARD**

25           Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a

26   short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint

27   that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure

28   12(b)(6).  To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to

4

relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In considering a motion to dismiss, a court accepts all of the plaintiff's factual allegations as true and construes the pleadings in the light most favorable to the plaintiff.  *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  However, a court will not assume the truth of legal conclusions.  *See Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (*quoting Twombly*, 550 U.S. at 682).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  "Dismissal may also be based on the absence of a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Additionally, a court must liberally construe pleadings from litigants who represent themselves.  *See Haines v. Kerner*, 404 U.S. 519 (1972).  Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that no amendment can cure the defect." *Murphy v. United States Postal Serv.*, C 14-02156-SI, 2014 WL 4437731, at *2 (N.D. Cal. 2014) (*quoting Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980)).

## III.    DISCUSSION

### A.    Request for Judicial Notice

Trustee Corps asks the Court to take judicial notice of ten documents related to Bushlow's home loan and the eventual foreclosure.  Dkt. No. 17, Exs. A-J.  Most notably, Trustee Corps asks the Court to take notice of the 2006 deed of trust, the July and August 2016 letters from Trustee Corps to Bushlow, and the August 2016 notice that Trustee Corps was the new trustee.

Bushlow opposes the request for judicial notice.  His argument seems to be, first, that the Court cannot take notice of the deed of trust unless Trustee Corps also submits a copy of the promissory note and other loan documents.  Dkt. No. 27 at 3-4.  Second, and more generally, Bushlow says the documents are invalid and inaccurate.  In particular, Bushlow claims that Trustee Corps was never properly substituted as trustee, so the Court should not take notice of documents that suggest otherwise.  *Id.* at 5-6.

A court generally may not consider any material beyond the pleadings when ruling on a Rule 12(b)(6) motion.  If matters outside the pleadings are considered, "the motion must be treated

5

United States District Court
Northern District of California

1    as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).  However, a court may

2    consider matters that are "capable of accurate and ready determination by resort to sources whose

3    accuracy cannot reasonably be questioned." *Roca v. Wells Fargo Bank, N.A.*, No. 15-cv-02147-

4    KAW, 2016 WL 368153, at *3 (N.D. Cal. 2016) (*quoting* Fed. R. Evid. 201(b)).  A court may take

5    notice of public records, though not of "disputed facts stated in public records." *Lee v. City of Los

6    Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).  Additionally, a court may take notice of a document

7    that is "incorporated by reference" into the complaint. *See Knievel v. ESPN*, 393 F.3d 1068, 1076

8    (9th Cir. 2005).  The plaintiff's claim must depend on the contents of the document, the defendant

9    must attach the document to its motion to dismiss, and the parties must not dispute the authenticity

10   of the document. *Morton v. Wells Fargo Bank, N.A.*, No. 16-CV-05833-HRL, 2016 WL 7117041,

11   at *2 (N.D. Cal. 2016) (citations omitted).

12          Bushlow's first argument, that the Court cannot consider the deed of trust without the note,

13   is without merit.  Bushlow argues that the note and deed of trust are "inseparable," and he is

14   correct, at least in the sense that if the note is assigned, the deed of trust "will follow even without

15   a separate assignment." *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 927 (2016).  But

16   that principle relates to determining *ownership* of the deed of trust.  The only question at this point

17   is whether the Court can accept a few basic facts about the deed of trust: that it is the same deed of

18   trust Bushlow refers to in his complaint, and that it was recorded in a certain place at a certain

19   time.

20          Bushlow's second, more general argument that the documents are inaccurate also fails.

21   Bushlow does not dispute that the documents proffered by Trustee Corps are the same documents

22   described in the complaint, and those documents are central to Bushlow's FDCPA claims.  The

23   Court is not taking notice of any of the disputed facts stated within those documents. *See Lee*, 250

24   F.3d at 690.  In other words, the Court can consider those documents without taking a position on,

25   for example, whether Trustee Corps was ever properly substituted as trustee.

26          For those reasons, the Court takes judicial notice of Exhibits A through J that are attached

27   to Trustee Corps' motion to dismiss.

28

**B.     Most of Bushlow's Claims Are Barred by the Statute of Limitations**

Trustee Corps argues that all of Bushlow's claims are barred by the statute of limitations. Dkt. No. 17 at 11-12.  Bushlow contends that his claims are timely under the "discovery rule" because he filed his complaint less than one year after learning that the trustee's deed upon sale had been recorded.  Dkt. No. 26 at 11-12.

"An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d).  As Bushlow points out, however, the "discovery rule" applies when determining whether an FDCPA claim is timely.  *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 939-41 (9th Cir. 2009).  Under the discovery rule, the statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Id.* (citation omitted).

Bushlow contests the idea that his claims are time barred, but his opposition discusses only whether his complaint was timely in relation to the trustee's deed upon sale.  Dkt. No. 26 at 11-12. He does not explain why he can proceed with claims related to validation of the debt, the notice of sale, or anything that occurred before the trustee's deed upon sale was.  Moreover, the complaint does not suggest that there was any delay between Trustee Corps' pre-sale actions and Bushlow's discovery of them.  The discovery rule cannot revive those claims, and the Court cannot discern any reason why they would be equitably tolled, either.  The Court therefore dismisses all of Bushlow's claims, except those relating to the actual sale of the property, without leave to amend. The question now is whether the discovery rule can save Bushlow's remaining claims.

Trustee Corps says that Bushlow failed to adequately allege that he is entitled to application of the discovery rule.  Dkt. No. 28 at 10.  On the record presented, the Court cannot tell whether the claim is timely.  On the one hand, Bushlow filed his complaint more than a year after the deed upon sale was recorded.  On the other, Bushlow alleges – and judicially noticed documents confirm – that the trustee's sale was noticed for November 10 but did not occur until later in the month.  Dkt. No. 17, Exs. H, J.  That suggests that it might have been reasonable for

7

1   Bushlow not to know when his home was sold, at least not immediately.  And whether the claim is

2   timely is a question of days, not weeks or months: the deed upon sale was recorded on November

3   21, 2016, Bushlow says he discovered the sale on November 30, 2016, and he filed his complaint

4   on November 24, 2017.  In the end, the Court need not reach the question because there are other

5   defects in the complaint that are dispositive of Bushlow's remaining claims.

   **C.   Most of Trustee Corps' Activities Are Not Subject to the FDCPA, and Bushlow Failed to Adequately Plead a Cognizable FDCPA Violation**

8       Trustee Corps argues that it is not subject to the FDCPA and that Bushlow's claims

9   therefore must fail.  In *Ho v. Recontrust Co., N.A.*, 858 F.3d 568 (9th Cir. 2017), the Court of

10  Appeals explained:

12          "The FDCPA subjects 'debt collectors' to civil damages for
            engaging in certain abusive practices while attempting to collect
13          debts.  The statute's general definition of 'debt collector' captures
            any entity that 'regularly collects or attempts to collect, directly or
14          indirectly, debts owed or due or asserted to be owed or due [to]
            another.'  Debt is defined as an 'obligation . . . of a consumer to pay
15          money.'  The FDCPA imposes liability only when an entity is
            attempting to collect debt."

16  858 F.3d at 571 (internal citations omitted).  The court went on to hold that the trustee of a

17  California deed of trust is not a debt collector in terms of the FDCPA's "general" definition of that

18  term.  *Id.* at 572.  However, the act also includes a "narrower" definition of debt collector, and a

19  trustee *is* a debt collector in this more limited sense.  The act defines various abusive debt

20  collection practices, among which is:

22          (6) Taking or threatening to take any nonjudicial action to effect
            dispossession or disablement of property if--
23          (A) there is no present right to possession of the property claimed as
            collateral through an enforceable security interest;
24          (B) there is no present intention to take possession of the property;
            or
25          (C) the property is exempt by law from such dispossession or
            disablement.

26  15 U.S.C. § 1692f.  For the purpose of that section, the act's definition of debt collector includes

27  any person who is principally in the business of enforcing "security interests."  15 U.S.C. § 1692a.

28  And in *Ho*, the court said that a trustee who advances the foreclosure process is engaged in the

United States District Court
Northern District of California

8

enforcement of a security interest.  858 F.3d at 572-73.

Pulling all that together, the FDCPA's "general" definition of debt collector does not include the trustee of a deed of trust, but the act's "narrower" definition of debt collector *does* apply to a trustee when it acts to advance the foreclosure process.  *Id.*  As a result, a trustee can be liable under the FDCPA if it acts in violation of § 1692(f), i.e., "there is no present right to possession of the property"; "no present intention to take possession"; or "the property is exempt by law from such dispossession or disablement."

Bushlow argues that Trustee Corps is a "debt collector" in both the general and narrow sense.  That is, Trustee Corps is subject to the general ban against abusive practices and to the narrow ban in § 1692f(6) concerning security enforcers.  On the first point, Bushlow is clearly incorrect.  When Trustee Corps acted to advance the foreclosure process, it was just engaging in the normal work of a trustee.  *Ho*, 858 F.3d 571.  Bushlow tries to distinguish *Ho*, arguing that Trustee Corps attempted to collect debt for itself, not just as an agent for the beneficiary.  Bushlow makes much of the fact that the July 2016 demand letter said that payment should be sent directly to Trustee Corps.  Dkt. No. 26 at 13.  Yet the July and August 2016 letters both make clear that Trustee Corps was (at least purportedly) acting only as trustee, and not collecting a debt for its own account.  Indeed, the August letter expressly cleared up Bushlow's confusion, stating, "Trustee Corps . . . serve[s] in nominal capacity as foreclosure trustee.  As such, your correspondence should be properly addressed and directed to appropriate parties, such as the lender."  Dkt. N. 17 Ex. F.

If Trustee Corps is not a debt collector under the FDCPA, then most of Bushlow's claims must fail.  To the extent that Bushlow's claims depend on categorizing Trustee Corps as falling under the "general" definition of debt collector, those claims are dismissed without leave to amend.

As to Bushlow's second argument, he does not allege enough facts to state a plausible claim that Trustee Corps enforced a security interest in violation of § 1692f(6).  For starters, many of his allegations, such as "Plaintiff disputes the validity of the First Assignment" or "Plaintiff disputes the authenticity of the First Assignment," Dkt. No. 1. ¶¶ 91-92, are too conclusory to

9

1   survive a motion to dismiss, at least without further factual development.  *See Twombly*, 550 U.S.

2   at 682.  But even the more specific allegations fail to state a claim for relief that is plausible.  For

3   instance, Bushlow alleges that the 2012 assignment to Bank of America was void for lack of

4   consideration, Dkt. No. 1 ¶ 99, but he fails to explain why he believes that to be the case.

5   Similarly, he claims that a signature on the Bank of America assignment is a forgery, but gives no

6   indication of how he reached that conclusion.  *See Iqbal*, 556 U.S. at 678 ("a complaint [does not]

7   suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").  The Court

8   therefore concludes that Bushlow has not adequately alleged that Trustee Corps acted unlawfully

9   by virtue of earlier, deficient substitutions and assignments.

10        Bushlow's argument that Trustee Corps' substitution as trustee violated the deed of trust

11   seems to be based on a misunderstanding.  Bushlow contends that Green Tree Servicing, the

12   purported beneficiary, could not have substituted trustees because that was a power reserved

13   exclusively for the "Lender and/or the Noteholder."  Dkt. No. 1. ¶¶ 291-295.  But in a California

14   deed of trust, the lender *is the beneficiary*.  *Ho v. ReconTrust Co., NA*, 858 F.3d 568, 570 (9th Cir.

15   2017) ("The first party [to a California deed of trust] is the lender, who is the trust beneficiary.").

16   Finally, Bushlow presents no facts to suggest that his property was exempt from dispossession,

17   and the trustee's sale undercuts any argument that Trustee Corps ever acted without the "present

18   intention to take possession of the property[.]"  15 U.S.C. §§ 1692f(6)(A), (B).

19        The Court therefore dismisses Bushlow's FDCPA claims concerning the trustee's sale.

20   The Court cannot say for certain that Bushlow will be unable to allege additional facts to support

21   his allegation that Trustee Corps lacked authority to conduct the foreclosure, so the Court grants

22   Bushlow leave to amend as to those claims.

23        Much of the argument at the April 10, 2018, hearing concerned whether Bushlow must

24   plead tender to survive a motion to dismiss, and whether he has standing to challenge the various

25   loan assignments.  Trustee Corps contended that Bushlow's claim is really one for wrongful

26   foreclosure under California law, and that he therefore must plead the elements of that cause of

27   action.  Dkt. No. 28 at 10-15.  It is a puzzling argument.  If the idea is that Bushlow asserts an

28   unlawful foreclosure in addition to his FDCPA claims, then the Court disagrees with Trustee

United States District Court
Northern District of California

1   Corps' interpretation of the complaint.  Bushlow says he is suing under the FDCPA, Dkt. No. 26

2   at 14, his twelve claims for relief are all FDCPA claims, Dkt. No. 1 ¶¶ 481-493, and he seeks

3   damages under the FDCPA, *id.* at 49.  If the argument is instead that Bushlow must plead the

4   elements of wrongful foreclosure in order to plead a valid FDCPA claim, then the Court also

5   disagrees.  Congress said the purpose of the FDCPA is to "eliminate abusive debt collection

6   practices."  15 U.S.C § 1692(e).  If an FDCPA plaintiff were required to plead tender, then only

7   borrowers who have no trouble paying their debts would be protected from unscrupulous

8   creditors.  *See Wheeler v. Premiere Credit of North America., LLC*, 80 F. Supp. 3d 1108, 1112

9   (S.D. Cal. 2015) (*citing Turner v. Cook*, 362 F.3d 1219, 1226-27 (9th Cir. 2004)) (setting out

10  elements of an FDCPA cause of action).  And in a world where home loans are bundled,

11  securitized, and freely traded among investors, how could an FDCPA plaintiff enforce the act's

12  ban on unlawful enforcement of security interests without reference to the various substitutions

13  and assignments that customarily accompany a deed of trust?

14       Also featured at the hearing was the revelation, not discussed in any of the motion papers,

15  that Bushlow's claims may be barred by res judicata, as he has allegedly sued other entities over

16  the foreclosure in the past.  The question of whether Bushlow's claims are barred is not properly

17  before the Court, as the issue was not briefed by the parties, so the Court declines to reach it.

18       Finally, the Court declines to reach Trustee Corps' other arguments for dismissal,

19  including that its actions were privileged under California Civil Code §§ 47(b) and 2724(d).  Dkt.

20  No. 17 at 15-17.  The Court suspects there may be a preemption issue, but the matter was not fully

21  developed in the motion papers, and other defects in the complaint are dispositive for purpose of

22  this motion.  Nor does the Court reach Bushlow's argument, presented in his opposition to the

23  motion, that the deed of trust was a contract of adhesion.  Bushlow does not assert the claim in his

24  complaint, and Bushlow may not amend his complaint except in accordance with Federal Rule of

25  Civil Procedure 15.  *See Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir.

26  1998) (plaintiff may not amend complaint by way of opposition to a motion to dismiss).

27  **IV.    CONCLUSION**

28       For the reasons explained above, the Court grants Trustee Corps' motion to dismiss.  The

1   motion is granted without leave to amend as to all of Bushlow's claims concerning events before

2   the trustee's sale, and without leave to amend as to any claims predicated on categorizing Trustee

3   Corps as a "general" debt collector under the FDCPA; the motion is granted with leave to amend

4   as to claims concerning the trustee's sale itself, and to claims predicated on categorizing Trustee

5   Corps as a debt collector in the "narrower" sense of the term. *See Ho*, 858 F.3d 568.

6          Put another way, Bushlow must tread a narrow path if he wishes to state a claim for relief

7   that will survive another motion to dismiss.  He can argue that Trustee Corps is liable under the

8   FDCPA for violating the ban on unfair practices in the enforcement of a security interest.  But to

9   do so, he must plead enough facts to plausibly allege that Trustee Corps lacked legal authority to

10  advance the foreclosure process.

11         Bushlow has until May 11, 2018, to file a first amended complaint.  Bushlow may not add

12  any new claims except with Trustee Corps' written consent or leave of the Court.  Fed. R. Civ. P.

13  15(a)(2).

14         Finally, the Court strongly encourages Bushlow to seek out assistance from the Federal Pro

15  Se Program.  Appointments can be made by calling (408) 297-1480, or by going to Room 2070 of

16  the San Jose federal courthouse, 280 South First Street, San Jose, CA 95113.  More information is

17  available at http://www.cand.uscourts.gov/helpcentersj.

18

19         **IT IS SO ORDERED.**

20  Dated: April 11, 2018

21

22

23  HOWARD R. LLOYD
    United States Magistrate Judge

24

25

26

27

28