1    Richard J. Reynolds (SBN 89911)
     E-mail: rreynolds@bwslaw.com
2    Gail E. Kavanagh (SBN 154705)
     E-mail: gkavanagh@bwslaw.com
3    BURKE, WILLIAMS & SORENSEN, LLP
     1851 East First Street, Suite 1550
4    Santa Ana, CA 92705-4067
     Tel: 949.863.3363   Fax: 949.863.3350
5
     Attorneys for Defendant
6    MTC Financial Inc. dba Trustee Corps, Inc.
     [erroneously sued as "MTC Financial d/b/a
7    Trustee Corps, Inc."]

8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                             SAN JOSE DIVISION

11

12   DAVID BUSHLOW,                          Case No. 5:17-cv-06771- VKD

13           Plaintiff,                      Assigned to Hon. Virginia K. DeMarchi

14        v.                                 **DEFENDANT MTC FINANCIAL, INC.'S**
                                             **MOTION TO DISMISS AMENDED**
15   MTC FINANCIAL d/b/a TRUSTEE             **COMPLAINT**
     CORPS, INC. ,
16                                           [Fed. R. Civ. P. Rule 12(b)(6)]
            Defendant.
17                                           Date:  July 24, 2018
                                             Time: 10:00 a.m.
18                                           Place: San Jose Courthouse,
                                                    Courtroom 2 - 5th Floor
19                                                  280 South 1st Street, San Jose, CA

20                                           Action Filed:  November 24, 2017

21
            **TO THE HONORABLE VIRGINIA K. DEMARCHI, UNITED STATES**
22
     **DISTRICT COURT MAGISTRATE JUDGE, AND TO PLAINTIFF DAVID**
23
     **BUSHLOW:**
24
            **PLEASE TAKE NOTICE** that on July 24, 2018 at 10:00 a.m. or as soon
25
     thereafter as the matter may be heard in Courtroom 2 of the above-entitled Court located
26
     at 280 South 1st Street, 5th Floor, Defendant MTC FINANCIAL, INC. dba TRUSTEE
27
     CORPS, INC. (erroneously sued as "MTC Financial, Inc. d/b/a Trustee Corp, Inc.")
28

Burke, Williams &                                      NOTICE OF MOTION AND MOTION TO
Sorensen, LLP                                             DISMISS AMENDED COMPLAINT
Attorneys At Law
Santa Ana

1   ("Trustee Corps") will and hereby does move this Court to dismiss the Amended
2   Complaint [Dkt. No. 32] filed in this action pursuant to Rule 12(b)(6) of the Federal Rules
3   of Civil Procedure.
4       This motion is made on the grounds that the single cause of action contained in the
5   Amended Complaint fails to state a claim upon which relief may be granted.
6       This Motion is made and based upon this Notice, the Memorandum of Points and
7   Authorities and Request for Judicial Notice submitted herewith, all pleadings, papers and
8   documents on file herein, and any additional matters as shall be presented at the time of
9   the hearing.
10  Dated: June 8, 2018              BURKE, WILLIAMS & SORENSEN, LLP
11
12
                                    By: /s/ Gail E. Kavanagh
13                                      _____
                                        Richard J. Reynolds
14                                      Gail E. Kavanagh
                                        Attorneys for Defendant
15                                      MTC Financial Inc. dba Trustee Corps, Inc.
16
17
18
19
20
21
22
23
24
25
26
27
28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

- 2 -

NOTICE OF MOTION AND
MOTION TO DISMISS

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ............................................................................................ 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ...................................... 2

   A.   Plaintiff's Loan, His Default, His Prior Litigation And The Trustee's Sale Of The Property ................................................................ 2

   B.   The Court's Dismissal Of The Original Complaint ................................ 4

   C.   The Amended Complaint ........................................................................ 6

III.  DISCUSSION ................................................................................................ 7

   A.   Plaintiff Has Failed To Plead Facts Constituting A Plausible Claim Against Trustee Corps Under Section 1692f(6) ........................... 8

      1.   The Claim In Paragraph 261 Fails Because Section 1692f(6) Does Not Prohibit Irregularities In Trustee's Sales ................................................ 9

      2.   The Exhibits To The AC Establish That Trustee Corps Was Legally Entitled To Perform The Actions Necessary For The Foreclosure Sale .................................................................................. 10

      3.   Plaintiff Lacks Standing To Challenge The Validity Of the Assignments Of The DOT .......................................................... 11

      4.   Plaintiff's Claims Regarding The Validity Of The Assignments Of His DOT Are Also Barred By Collateral Estoppel ........................ 13

   B.   The AC Is Barred In Its Entirety By The Statute Of Limitations ........ 15

IV.   CONCLUSION ............................................................................................ 16

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

- i -                         NOTICE OF MOTION AND MOTION TO
                              DISMISS AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Americana Fabrics, Inc. v. L & L Textiles, Inc.*,
  754 F.2d 1524 (9th Cir. 1985) ................................................................. 13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2008) ............................................................................... 8

*Ashcroft v. Iqbal*,
  *supra,* 556 US, 127 S.Ct. ...................................................................... 8

*Bell Atlantic v. Twombly*,
  550 U.S. 544 (2007) ............................................................................... 8

*In Re Boyajian*,
  564 F.3d 1088 (9th Cir. 2009) ................................................................. 10

*Cal. Sansome Co. v. U.S. Gypsum*,
  55 F.3d 1402 (9th Cir. 1995) ................................................................... 16

*Christie v. Bank of N.Y. Mellon, N.A.*,
  617 F. App'x 680 (9th Cir. 2015) ............................................................. 12

*Clark v. Bear Stearns & Co.*,
  966 F.2d 1318 (9th Cir. 1992) ................................................................. 13

*Clegg v. Cult Awareness Network*,
  18 F.3d 752 (9th Cir. 1994) ..................................................................... 7

*Cousins v. Lockyer*,
  568 F.3d 1063 (9th Cir. 2009) ................................................................. 7

*Flores v. EMC Mortgage Co.*,
  997 F.Supp.2d 1088 (E.D.Cal. 2014) ...................................................... 11

*Ghalehtak v. Fay Servicing*,
  --- F.3d --- (March 23, 2018) ................................................................. 13, 14

*Janeece Fields v. Bank of New York Mellon*,
  2017 WL 1549464 (N.D. Cal. May 1, 2017) ............................................ 15

*Johnson v. PNC Mortgage*,
  80 F.Supp.3d 980 (N.D.Cal. 2015) .......................................................... 12

*Lyons v. Michael & Associates*,
  824 F.3d 1169 (9th Cir. 2016) ................................................................. 15

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

- ii -

NOTICE OF MOTION AND MOTION TO
DISMISS AMENDED COMPLAINT

*Mortkowitz v. Texaco Inc.*,
    842 F.Supp. 1232 (N.D. Cal. 1994) ................................................................16

*Nan Hui Chen v. Deutsche Bank Nat'l Trust Co.*,
    2014 WL 2738071 (N.D.Cal. June 9, 2014) ..................................................12

*Newman v. Bank of New York Mellon*,
    2013 WL 5603316 (E.D.Cal. 2013) .............................................................12

*Parks School of Business, Inc. v. Symington*,
    51 F.3d 1480 (9th Cir. 1995)...........................................................................7

*Rockridge Trust v. Wells Fargo*,
    *supra*, 985 F. Supp.2d (N.D.Cal 2013) .........................................................10

*Sepehry-Fard v. Select Portfolio Servicing, Inc.*,
    2015 WL 1063070 (N.D. Cal. Mar. 10, 2015)...............................................15

*Shwarz v. United States*,
    234 F.3d 428 (9th Cir. 2000)...........................................................................7

*Snell v. Deutsche Bank Nat. Trust Co.*,
    2014 WL 325147 (E.D.Cal. 2014) ...............................................................12

*Waldrup v. Countrywide Financial Corp.*,
    2014 WL 1463881 (C.D.Cal. Apr. 24, 2014) ...............................................16

*Zucco Partners LLC v. Digimarc Corp.*,
    552 F.3d 981 (9th Cir. 2009).............................................................................7

**Federal Statutes**

15 U.S.C. sections 1692 *et seq.*.......................................................................1

15 U.S.C. Section 1692k(d) ............................................................................15

Fair Debt Collection Practices Act ("FDCPA").................................... *passim*

FDCPA Section 1692f .........................................................................1, 5, 8, 9

FDCPA Section 1692f(6) ............................................................... *passim*

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

- iii -

NOTICE OF MOTION AND
MOTION TO DISMISS

1    **I.    INTRODUCTION**

2    　　Plaintiff David Bushlow ("Plaintiff") defaulted on his home mortgage and, as a

3    result and after many years, lost the property through a non-judicial foreclosure sale

4    pursuant to the terms of his Deed of Trust.  Plaintiff previously and unsuccessfully

5    brought suit in State court against several parties who had held or were servicers for his

6    Note and Deed of Trust over many years.

7    　　This is an action for damages under the Fair Debt Collection Practices Act

8    ("FDCPA"), 15 U.S.C. sections 1692 *et seq.*  Defendant MTC Financial, Inc. dba Trustee

9    Corps ("Trustee Corps") was the foreclosing trustee that performed the non-judicial

10   foreclosure on Plaintiff's property pursuant to California's statutory foreclosure

11   procedures and the operative deed of trust ("DOT").  Plaintiff claims the sale did not

12   proceed as noticed and he challenges the validity of the various assignments of his DOT

13   and the substitution of Trustee Corps' as the trustee.

14   　　Magistrate Judge Howard R. Lloyd granted Trustee Corps' motion to dismiss the

15   original Complaint, finding that most of Plaintiff's claims were barred by the one-year

16   statute of limitations and that the remaining allegations failed to state a claim upon which

17   relief can be granted.  (Dkt. No. 31.)  The Court granted Plaintiff limited leave to amend

18   to try to state a viable claim under Section 1692f of the FDCPA – the only section of the

19   FDCPA that applies to Trustee Corps – with respect to the actual foreclosure sale of

20   Plaintiff's property.  The Court observed that, for Plaintiff to allege a viable claim under

21   that section, "he must plead enough facts to plausibly allege that Trustee Corps lacked

22   legal authority to advance the foreclosure process."  (Dkt No. 31, p. 12:8-10.)

23   　　Plaintiff's Amended Complaint ("AC") contains a single cause of action alleging

24   that Trustee Corps violated Section 1692f(6).  The AC fails as a matter of law for several

25   reasons, including:

26   　　•    Plaintiff has failed to allege facts which, if proven would constitute a violation

27   　　　　of Section 1692f(6).

28   　　•    Plaintiff cannot state a viable cause of action under Section 1692f(6) for alleged

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

- 1 -

NOTICE OF MOTION AND MOTION TO
DISMISS AMENDED COMPLAINT

irregularities in the Trustee's sale.

- The substitution of Trustee Corps as trustee is valid on the face of the documents attached to the AC.

- Plaintiff lacks standing to challenge the validity of the various assignments of the DOT.

- Plaintiff's claims are barred by the statute of limitations and Plaintiff has failed to allege specific facts upon which the Court could apply the discovery doctrine to extend the limitations period.

- Plaintiff's claim that the DOT was not properly assigned to Green Tree Servicing, LLC ("GTS"), and that GTS therefore lacked authority to substitute Trustee Corps as the trustee under the DOT, is barred by the doctrine of collateral estoppel as Plaintiff previously litigated that identical issue in the California Superior Court.

Because the AC cannot be further amended to state a viable claim, Trustee Corps respectfully requests that this action be dismissed without leave to amend.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Plaintiff's Loan, His Default, His Prior Litigation And The Trustee's Sale Of The Property.

Leaving aside the AC's hundreds of paragraphs of irrelevant allegations and legal conclusions, the following facts appear on the face of the AC and in the documents of which the Court is requested to take judicial notice.  (See Request for Judicial Notice ("RJN") filed herewith.)

In April 2006, Plaintiff and Catherine Hall obtained a $222,000 loan secured by a recorded Deed of Trust ("DOT") on the real property at 52 Sacramento Street, Bishop, California 93514 (the "Property").  (AC ¶¶ 13-14; Exh. 1.[1])  The DOT identifies SCMA Mortgage Bankers, Inc. as the Lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the Lender.  In May 2012, the DOT was assigned by MERS to

---

[1]  Unless otherwise indicated, "Exh." refers to the exhibits to the Amended Complaint.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

- 2 -        NOTICE OF MOTION AND MOTION TO
DISMISS AMENDED COMPLAINT

1    Bank of America N.A. ("BANA").  (Exh. 2.)

2         In September 2012, BANA, through its agent, Recontrust Co. N.A. ("Recontrust"),

3    recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD").  (AC

4    ¶ 117.)  ***Plaintiff does not deny that he was at that time and thereafter in default on his***

5    ***loan, nor does he claim to have ever cured that default.***  In August 2013, the DOT was

6    assigned by BANA to Green Tree Servicing LLC ("GTS").  (AC ¶ 134, Exh. 3.)

7         As discussed in further detail in Section III.A.4 below, Plaintiff filed a civil action

8    in July 2013 in the California Superior Court for the County of Mono against BANA and

9    others, eventually including GTS.  (RJN Exh. B.[2])  The complaint in that case asserted

10   many of the same claims as are asserted in this action – most notably, that the various

11   assignments of the DOT, including the assignment to GTS, were improper and invalid,

12   and the various assignees had no legal right to enforce the DOT. (*See, e.g.,* RJN Exh. B

13   ¶¶ 6, 81-83, 180-189.)  Plaintiff was permitted to amend his complaint five times.  (RJN

14   Exh. B.)  GTS's demurrer to the Fourth Amended Complaint was sustained without leave

15   to amend and judgment for GTS thereon was entered on March 16, 2015.  (RJN Exh. D.)

16        In April 2014, GTS substituted Trustee Corps as Trustee under the DOT by a

17   written and recorded Substitution of Trustee ("SOT").  (Exh. 4.)  Trustee Corps sent a

18   letter to Plaintiff in August 2016 providing a copy of the SOT.  (AC ¶¶ 152-153.)

19        On October 16, 2016, Trustee Corps recorded a Notice of Trustee's Sale ("NOTS")

20   in Mono County as Document No. 2016003975, advising that the Property would be sold

21   on November 10, 2016.  (AC ¶ 170, Exh. 5.)  On October 17, 2016, the DOT was

22   assigned by Ditech Financial LLC, formerly known GTS, to Federal National Mortgage

23   Association ("FNMA" aka "FannieMae").  (Exh. 6.)  On November 21, 2016, a Trustee's

24   Deed Upon Sale ("TDUS") was recorded reflecting that the Property was sold back to the

25   DOT beneficiary, FNMA, on November 10, 2016.  (Exh. 7.)

26

27   _____

28   [2] "RJN Exh." refers to the exhibits to the Request for Judicial Notice filed and served
     herewith.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

- 3 -

NOTICE OF MOTION AND MOTION TO
DISMISS AMENDED COMPLAINT

**B.    The Court's Dismissal Of The Original Complaint.**

Plaintiff filed this suit on November 24, 2017, more than one year after the sale of the Property.  The Complaint alleged a single cause of action for damages for violation of the Fair Debt Collection Practices Act (FDCPA).

This Court, the Honorable Howard R. Lloyd presiding, granted Trustee Corps' Motion to Dismiss Plaintiff's original Complaint.  (Dkt. No. 31.)  The Court found that most of Plaintiff's claims for violation of the FDCPA are barred by the statute of limitations, stating:

> An action to enforce any liability created by [the FDCPA] may be brought . . . within one year from the date on which the violation occurs.  15 U.S.C. § 1692k(d).  As Bushlow points out, however, the "discovery rule" applies when determining whether an FDCPA claim is timely.  Under the discovery rule, the statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the action.

> Bushlow contests the idea that his claims are time barred, but his opposition discusses only whether his complaint was timely in relation to the trustee's deed upon sale.  He does not explain why he can proceed with claims related to validation of the debt, the notice of sale, or anything that occurred before the trustee's deed upon sale was.  Moreover, the complaint does not suggest that there was any delay between Trustee Corps' pre-sale actions and Bushlow's discovery of them.  The discovery rule cannot revive those claims, and the Court cannot discern any reason why they would be equitably tolled, either.  The Court therefore ***dismisses all of Bushlow's claims, except those relating to the actual sale of the property, without leave to amend***. The question now is whether the discovery rule can save Bushlow's remaining claims.

> Trustee Corps says that Bushlow failed to adequately allege that he is entitled to application of the discovery rule.  ***On the record presented, the Court cannot tell whether the claim is timely.***  . . . [But] the Court need not reach the question because there are other defects in the complaint that are dispositive of Bushlow's remaining claims.

(*Id.* pp. 7-8 (internal quotes and citations omitted; emphasis added), quoting *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 939-41 (9th Cir. 2009).

The Court further found that most of Trustee Corps' alleged actions are not subject to the FDCPA and that Plaintiff failed to plead a cognizable FDCPA violation.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

NOTICE OF MOTION AND MOTION TO
DISMISS AMENDED COMPLAINT

[T]he FDCPA's "general" definition of debt collector does not include the trustee of a deed of trust, but the act's "narrower" definition of debt collector [under Section 1692f] *does* apply to a trustee when it acts to advance the foreclosure process. . . . As a result, a trustee can be liable under the FDCPA if it acts in violation of § 1692f, *i.e.*, "there is no present right to possession of the property"; "no present intention to take possession"; or "the property is exempt by law from such dispossession or disablement." . . .

If Trustee Corps is not a debt collector under the FDCPA, then most of Bushlow's claims must fail. To the extent that Bushlow's claims depend on categorizing Trustee Corps as falling under the "general" definition of debt collector, those claims are dismissed without leave to amend.

As to Bushlow's second argument, he does not allege enough facts to state a plausible claim that Trustee Corps enforced a security interest in violation of § 1692f(6). For starters, many of his allegations, such as "Plaintiff disputes the validity of the First Assignment" or "Plaintiff disputes the authenticity of the First Assignment," . . . are too conclusory to survive a motion to dismiss, at least without further factual development. *See Twombly*, 550 U.S. at 682. But even the more specific allegations fail to state a claim for relief that is plausible. For instance, Bushlow alleges that the 2012 assignment to Bank of America was void for lack of consideration, but he fails to explain why he believes that to be the case. Similarly, he claims that a signature on the Bank of America assignment is a forgery, but gives no indication of how he reached that conclusion. *See Iqbal*, 556 U.S. at 678 ("a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' "). The Court therefore concludes that Bushlow has not adequately alleged that Trustee Corps acted unlawfully by virtue of earlier, deficient substitutions and assignments.

(Dkt No. 31, pp. 9-10 (citations to record omitted).)

Having concluded that Trustee Corps is subject to the FDCPA only to the extent that its actions fall within the prohibitions of Section 1692f, the Court stated it "cannot say for certain that Bushlow will be unable to allege additional facts to support his allegation that Trustee Corps lacked authority to conduct the foreclosure." (*Id.* p. 10:20-22.) The Court therefore granted the motion to dismiss and granted leave to amend as to that specific claims, stating:

The motion is granted without leave to amend as to all of Bushlow's claims concerning events before the trustee's sale, and without leave to amend as to

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

1

2

3

4

any claims predicated on categorizing Trustee Corps as a "general" debt collector under the FDCPA; the motion is granted with leave to amend as to claims concerning the trustee's sale itself, and to claims predicated on categorizing Trustee Corps as a debt collector in the "narrower" sense of the term. *See Ho*, 858 F.3d 568.

5

6

7

8

Put another way, ***Bushlow must tread a narrow path if he wishes to state a claim for relief that will survive another motion to dismiss.*** He can argue that Trustee Corps is liable under the FDCPA for violating the ban on unfair practices in the enforcement of a security interest. But to do so, ***he must plead enough facts to plausibly allege that Trustee Corps lacked legal authority to advance the foreclosure process.***

9

(*Id.* p. 11:28-12:10(emphasis added).)

10

### C.    The Amended Complaint

11

12

13

14

15

16

17

18

19

20

The Amended Complaint contains 273 paragraphs consisting mostly of legal conclusions and descriptions of non-parties' interests in the Note and DOT over the course of many years.  Indeed, the first 138 paragraphs have nothing to do with Trustee Corps or GTS, which in April 2014 substituted Trustee Corps as the Trustee under the DOT.  (AC ¶¶ 139, 152, Exh. 4.)  The AC denies, in conclusory fashion, that the assignment to GTS was valid.  (*See, e.g.,* AC ¶ 142 ("[GTS] never received any beneficial ownership interest in Plaintiff's Loan Contract in any way, shape or form that would allow GTS to perform and of the Lenders (sic) duties described in the language of the DOT".)  The AC contains no specific facts supporting that and similar conclusory allegations.

21

22

23

24

25

26

Plaintiff likewise alleges in conclusory fashion that Trustee Corps "was not the duly appointed Trustee under and pursuant to Covenant 24 of Plaintiffs (sic) DOT."  (AC ¶ 182.)  The AC alleges that Trustee Corps served the NOTS advising that the Trustee's sale of the Property would take place on November 10, 2016.  (AC ¶ 176.)  It further alleges that the sale did not, in fact, occur that day as noticed.  (AC ¶¶ 187-198.)  The Trustee's Deed Upon Sale ("TDUS") was recorded on November 21, 2016.  (Exh. 7.)

27

28

Plaintiff alleges that Trustee Corps is liable under Section 1692f(6) of the FDCPA for allegedly performing the nonjudicial foreclosure sale "without any legal right to do so"

1   and when Trustee Corp "knew or should have known that "FNMA did not possess a valid
2   enforceable security interest in Plaintiff's Contract or Property;" by executing the
3   Trustee's Deed Upon Sale "without ever having possessed legal title that it could grant to
4   FNMA;" by allegedly failing to perform the foreclosure sale at the time and place
5   identified in the NOTS; and by recording the TDUS allegedly with the legal right to do so.
6   (AC ¶¶ 259-263.)  All of those claims fail as a matter of law for the reasons discussed
7   below.

8   **III.    DISCUSSION**

9       A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the
10  claims alleged.  *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th
11  Cir. 1995).  In considering such a motion, the Court may consider facts alleged in the
12  complaint, materials incorporated into the complaint by reference, and matters of which
13  the Court may take judicial notice.  *Zucco Partners LLC v. Digimarc Corp*., 552 F.3d 981,
14  989 (9th Cir. 2009).  While the Court must accept all allegations of material fact as true
15  and construe them in the light most favorable to the nonmoving party, "conclusory
16  allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6)
17  dismissal."  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  Likewise, the court
18  is not required to accept legal conclusions cast in the form of factual allegations if those
19  conclusions cannot reasonably be drawn from the facts alleged.  *Clegg v. Cult Awareness
20  Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).

21      Further, the "court need not accept as true... allegations that contradict facts that
22  may be judicially noticed by the court, and may consider documents that are in the
23  complaint whose authenticity no party questions."  *Shwarz v. United States*, 234 F.3d 428,
24  435 (9th Cir. 2000) (citations omitted).  Such "exhibits attached to the complaint, as well
25  as matters of public record may be considered in determining whether dismissal was
26  proper without converting the motion to one for summary judgment."  *Parks School of
27  Business, supra,* 51 F.3d at 1484.

28      A defendant is entitled to dismissal under Rule 12(b)(6) where the pleadings fail to

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

- 7 -

NOTICE OF MOTION AND MOTION TO
DISMISS AMENDED COMPLAINT

allege sufficient facts to demonstrate a "plausible entitlement to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 553-558 (2007).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id*. (internal quotes omitted).  Only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2008) citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal, supra,* 556 US at 678, 127 S.Ct. at 1949.  "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotes and citations omitted).

These standards, applied to the facts of this case, compel the conclusion that Plaintiff's single cause of action against Trustee Corps fails as a matter of law.

## A. Plaintiff Has Failed To Plead Facts Constituting A Plausible Claim Against Trustee Corps Under Section 1692f(6).

As Judge Lloyd ruled, the only provisions of the FDCPA that apply to Trustee Corps are those contained in Section 1692f, which applies to those engaged in the enforcement of security interests.  The AC alleges that Trustee Corps violated subdivision (6) of Section 1692f(6), which prohibits the following *specific actions*:

Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if -

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

(B) there is no present intention to take possession of the property; or

(C) the property is exempt by law from such dispossession or disablement.[3]

Neither Subdivision (B) or (C) is at issue here.  Plaintiff does not claim that Trustee Corps acted without a present intention to foreclose on the Property, as prohibited by subdivision (B).  Indeed, as Judge Lloyd noted, "the trustee's sale undercuts any argument that Trustee Corps ever acted without the 'present intention to take possession of the property'."  (Dkt. No. 31, p. 10:17-18.)  Nor does Plaintiff allege that the Property was exempt from foreclosure, as described under subdivision (C).

Further, for the following reasons, none of the claims alleged at Paragraphs 259 to 263 of the AC constitute a viable claim for violation of the specific provisions of Subdivision (A) of Section 1692f.

1.   The Claim In Paragraph 261 Fails Because Section 1692f(6) Does Not Prohibit Irregularities In Trustee's Sales.

Paragraph 261 alleges Trustee Corps violated Section 1692f(6) by failing to proceed with the Trustee's sale as stated in the NOTS:

On November 16, 2016, Defendant specifically violated 15 USC 1692f(6) by taking a nonjudicial action by executing the TDUS when a legal sale, described in the NOTS, of Plaintiff's property had not taken place in an effort to unlawfully repossess Plaintiff's property.

That claim fails because Section 1692f(6) very specifically states the conduct that it prohibits, and that conduct does not include failing to proceed with a Trustee's sale as noticed, nor does it include irregularities in the sale.  Since the conduct alleged in

---

[3] While cases in this Circuit have found that Section 1692f(6) may apply to a foreclosure trustee, those cases have not discussed the difficulty of applying the express language of that subsection to a foreclosure sale of real property.  Section 1692f(6) speaks of taking "possession of" or "disabling" property.  Those are the types of actions, for example, that can be taken by a repossessor of personal property, such as a car.  However, a foreclosure sale does not affect possession of property, but only affects title.  In order to obtain possession of the property, the purchaser would have to evict any person on the property after the purchaser obtains title through the foreclosure sale.  Thus, Section 1692f does not appear on  its face to apply to those engaged in foreclosure of interests in real property.

Paragraph 261 is not conduct that is described in Section 1692f(6), the allegations in that Paragraph fail to state a claim on which relief can be granted.

2.   The Exhibits To The AC Establish That Trustee Corps Was Legally Entitled To Perform The Actions Necessary For The Foreclosure Sale.

Paragraphs 259-260 and 262-263 of the AC allege that Trustee Corps performed the Trustee's sale "without any legal right to do so," and while Trustee Corps "knew or should have known that FNMA did not possess a valid enforceable security interest in Plaintiff's Contract or Property." Those claims are based on Plaintiff's allegations that there were defects in the assignments of the DOT to BANA, to GTS and to FNMA. Those claims are belied by the documents attached to the AC.

"Because a promissory note is a negotiable instrument, a borrower must anticipate that it can and might be transferred to another creditor. As to [the borrower] an assignment merely substituted one creditor for another without changing [his] obligations under the note." *Rockridge Trust v. Wells Fargo, supra,* 985 F. Supp.2d at 1110, 1146 (N.D.Cal 2013), *quoting Herrera v. Federal National Mortgage Assn.,* 205 Cal.App.4th 1495, 1507 (2012). An assignment of a note and DOT transfers all of the original lender's rights and obligations thereunder to the assignee.

Here, the DOT expressly states:

Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

(Exh. 1 at p. 3.) MERS exercised that express right when it assigned the DOT to Bank of America N.A. ("BANA") in 2012. (Exh. 2.) That assignment includes all of the information required under the Paragraph 24 of the DOT. (Exh. 2; Exh 1 p. 13.) BANA then stepped into the shoes of the original Lender. *See, e.g. In Re Boyajian*, 564 F.3d 1088, 1091 (9th Cir. 2009) ("under general principles of assignment law an assignee steps

1   into the shoes of the assignor").  BANA was therefore free to assign the DOT to Green

2   Tree, as it did in 2013.  (Exh. 3.)  Green Tree, as assignee and beneficiary under the DOT,

3   was then entitled to appoint Trustee Corps as Substituted Trustee, which it did in 2014.

4   (Exh. 4.)  Trustee Corps was therefore entitled to perform the foreclosure sale and all of

5   the associated actions, including recording the TDUS.

6        Plaintiff alleges that these assignments are invalid due to allegedly improper

7   signatories, for example.  However, as Judge Lloyd noted, Plaintiff's allegations "are too

8   conclusory to survive a motion to dismiss, at least without further factual development."

9   (Dkt No. 31 p. 9:26-10:1.)  The AC does nothing to cure that deficiency in the pleading.

10            3.    Plaintiff Lacks Standing To Challenge The Validity Of the
                    Assignments Of The DOT.
11

12       Even if Plaintiff were able to allege more specific facts regarding the legitimacy of

13   the assignments of his DOT, it would make no difference because he has no standing to

14   challenge their legitimacy.  As the court explained in *Flores v. EMC Mortgage Co.*, 997

15   F.Supp.2d 1088, 1104-1105 (E.D.Cal. 2014):

16       Plaintiffs appear to assert standing to challenge [as] void assignment of Mr.
         Flores' loan in that "the entity claiming to be the noteholder was not the true
17       owner of the note," "foreclosure was not concluded at the direction of the
         correct party," and "the assignment to the securitized trust was at the outset
18       invalid."  . . .

19
         Defendants validly challenge plaintiffs' standing to pursue claims arising
20       from securitization of Mr. Flores' loan.  "As an unrelated third party to the
         alleged securitization, and any other subsequent transfers of the beneficial
21       interest under the promissory note, Jenkins [plaintiff borrower] lacks
         standing to enforce any agreements, including the investment trust's pooling
22       and servicing agreement, relating to such transactions." *Jenkins v. JP
         Morgan Chase Bank, N.A.*, 216 Cal.App.4th 497, 515 (2013); see *In re
23       Correia*, 452 B.R. 319, 324–325 (1st Cir. BAP 2011) (debtors lacked
         standing to raise violations of pooling and service agreement). "To the
24       extent Plaintiff challenges the securitization of his loan because Freddie
         Mac [defendant] failed to comply with the terms of its securitization
25       agreement, Plaintiff has no standing to challenge the validity of the
         securitization of the loan as he is not an investor of the loan trust." *Bascos v.
26       Federal Home Loan Mortg. Corp.*, 2011 WL 3157063, at *6 (C.D.Cal.
27

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

- 11 -                         NOTICE OF MOTION AND MOTION TO
                               DISMISS AMENDED COMPLAINT

2011).

> The complaint's claims arising from allegations as to securitization of Mr.
> Flores' loans fail as legally deficient given plaintiffs' absence of standing.

(Parallel citations omitted.) *See also, Christie v. Bank of N.Y. Mellon, N.A.*, 617 F. App'x
680, 681 (9th Cir. 2015) ("As a borrower, Christie does not have standing under
California law to challenge irregularities in the assignment of her Note or Deed of Trust
because those instruments are negotiable and her obligations thereunder remain
unchanged even if her creditor changes"); *Snell v. Deutsche Bank Nat. Trust Co.,* 2014
WL 325147, at *5 (E.D.Cal. 2014) ("Plaintiff's claims based on alleged violation of the
[pooling and servicing agreement] are not viable"); *Newman v. Bank of New York Mellon,*
2013 WL 5603316, at *3, n. 2 (E.D.Cal. 2013) ("this Court will continue to follow the
majority rule" that a borrower lacks standing to challenge the validity of an assignment of
his deed of trust); *Johnson v. PNC Mortgage*, 80 F.Supp.3d 980, 989-990 (N.D.Cal. 2015)
(plaintiff may not challenge the validity of assignments where "nothing about the alleged
infirmities in those documents [] has altered [plaintiffs'] payment obligations under their
note or the substantive foreclosure rights that may be asserted against them after a
default"); *Nan Hui Chen v. Deutsche Bank Nat'l Trust Co.,* 2014 WL 2738071 *8
(N.D.Cal. June 9, 2014); *Banares v. Wells Fargo Bank, N.A.*, 2014 W L 985532 (N.D.Cal.
March 7, 2014) (listing cases in this District holding that a borrower lacks standing to
challenge assignments of his or her deed of trust).

Plaintiff is not a third party beneficiary of any of the assignments of the DOT, and
his obligations to pay his mortgage were unaffected by any of the transfers.  Further,
Plaintiff has not pleaded facts showing any prejudice from any irregularity as to any
assignment.  Since Plaintiff has no standing to challenge any of the assignments of the
DOT, he has no viable claim in this action based upon his assertion that Green Tree was
not authorized to appoint Trustee Corps as the Substituted Trustee.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

- 12 -

NOTICE OF MOTION AND MOTION TO
DISMISS AMENDED COMPLAINT

1

2

4.    <u>Plaintiff's Claims Regarding The Validity Of The</u>
<u>Assignments Of His DOT Are Also Barred By Collateral</u>
<u>Estoppel.</u>

3

4

5

Most of Plaintiff's claims against Trustee Corps are based on the allegation that GTS had no authority to substitute Trustee Corps as the trustee for the DOT because the various assignments of the DOT, culminating in the assignment to GTS, were flawed.

6

7

8

***Plaintiff has already unsuccessfully litigated that identical issue*** against GTS itself in the State court and lost.  He is barred by the doctrine of collateral estoppel from re-litigating that issue here.

9

10

11

12

13

14

"[T]he doctrine of issue preclusion, or collateral estoppel, prevents relitigation of all 'issues of fact or law that were actually litigated and necessarily decided' in a prior proceeding, regardless of the claim to which they relate."  *Ghalehtak v. Fay Servicing*, --- F.3d ---, 2018 WL 1456682 (March 23, 2018) *citing Segal v. Am. Tel. & Tel. Co.*, 606 F.2d 842, 845 (9th Cir. 1979); *Americana Fabrics, Inc. v. L & L Textiles, Inc.*, 754 F.2d 1524, 1529 (9th Cir. 1985).  Collateral estoppel applies where:

15

16

17

> (1) the issue at stake is identical to an issue raised in the prior litigation; (2) the issue was actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action.

18

19

*Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1321 (9th Cir. 1992).  All of those criteria are met here.

20

21

22

In his State court lawsuit, Plaintiff alleged, as he does here, that GTS was not authorized to initiate a non-judicial foreclosure by virtue of the assignment of the DOT to it.  Plaintiff's Fourth Amended Complaint in that case alleged in pertinent part:

23

24

> 180.  Upon information and belief, GTS is only a purported assignee of BANA (another servicer and deb collector) by way of a disputed "Assignment", and is not a creditor or lender. . . .

25

26

> 182.  Upon information and belief, GTS has not received authorization to foreclose from the TRUE OWNERS of the MBS that my Note and Deed of Trust may be in, and therefore have no right to foreclose on my property on any other person or entity's behalf.

27

28

(RJN Exh. A, *see also* ¶¶ 180-189 therein.)  GTS demurred to the Fourth Amended

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

- 13 -

NOTICE OF MOTION AND MOTION TO
DISMISS AMENDED COMPLAINT

1    Complaint.  (RJB Exh. C.)  The Demurrer noted, "Plaintiff's challenge to the [recorded]

2    documents at issue is not based on an allegation that the documents contain substantively

3    inaccurate information, but rather on Plaintiffs contentions that: (a) the documents were

4    executed on behalf of parties without authority to foreclose on the Property, and (b) that

5    the titles of the persons who executed the documents were inflated."  (RJN Exh. C p 4:16-

6    19.)  Those are essentially the same assertions Plaintiff makes here.  (See, e.g., AC ¶¶ 55,

7    102-103, 107, 142, 158.)  For example, the AC alleges:

8          136.  Plaintiff disputes the validity of the SADOT [Second Assignment of
           DOT to GTS] in its entirety.

9

10         142.  Green Tree Servicing, LLC ("GTS") never received any beneficial
           ownership interest in Plaintiff's Loan Contract in any way, shape or form
           that would allow GTS to perform any of the Lenders duties described in the
11         language of the DOT.

12         158.  GTS did not ever receive any beneficial ownership interest in
           Plaintiff's Contract that would allow GTS to substitute the Trustee.
13

14    (AC ¶¶ 136, 142, 158.)

15       GTS's demurrer in Plaintiff's State court case was made on the grounds that

16    Plaintiff' challenge to the validity of the assignments of the DOT were legally

17    insupportable  (Exh. B pp. 4:21-7:26) and that Plaintiff did not and could not allege that

18    he suffered any prejudice as the result of any alleged irregularities in the assignments (*Id.*

19    pp, 8:1-10:11.)  The Superior Court sustained GTS's demurrer without leave to amend,

20    and judgment was entered for GTS.  (Exh. D.)

21       Thus, the identical issue upon which Plaintiff relies for most of his claims – *i.e.*,

22    that the series of assignments of his DOT culminating in the assignment to GTS was

23    flawed and rendered GTS incapable of substituting Trustee Corps as the trustee – was

24    litigated to a final judgment in Plaintiff's prior action.  He may not re-litigate that issue

25    here.

26       The recent case of *Ghalehtak v. Fay Servicing, supra*, illustrates the application of

27    collateral estoppel to virtually identical circumstances.  In that case, the defaulting

28    plaintiffs' DOT had been assigned serval times over the years, and was ultimately held by

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

- 14 -

NOTICE OF MOTION AND MOTION TO
DISMISS AMENDED COMPLAINT

1  FNBN I, LLC ("FNBN").  FNBN then substituted Trustee Corps as trustee under the

2  DOT, and Trustee Corps initiated a Trustee's sale of the property.  F.3d ---, 2018 WL

3  1456682 *1.  The plaintiffs challenged Trustee Corps' authority to do so, claiming that the

4  transfer of their DOT to FNBN was invalid.  *Id.* *3.  The Court held that claim was barred

5  because, in an earlier suit against FNBN (to which Trustee Corps was not a party), the

6  Court had held that FNBN was, in fact, the "lender" under the DOT.  *Id.* *4-5.

7  　　　　The same result is required here.  As noted, the ***identical issue*** that underlies most

8  of Plaintiff's claims in this case has already been adjudicated against Plaintiff.  That issue

9  was actually litigated in the prior action and was a necessary part of the judgment in that

10  case.  (Exhs. C and D.)  The judgment in that case is final.

11  　　　　It matters not at all that Trustee Corps was not a party to Plaintiffs' earlier action. It

12  is apparent on the face of the AC that GTS and Trustee Corps are in privity, as Trustee

13  Corps' status as substituted trustee derives from the SOT issued by GTS.  (Exh. 4.) *See*

14  *Janeece Fields v. Bank of New York Mellon*, 2017 WL 1549464, at *3 (N.D. Cal. May 1,

15  2017) (successor servicer and trustee had privity to lender who was party in previous

16  suit)*; Sepehry-Fard v. Select Portfolio Servicing, Inc.,* 2015 WL 1063070, at *5 (N.D.

17  Cal. Mar. 10, 2015).  Nor is it relevant that the claims asserted in this case under the

18  FDCPA are different than the state law claims made in the prior suit.  What is relevant is

19  that the same issue – the validity of GTS' role as assignee of Plaintiff's DOT – was raised

20  and decided in the earlier action.

21  　　　　For all of the above reasons, Plaintiff's claims for violation of the FDCPA fail as a

22  matter of law.

23  　　　　**B.　　The AC Is Barred In Its Entirety By The Statute Of Limitations.**

24  　　　　A claim under the FDCPA must be brought "within one year from the date on

25  which the violation occurs."  15 U.S.C. § 1692k(d); *Lyons v. Michael & Associates*, 824

26  F.3d 1169, 1171 (9th Cir. 2016).  Here, all of the actions alleged to constitute violations of

27  the FDCPA occurred more than one year prior to the filing of the original Complaint on

28  November 24, 2017. (AC ¶¶ 259-261, 263 (alleging actions taken on November 16,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

- 15 -

NOTICE OF MOTION AND MOTION TO
DISMISS AMENDED COMPLAINT

1    2016); ¶ 229, 262 (Trustee's Deed Upon sale courted November 21, 2016.)

2         In his opposition to Trustee Corps' motion to dismiss the original Complaint,

3    Plaintiff attempted to avoid the statute of limitations by arguing that he did not discover

4    the existence of the Trustee's Deed Upon Sale ("TDUS") until November 30, 2016.

5    (Comp. ¶ 408.)  As Trustee Corps pointed out in its Reply on that motion, Plaintiff failed

6    to allege facts sufficient to warrant application of the discovery rule.  Judge Lloyd agreed,

7    stating, "On the record presented, the Court cannot tell whether the claim is timely [by

8    application of the discovery rule].)  *Bushlow, supra,* 2018 WL 1745803 *4. Nevertheless,

9    the AC fails to allege any additional facts that would justify application of the discovery

10   rule.

11         "A plaintiff who intends to rely on the "discovery rule" must specifically plead

12   facts which show (1) the time and manner of discovery and (2) the inability to have made

13   earlier discovery despite reasonable diligence."  *Mortkowitz v. Texaco Inc.*, 842 F.Supp.

14   1232, 1238 (N.D. Cal. 1994).  *See also Cal. Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402,

15   1407 (9th Cir. 1995) ("a plaintiff must allege specific facts establishing the applicability

16   of the discovery-rule exception").  "Formal averments or general conclusions to the effect

17   that the facts were not discovered until a stated date, and that the plaintiff could not

18   reasonably have made an earlier discovery, are useless."  *Waldrup v. Countrywide*

19   *Financial Corp.*, 2014 WL 1463881, at *5 (C.D.Cal. Apr. 24, 2014) *quoting Anderson v.*

20   *Brouwer,* 99 Cal.App.3d 176, 182 (1979).

21         In his AC, as in his original complaint, Plaintiff merely alleges that he "did not

22   discover the existence of the TDUS until November 30, 2016 at 10:12 AM."  (AC ¶ 231.)

23   ¶ 408.)  The specificity of the hour at which he allegedly "discovered" the TDUS does not

24   substitute for the specific pleading requirements for the discovery rule.

25         Thus, for the same reason that Judge Lloyd could not determine that the discovery

26   rule could properly be applied to the facts alleged, in the Complaint, Plaintiff has again

27   failed to allege facts in the AC sufficient to justify his failure to timely file this action.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

NOTICE OF MOTION AND MOTION TO
DISMISS AMENDED COMPLAINT

1    IV.    **CONCLUSION**

2            For all of the above reasons, Trustee Corps respectfully requests that the Amended

3    Complaint be dismissed in its entirety and without further leave to amend.

4    Dated: June 8, 2018                    BURKE, WILLIAMS & SORENSEN, LLP

5

6                                           By: /s/ Gail E. Kavanagh

7                                               Richard J. Reynolds
                                               Gail E. Kavanagh
8                                               Attorneys for Defendant
                                               MTC Financial Inc. dba Trustee Corps, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

- 17 -

NOTICE OF MOTION AND MOTION TO
DISMISS AMENDED COMPLAINT