1   Richard J. Reynolds (SBN 89911)
    E-mail: rreynolds@bwslaw.com
2   Gail E. Kavanagh (SBN 154705)
    E-mail: gkavanagh@bwslaw.com
3   BURKE, WILLIAMS & SORENSEN, LLP
    1851 East First Street, Suite 1550
4   Santa Ana, CA 92705-4067
    Tel: 949.863.3363   Fax: 949.863.3350
5
    Attorneys for Defendant
6   MTC Financial Inc. dba Trustee Corps, Inc.
    [erroneously sued as "MTC Financial d/b/a
7   Trustee Corp, Inc."]

8                       UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11

12  | DAVID BUSHLOW, | Case No. 5:17-cv-06771- VKD |
|---|---|
13  | Plaintiff, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT MTC FINANCIAL, INC.'S MOTION TO DISMISS AMENDED COMPLAINT** |
14  | v. | |
15  | MTC FINANCIAL d/b/a TRUSTEE CORP, INC. , | Date: July 24, 2018 |
16  | Defendant. | Time: 10:00 a.m. |
    | | Place: San Jose Courthouse |
17  | | Courtroom 2 – 5th Floor |
    | | 280 South 1st Street, San Jose, CA |
18  | | Action Filed: November 24, 2017 |
19

20          Defendant MTC FINANCIAL INC. dba TRUSTEE CORPS, INC. ("Trustee

21  Corps"), hereby requests, pursuant to Federal Rules of Evidence, Rule 201, that the Court

22  take judicial notice of the following records and documents.

23          1.      The Fourth Amended Complaint filed in *Bushlow v. Bank of American, N.A.*

24  *et al*, in the Superior Court of the State of California, Mono County, Case No. CV130080.

25  A true and correct copy of the Fourth Amended Complaint, exclusive of its more than 360

26  pages of exhibits, is attached hereto as **Exhibit A**.

27          2.      The Mono County Superior Court Register of Actions for *Bushlow v. Bank*

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

1   *of American, N.A. et al,* in the Superior Court of the State of California, Mono County,

2   Case No. CV130080.  A true and correct copy of the Register of Actions is attached

3   hereto as **Exhibit B**.

4        3.     The Memorandum of Points and Authorities in Support of Green Tree

5   Servicing LLC's Demurrer to Plaintiff's Fourth Amended Complaint  field on December

6   1, 2014 in *Bushlow v. Bank of American, N.A. et al,* in the Superior Court of the State of

7   California, Mono County, Case No. CV130080, a true and correct copy of which is

8   attached hereto as **Exhibit C.**

9        4.     The Notice of Entry of Judgment for Green Tree Servicing LLC, filed on

10  March 16, 2015 in *Bushlow v. Bank of American, N.A. et al,* in the Superior Court of the

11  State of California, Mono County, Case No. CV130080, a true and correct copy of which

12  is attached hereto as **Exhibit D**.

13       The Court is authorized to take judicial notice of the above documents and the

14  contents thereof because they "can be accurately and readily determined from sources

15  whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.  It is well-

16  established that the Court can take judicial notice of officially recorded documents,

17  including court dockets and documents filed in other cases. *See, e.g., In re Loy,* 557 B.R.

18  569, 578 (Bankr. N.D.Ohio 2016) (court make take judicial notice of State court judgment

19  to determine whether re judicata bars action); *Ewing v. Superior Court of California,* 90

20  F.Supp.3d 1067, 1071 ftn 1 (S.D.Cal. 2015) (in case challenging constitutionality of

21  stalking statute, court will take judicial notice of documents filed in plaintiff's state court

22  criminal case, including the judgment).  "Federal courts 'may take judicial notice of

23  proceedings in other courts, both within and without the federal judicial system, if those

24  proceedings have a direct relation to the matters at issue'." *Pulte Home Corporation v.*

25  *TIG Insurance Company,* --- F.Supp.3d ----, 2018 WL 2229370 (S.D. Cal. May 16, 2018)

26  *quoting United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971

27  F.2d 244, 248 (9th Cir. 1992).   See also *In re Greenstein,* 576 B.R. 139, 171 ftn 14

28  (Bankr. C.D.Cal. 2017) (court will take judicial notice of court filings to the extent that

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

SF #4846-0782-6024 v1
06190-1557

- 2 -

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT

1    are "file-stamped or certified documents that are a matter of public record").

2        All of the documents of which the Court is requested to take judicial notice are file-

3    endorsed State court filings and the official Register of Actions from the Mono County

4    Superior Court.  For all of the above reasons, Trustee Corps respectfully requests that the

5    Court to grant its request and take judicial notice of Exhibits A through D hereto.

6    Dated: June 8, 2018                BURKE, WILLIAMS & SORENSEN, LLP

7

8

9                            By: /s/ Gail E. Kavanagh
                                 Richard J. Reynolds
10                               Gail E. Kavanagh
                                 Attorneys for Defendant
11                               MTC Financial Inc. dba Trustee Corps, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

SF #4846-0782-6024 v1
06190-1557                    - 3 -              REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
                                                 MOTION TO DISMISS AMENDED COMPLAINT

Exhibit A

1   David Eric Bushlow©, Sui Juris, Non Resident, Non-Domestic
    Lat.37°32'4.8834", Long.118°21'57.2754"
2   C/O 52 Sacramento Street, near Bishop
    Mono county, California Republic
3   United states of America
    760.872.0968
4

5   In Propria Persona                    TRACER#    7011 3500 0002 0882 9268

6   All Rights Reserved
    Without Prejudice
7

8                          **Superior Court of the State of California**

9                                **For the County of Mono**

10

11  David Eric: Bushlow©, Sui Juris, a flesh and blood )    Case No.  CV130080

12  man,                                              )    [Assigned for all purposes to the
                                                      )    Honorable Stan Eller]
13                                                    )
              vs.                                     )    **UNLIMITED CIVIL, DEMAND OVER $25,000**
14                                                    )
    BANK OF AMERICA, N.A., RECONTRUST                 )     **FOURTH AMENDED COMPLAINT FOR:**
15                                                    )    **1. VIOLATION OF CAL. CIVIL CODE 2924.17**
    COMPANY, N.A. , MORTGAGE ELECTRONIC               )    **(Specifically against Green Tree Servicing, LLC)**
16                                                    )    Date:
    REGISTRATION SYSTEMS, INC, GREEN TREE             )    Time:.
17                                                    )    Dept:
    SERVICING, LLC,  Does 1-100, inclusive,           )
18                                                    )    Initial Complaint Filed: July 24, 2013
              Defendants.                             )    Trial Date: None Set
19                                                    )
                                                      )    JURY TRIAL DEMANDED
20                                                    )
                                                      )
21                                                    )
                                                      )
22                                                    )
                                                      )
23                                                    )
                                                      )
24                                                    )
                                                      )
25                                                    )
                                                      )
26                                                    )
                                                      )
27                                                    )

28

                                        - 1 -
                          **FOURTH  AMENDED  COMPLAINT**

**VERIFIED FOURTH AMENDED COMPLAINT of Plaintiff David Bushlow**

COMES NOW, David Eric Bushlow©, Sui Juris, in this FOURTH AMENDED COMPLAINT and concurrently filed docu and hereby complain and allege as follows:

**I. STATEMENT OF THE CASE**

1. I, David Eric Bushlow©, Sui Juris allege that ALL Defendants are third-party strangers to my alleged mortgage loan and have no ownership interest entitling them to collect payment or declare a ALLEGED default. By hiding behind the complexities of the mortgage finance system, Defendants brazenly attempt to dupe myself (and millions of other America homeowners) into believing that they have the right to collect on a debt in which Defendants have no ownership interest or right to enforce under the California Commercial Code. In an attempt to further their fraudulent scheme and create the air of propriety surrounding their debt collection efforts, Defendants have resorted to "papering the file" by blatantly fabricating documents, employing individuals who have no authority or personal knowledge of the facts to which they attest, and falsely representing to me and **to the Court** that they have the right to take my land and home away without the lawful or legal right to do so. Not only is Defendants conduct a criminal violation of California's Mortgage Fraud Statute, Cal. Penal Code section 532(f)(a)(4), and an affront to long-standing property laws, but their reliance on fabricated and forged documents undermines the integrity of the judicial system. Through this action, I, David Eric Bushlow©, Sui Juris seek to stop Defendants fraudulent practices, discover the true holder in due course of my alleged Promissory Note ("Note"), my TRUE CREDITOR and determine the status of Defendants claims.

**II. PARTIES AND JURISDICTION**

2.   I, David Eric Bushlow©, Sui Juris is and at all times mentioned herein are, one of the people, not a fictional person or an accomodation party or surety party for a legal fiction, over the age of majority, living on the land of Chalfant Valley, County of Mono, Republic of California, in a single family residence of only one unit, and am the owner of certain real property commonly known as 52 Sacramento Street , Bishop , California, 93514-9462 ("the Property") which is legally described as follows: **LOT 3, BLOCK 3, WOLBACH'S SUBDIVISION, IN THE COUNTY OF MONO, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 5, PAGES 41**

AND 41A OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, APN# :26-291-003

3.      At all relevant times, Bank of America, N.A (BANA), is a National Association organized under the laws of the United States with its principal place of business in North Carolina. At the times hereupon complained of Defendant BANA was acting as Servicer and/or purported "Beneficiary" of the Deed of Trust.

4.      Defendant, RECONTRUST COMPANY, N.A. (Recontrust), is a wholly owned subsidiary of Bank of America, N.A. and,  based upon information and belief, was at all relevant times mentioned herein, engaged in the business of title insurance, banking services, foreclosure, and acting as trustee for banks, mortgage holders and lien holders. At the times hereupon complained of, Defendant was acting as though it was the purported trustee of the Deed of Trust.  RECONTRUST was not registered with the California Secretary of State's Office at the time of the Substitution of Trustee. Further, upon information and belief Recontrust is no longer conducting business  as an alleged trustee in the State of California as of May 1, 2014

5.      Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC,(MERS),  upon information and belief, is doing business allegedly as document custodian and as a tracking system for mortgage servicing rights . At all times hereupon complained of, Defendant was acting as though it was the purported "beneficiary" of the Deed of Trust, and at the same time as purported "Nominee" of "Lender" (SCME Mortgage Bankers) and Lenders successors and assigns.

6.      Defendant, GREEN TREE SERVICING, LLC, (GTS), upon information and belief, is a California Corporation and is in the business of mortgage servicing with its principal place of business in Minnesota. At all times hereupon complained of, Defendant was acting as though it was the purported "beneficiary" of the CANCELLED Deed of Trust, when in truth GTS is only a mortgage servicer and has no right to enforce my note.

7.      Hereinafter the Defendants referenced in Paragraphs  3, 4, 5 and 6 will be referred to collectively as "Defendants" unless otherwise noted.

8.      This court is the proper court for trial in this action in that the Property is within this Court's jurisdictional area.

9.      I am unaware of the true names or capacities, whether they are individuals or business entities, of Defendants DOES 1 through 100, and therefore sues them by such fictitious

- 3 -
**FOURTH AMENDED COMPLAINT**

names and will seek leave of this Court to insert true names and capacities once they have been ascertained.

10.     At all times mentioned herein, Defendants, and each of them, inclusive of DOES 1 through 100, were authorized and empowered by each other to act, and did so act, as agents of each other, and all of the things herein alleged to have been done by them were done in the capacity of such agency.  Upon information and belief, all Defendants are responsible in some manner for the events described herein and are liable to Plaintiff for the injuries, damages and harm they have incurred.

11. Whenever reference is made in this Complaint to any act of Defendant(s), that allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

12. Any allegation about acts of any corporate or other business Defendant means that the corporation or other business did the acts alleged through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

13. At all relevant times, each Defendant committed the acts, caused or directed others to commit the acts, or permitted others to commit the acts alleged in this Complaint.  Additionally, some or all of the Defendants acted as the alleged agent of the other Defendants, and all of the Defendants acted within the scope of their alleged agency if acting as an alleged agent of the other.

14. At all relevant times, each Defendant knew or realized that the other Defendants were engaging in or planned to engage in the violation of law alleged in this Complaint.  Knowing or realizing that the other Defendants were engaging in or planning to engage in unlawful conduct, each Defendant nevertheless facilitated the commission of those unlawful acts, and thereby aided and abetted the other Defendants in the unlawful conduct.

**III. STATEMENT OF FACTS.**

15.     On or about April 18, 2006, I executed a Note and Deed of Trust in favor SCME MORTGAGE BANKERS, INC (hereinafter "SCME" or Lender)  to purchase the Property with a woman, Catherine Hall.  MERS was named on the Deed of Trust as the purported "nominee" and purported "beneficiary" of the Deed of Trust.

16.     To secure payment of the note, I signed and had delivered to SCME MORTGAGE BANKERS, INC a Deed of Trust signed on or about April 18, 2006 in which I and Catherine Hall (as TRUSTORS/GRANTORS/SETTLORS) conveyed to STEWART TITLE COMPANY OF SAN DIEGO, A

CALIFORNIA CORPORATION(as trustee) an interest in the Property as security for payment of the note to Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (as beneficiary and nominee?)(See Attached Exhibit 1, and incorporated by reference).

17.    On or about May 7, 2012 , Defendant Bank of America, N.A. caused a purported Assignment of Deed of Trust to be recorded with the County of Mono(See Attached Exhibit 2, and incorporated by reference).

18. On or about May 31, 2012 I received a letter from Defendant BANA clearly stating that they are the SERVICER of my alleged loan and are a Debt Collector (See Attached Exhibit 3, and incorporated by reference).

19. On August 30, 2012 Defendant BANA executed a purported Substitution of Trustee in favor of Defendant ReconTrust  with Karen Krajci as Notary Public.

20. On September 5, 2012 Defendant ReconTrust  caused to be filed in the Mono County Recorders Office that same purported Substitution of Trustee, referenced in paragraph 19, as Document # 201200463(See Attached Exhibit 4, and incorporated by reference). .

21. On September 5, 2012  Recontrust filed into the Mono County Recorders Office a purported "Notice of Default" alleging a default of the Promissory Note as Document # 2012004634(See Attached Exhibit 5, and incorporated by reference).

22. On or about September 10, 2012 I got in the mail several Debt Validation letters from Defendant ReconTrust  informing me of my right to contest the alleged debt(See Attached Exhibit 6, and incorporated by reference).

23. On or about September 19, 2013  I caused to be filed into the National Republic Registry a Common Law Copyright Notice(See Attached Exhibit 7, and incorporated by reference).

24. On September 26, 2012  I caused to be filed into the California Secretary of State Office a UCC-1 Financing Statement(See Attached Exhibit 8, and incorporated by reference).

25. On October 4, 2012  I executed an "Affidavit of reservation of rights UCC 1-308/1-207" through my Notary Public, Susan Jane Booth(See Attached Exhibit 9, and incorporated by reference).

**FOURTH AMENDED COMPLAINT**

26. On October 4, 2012 I executed a "Common Law Copyright Notice" through my Notary Public, Susan Jane Booth(See Attached Exhibit 10, and incorporated by reference).

27. On October 5, 2012 I caused to be mailed through my Notary Public, Susan Jane Booth, four (4) letters contesting the alleged debt and asking for information concerning my alleged loan(See Attached Exhibit 11, and incorporated by reference).

28. These letters, referenced in paragraph 31, were sent third-party proof of service via US Certified Mail, Return Receipt Requested with clear instruction on the address and method of mailing to send all return correspondence to and was received by Defendants in a timely fashion(See Attached Exhibit 12, and incorporated by reference).

29. On October 30, 2012 I caused to be filed into the Mono County Recorders Office a Certified Copy of a UCC-1 Financing Statement with a UCC Financing Statement ADDENDUM(See Attached Exhibit 13, and incorporated by reference)..

30. On October 30, 2012 I caused to be mailed through my Notary Public, Susan Jane Booth, a "CONDITIONAL ACCEPTANCE OF DEBT UPON PROOF OF CLAIM, COUNTERCLAIM IN COMMON LAW/NOTICE OF DEBT DISPUTE"(See Attached Exhibit 14 and incorporated by reference).

31. My CONDITIONAL ACCEPTANCE OF DEBT letter was sent Notary Proof of Service, US Certified Mail, Return Receipt Requested, with specific instructions of where and how to mail return correspondence concerning this letter and was received by Defendants in a timely fashion(See Attached Exhibit 15 and incorporated by reference).. .

32. On or about November 5, 2012 my Notary, Susan Jane Booth, received Via FedEx a letter from an agent of Defendant BANA concerning correspondence dated October 29, 2012(See Attached Exhibit 16, and incorporated by reference).

33. The letter received on or about November 5, 2012 clearly states that the alleged owner of this alleged loan and the promissory note is Fannie Mae, and that Defendant BANA is a debt collector.

34. On November 19, 2012 I caused to be mailed through my Notary Public, Susan Jane Booth, a "NOTICE OF FAULT AND OPPORTUNITY TO CURE" letter(See Attached Exhibit 17 and incorporated by reference).

35. My NOTICE OF FAULT AND OPPORTUNITY TO CURE  letter was sent Notary Proof of Service, US Certified Mail, Return Receipt Requested, with specific instructions of where and how to mail return correspondence concerning this letter and was received by Defendants in a timely fashion(See Attached Exhibit 18 and incorporated by reference)..

36. On November 19, 2012 I caused to be mailed through my Notary Public, Susan Jane Booth, a "NOTICE OF FINAL DEFAULT/DEFAULT, /NOTICE OF ESTOPPEL/ESTOPPEL" letter(See Attached Exhibit 19, and incorporated by reference).

37. My NOTICE OF FAULT AND OPPORTUNITY TO CURE  letter was sent Notary Proof of Service, US Certified Mail, Return Receipt Requested, with specific instructions of where and how to mail return correspondence concerning this letter and was received by Defendants in a timely fashion(See Attached Exhibit 20 and incorporated by reference)..

38. On or about November 29, 2012 my Notary Public, Susan Jane Booth, received via FedEx a letter from Defendant BANA. concerning correspondence dated October 29, 2012(See Attached Exhibit 21, and incorporated by reference).

39. The letter clearly states that the Note is allegedly owned by Fannie Mae, and that Defendant BANA is a debt collector.

40. On December 4, 2012 I cause to be filed a "NOTICE OF INTENT TO PRESERVE AN INTEREST" with an accompanying "VERIFIED CLAIM IN SUPPORT OF NOTICE OF INTEREST" with attached exhibits in response to poor and inadequate responses to my letters to Defendants Bank of America, N.A., and purported trustee ReconTrust  and Mortgage Electronic Registration Systems, Inc (See Attached Exhibit 22, and incorporated by reference).

41. On January 7, 2013  purported trustee Defendant Recontrust filed into the Mono County Recorders Office a purported "Notice of Trustee Sale" as Document # 2013000086(See Attached Exhibit 23, and incorporated by reference).

FOURTH AMENDED COMPLAINT

42. On January 16, 2013 I caused to be mailed by my Notary Public, Susan Jane Booth, a "NOTICE OF FRAUD AND INTENT TO LITIGATE", and a "NOTICE OF MISTAKE/NOTICE OF DISPUTE/CEASE AND DESIST" to Defendants Bank of America, N.A. and ReconTrust Company, N.A.(See Attached Exhibit 24 and Exhibit 25, and incorporated by reference)

43. The letters referenced in paragraph 42 were sent via Notary Proof of Service, US Certified Mail, Return Receipt Requested and were received by Defendants Bank of America, N.A. and purported trustee Recontrust  in a timely fashion(See Attached Exhibit 26, and incorporated by reference)..

44. On June 5, 2013 purported trustee Defendant Recontrust filed into the Mono County Recorders Office a purported "Notice of Trustee Sale" as Document # 2013003110(See Attached Exhibit 27, and incorporated by reference).

45. On June 19, 2013 I caused to be mailed a "NOTICE OF CEASE AND DESIST", and a "AFFIDAVIT OF NOTICE OF REVOCATION OF POWER OF ATTORNEY AND TERMINATION OF ATTORNEY IN FACT" to Defendants Bank of America, N.A. and purported trustee  Reconquest Company, N.A., and Green Tree Servicing, LLC, and Inyo/Mono Title Company through my Notary Public, Susan Jane Booth(See Attached Exhibit 28 and Exhibit 29, and incorporated by reference).

46. The letters referenced in paragraph 45 were sent Notary Proof of Service, US Certified Mail, Return Receipt Requested, and were received by Defendants BANA and Recontrust in a timely fashion(See Attached Exhibit 30 , and incorporated by reference)..

47. On July 16, 2013 I caused to be mailed  a "California Homeowners Bill of Rights Request" through my Notary Public, Susan Jane Booth to purported trustee Defendant ReconTrust Company, N.A. and purported servicer and purported new beneficiary GTS(See Attached Exhibit 31, and incorporated by reference).

48. The letter referenced in paragraph 47 were sent Notary Proof of Service, via Federal Express and were received by said parties in a timely fashion(See Attached Exhibit 32 , and incorporated by reference)

49. On July 24, 2013 I filed this action in the Superior Court of the State of California, County of Mono to enjoin all Defendants from performing an unlawful and fraudulent foreclosure on my Property, and to determine the rights and obligations of all parties in this matter.

**FOURTH AMENDED COMPLAINT**

50. On July 26, 2013 I came home from work to find a FedEx Mailer in the street in front of my land and home.

51. In the FedEx mailer was a cover letter and a forged non-certified, non-verified copy of a promissory note from Hardeep Kaur, an agent of Defendant ReconTrust .

52. The cover letter clearly states that "We (ReconTrust(the purported trustee)) hold the Notice of Default to be valid..........Second the Substitution of Trustee was properly executed and notarized. Loryn Stone was duly authorized to execute such document.  We (ReconTrust) hold the Substitution of Trustee to be valid."(See Attached Exhibit 33, and incorporated by reference).

53. On August 16, 2014 Bank of America filed into the Mono County Recorders Office a purported "Assignment of Deed of Trust" in favor of Non Appearing Defendant GTS(See Attached Exhibit 34, and incorporated by reference).

54.  On August 21, 2013 I found that Fannie Mae did still "own" my alleged loan, had allegedly acquired it on June 1, 2006 and that Defendant GTS was the "servicer"(See Attached Exhibit 35, and incorporated by reference)..

55. On August 26, 2013 a packet of documents was received by my Notary Public, Susan Jane Booth, from Green Tree Servicing, LLC via US Certified Mail.

56. In the packet was a non-certified, non-verified forged copy of a promissory note, a non-certified, non-verified forged copy of a Deed of Trust, a disputed non-certified copy of an "Assignment", a non recorded copy of a disputed "Assignment", a schedule of payments to an alleged obligation  and a cover letter.

57. The cover letter referenced in paragraph 56 clearly states in paragraph 4: "Please be aware Green Tree did not originate nor owns the account; it merely services it for a third party and can provide information from the servicing transfer date forward. The account is owned by Fannie Mae" and "The servicing of the above referenced account was transferred from Bank of America, N.A. ("Bank of America") to Green Tree effective June 1, 2013."(See Attached Exhibit 36, and incorporated by reference).

58.   On December 5, 2013 this  Court found that I properly plead a valid cause of action in that Defendants were not in compliance with California Civil Code 2923.5(See Attached Exhibit 37, and incorporated by reference).

59.   On December 9, 2013 purported trustee Defendant Recontrust carried out an unlawful and fraudulent Trustee Sale despite the fact that a valid cause of action for violation of California Civil Code 2923.5 shown in the minute order filed into record on December 5, 2013.

60.   On December 16, 2014 I called the phone number of record (800-281-8219)for purported trustee Defendant Recontrust and I was told over the phone by "Julie" (an Agent of Defendant Recontrust) that:" What I am showing here is that the Trustee Sale took place, however we received instructions to INVALIDATE that sale and return it back under your name and this has already been done.  So right now we have your file active with no sale date." concerning the ILLEGAL and UNLAWFUL Trustee Sale that took place on December 9, 2013 performed by purported trustee Defendant ReconTrust and was not performed by Non Appearing Defendant GTS and alleged beneficiary as of June 6, 2013 (See concurretly filed AFFIDAVIT para. 31 , and incorporated by reference).

61.   On January 22, 2014 I came home and found a "Notice of Trustee Sale" with a date of December 6, 2013 above the signature line attached to my front gate (See Attached Exhibit 38, and incorporated by reference)

62.   On January 29, 2014  Recontrust filed into the Mono County Recorders Office a purported "Notice of Trustee Sale" as Document # 2014000341(See Attached Exhibit 39, and incorporated by reference).

63.   In the January 30-February 5, 2014 Mammoth Times, Defendant ReconTrust Company, N.A., published a Notice of Trustee Sale  (See attached Exhibit 40, and incorporated by reference.)

64.   In the February 6-12, 2014 Mammoth Times, Defendant ReconTrust Company, N.A., published a Notice of Trustee Sale  (See attached Exhibit 41, and incorporated by reference.)

65.   On February 8, 2014 I recieved via Certified US Mail I received six (6) Notice of Trustee Sale documents from Defendant ReconTrust Company, N.A. (See attached Exhibit 42, and incorporated by reference.)

66. On or about March 1, 2014 I received a poor copy of the Notary Journal of Vazrik Sarafians, the Notary Public on the purported Assignment of Deed of Trust( See Attached Exhibit 43, and incorporated by reference).

67. On March 24, 2014 I caused to be mailed by US Post, Certified Mail via Third Party Proof of Service a request to the California Department of Motor Vehicles for the signor's signature on the application for California Drivers License # A3547400 ( See Attached Exhibit 44, and incorporated by reference).

68. On April 14, 2014 I received a letter (with my original documents enclosed) from the California Department of Motor Vehicles in response to my request for the signature of the purported signor of the purported Assignment of Deed of Trust, based upon the Notary Book Page sent to me by Vazrik Sarafians ( See Attached Exhibit 45, and incorporated by reference).

69. On April 21, 2014 I caused to be mailed a SECOND Request for the FULL PAGE of the Notary Journal of Vazrik Sarafians that contains the line item concerning the purported Assignment of Deed of Trust, and the Notary Information Page in front of said Journal( See Attached Exhibit 46, and incorporated by reference).

70. On April 25, 2014 I received another poor copy of the line item in Vazrik Sarafians Notary Journal concerning the purported Assignment of Deed of Trust( See Attached Exhibit 47, and incorporated by reference).

71. On March 8, 2014 I received from the California Department of Motor Vehicles a CERTIFIED copy of purported signor's "Loryn Stone" signature from her DRIVERS LICENSE Application  ( See Attached Exhibit 48, and incorporated by reference).

72. On April 3, 2014 I recieved a CERTIFIED COPY of the Notary Book Page of Karen Krajci, from the Los Angeles County Recorders Office concerning the purported Substitution of Trustee that shows a different signature of a purported signor of the purported Substitution of Trustee( See Attached Exhibit 49, and incorporated by reference).

73. On April 30, 2014 I received a CERTIFIED COPY of the Full Page of the Notary book of Karen Krajci from the Los Angeles County Recorders Office concerning the purported Substitution of Trustee( See Attached Exhibit 50, and incorporated by reference).

- 11 -
**FOURTH AMENDED COMPLAINT**

74. On or about August 25, 2014 I received in the post a now "Certified copy" of the Notary Book Page of Vazrik Sarafians, concerning the purported "Assignment" that shows a difference from the previous two copies(Para. 66 and 70) that were sent to me by Vazrik Sarafians ( See Attached Exhibit 51, and incorporated by reference).

## VI. CAUSE OF ACTION

### FIRST CAUSE OF ACTION: VIOLATION OF CAL. CIVIL CODE 2924.17

75. I hereby incorporate by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

76. California Civil Code 2924.17 clearly states: (a) A declaration recorded pursuant to Section 2923.5 or, until January 1, 2018, pursuant to Section 2923.55, a notice of default, **notice of sale, assignment of a deed of trust,** or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to the requirements of Section 2924, or a declaration or affidavit filed in any court relative to a foreclosure proceeding *shall be accurate and complete and supported by competent and reliable evidence.* (b) Before recording or filing any of the documents described in subdivision (a), **a mortgage servicer shall ensure that it has reviewed competent and reliable evidence** to substantiate the borrower's default **and the right to foreclose, including the borrower's loan status and loan information.(Emphasis added)** (c) Until January 1, 2018, any mortgage servicer that engages in multiple and repeated uncorrected violations of subdivision (b) in recording documents or filing documents in any court relative to a foreclosure proceeding shall be liable for a civil penalty of up to seven thousand five hundred dollars ($7,500) per mortgage or deed of trust in an action brought by a government entity identified in Section 17204 of the Business and Professions Code, or in an administrative proceeding brought by the Department of Corporations, the Department of Real Estate, or the Department of Financial Institutions against a respective licensee, in addition to any other remedies available to these entities. This subdivision shall be inoperative on January 1, 2018.(emphasis added)

77. California Civil Code 2924.17 became operative on January 1, 2013.

78. Upon information and belief, my Note is a negotiable instrument pursuant to the California Commercial Code (hereafter CCC), and, accordingly, the right to enforce it is determined by that law.

79. Upon information and belief, my Note has been sold, assigned, exchanged, traded or otherwise transferred many times since its creation by myself and Catherine Hall.

80. Upon information and belief, my Note is a Negotiable Instrument pursuant to the CCC § 3-104 of the California Commercial Code. As such, only the person qualified by the CCC § 3-301 has the right to enforce the Note, and necessarily the right to enforce my Deed of Trust, which is only incidental to my Note.

81. Defendant's have failed to, or cannot, provide verifiable and complete information explaining how they acquired or obtained an interest of any kind in my Note, even though I requested such proof (See Attached Exhibit 22). Upon information and belief, therefore, I deny that any of Defendant's have any interest in my Note, whether as owner, possessor, or person with a right to enforce my Note pursuant to CCC § 3-301.

82. Defendant's have failed or refused to comply with the requests I made through my letters ( See attached Exhibits 14, 17, 19, and 22). They have failed or refused to produce genuine evidence establishing that they or any person it knows is the Holder in Due Course (HDC) and/or Person Entitled to Enforce (PETE) my note.

83. Upon information and belief, Defendant's have refused to, or cannot produce evidence that they have any right to enforce my Note, for themselves or any other entity.  Accordingly, Defendant's have admitted that I owe them NOTHING, that they have no rights to make demands related to my Note, and that I did not dishonor my Note as a result of refusing to comply with Defendant's unsupported and mistaken or fraudulent demands.   Furthermore, I maintain that, because I owe NOTHING to Defendant's, or any entity for which they may claim agency for, they have no right to foreclose on my house because they can show no unsatisfied obligation that is secured by my mortgage.

84. Upon information and belief, none of Defendant's are the HDC and/or PETE and are following instructions issued by by the genuine HDC and/or PETE respecting my Note or Security Instrument.

85. Upon information and belief, Defendant's have admitted that my Note is not in default, that I owe them nothing, and that I have not dishonored or breached my Note by refusing to comply with the demands they made and continue to make upon me.

86. Upon information and belief, none of Defendant's are a real party in interest in this case because they have no economic or beneficial interest in my Note and Security Instrument; because they lack authority to discharge my obligation under my Note or to otherwise settle the dispute before this Court should settlement efforts be attempted during this lawsuit; and because they are not the HDC and/or PETE respecting my Note and Security Instrument.

-- 13 --
**FOURTH AMENDED COMPLAINT**

87. Upon information and belief, I deny that Defendant's obtained possession of the physical Note via a voluntary transfer of the all the interests in my Note from a person who at the time was either the HDC and/or PETE.

88. Upon information and belief, I deny that any of the Defendant's have possession of the physical Note, or even know of its whereabouts, and that they didn't have possession of the Note when it commenced this foreclosure process.

89. Upon information and belief, I deny that any of the Defendant's can or are willing to produce my Note for inspection during this lawsuit.

90. Upon information and belief, I deny that any of the Defendant's can or are willing to produce my Note ,showing the proper endorsements that demonstrate an unbroken chain of title from the date of origination until the date of the filing of this Complaint, for inspection during this lawsuit.

91. Upon information and belief, I deny having received notice that a default exists under my note from a person who at that time was either a HDC and/or PETE who was then following instructions of that HDC and/or PETE to so inform me.

92. Upon information and belief, never having received notice of default from the HDC and/or PETE, I deny that any condition exists under my Security Instrument that would trigger a power of sale or foreclosure of my Property.

93. Upon information and belief, never having received notice of default under my Note from the HDC and/or PETE, I deny that any refusal on my part to make payments or to comply with any demand made made by any of the Defendant's in any way evidences my dishonor of my Note, the creation of any delinquency, or a condition triggering any right to foreclose or use a power of sale under the Security Instrument.

94. Upon information and belief, I deny that the Defendant's ability to write demand letters and to make threats regarding my Note and Security Instrument establishes in any way that it has a right to enforce either.

95. Even though Defendant's have admitted that they have no right to enforce my Note and Security Instrument, I nevertheless maintain that I have never received complete accounting information from

the HDC and/or PETE respecting the balance due, if any, on my Note. I have received no information about insurance proceeds, claim settlements, or indorsement warranty payments having been received or sought by the HDC and/or PETE respecting my Note. Lacking information to the contrary, I deny that any balance is still owed regarding my Note.

96. Because none of Defendant's are either the HDC and/or PETE, I further deny that Defendant's comments about my Note elevate in the least their legal status or right to enforce my Note pursuant to the controlling law, i.e. the California Commercial Code.

97. Any interpretation of my Note that potentially subjects me to multiple claims regarding my Note was never intended and was never disclosed to me as being a possible result by the alleged Lender. I never knowingly intended to waive or disclaim my right to only have to pay the one person entitled to enforce my Note, and the Lender never discussed that possibility or asked me to make such a waiver or disclaimer. Any interpretation of my Note to the contrary would be a mistake, a violation of my fundamental rights, and not reflective of the intent and purpose of that agreement. Only the HDC and/or PETE of my Note as defined by the California Commercial Code for a particular time has any right to enforce my Note, and that is not any of the Defendant's, their agents, or assign's.

98. Any interpretation of my Security Instrument that would permit a person other than the HDC and/or PETE to initiate and prosecute the foreclosure of my Property was never intended and was never disclosed or addressed by the Lender as a possible result. Therefore, any such interpretation of the purpose or intent of that document would be a mistake, invalid and inconsistent with my rights and the agreement I made with the alleged Original Lender.

99. The alleged Lender never disclosed or addressed that by executing its forms I would be construed to have relinquished my right to only pay my alleged obligation to the person legally entitled to enforce it. That possibility was never mentioned by the alleged Lender and I never knowingly agreed to any such possibility. Further, I was never asked to, nor did I, agree to honor demands regarding my Note made by anyone who didn't prove the actual right by law to enforce my Note. Any assertion to the contrary by Defendant's will be mistake or fraud and inconsistent with the agreement I made with the alleged Lender.

100. Upon information and belief, I have never knowingly agreed that any person other than the HDC and/or PETE would have the right to foreclose my property pursuant to the Security Instrument I gave as collateral for my Note. The alleged Lender never addressed or disclosed the possibility that, by signing its Security Agreement form, I would be authorizing a person not entitled to enforce my Note, to take my home. That was never the intent or approved purpose of the Security Instrument. Any assertion to the contrary by Defendant's will be mistake or fraud, as the facts to be revealed in this lawsuit will demonstrate , and inconsistent with the agreement I made with the alleged Lender.

101. The alleged Lender prepared, provided, and required that I use the forms which became my Note and Security Instrument. Any ambiguity or vagueness within either document must be construed against the Lender and its successors (Cal. Civil Code 1654) in order that my rights under those agreements be properly understood and applied.

102. Upon information and belief, I have no agreement with any of the Defendant's; they are owed nothing by me; and Defendant's do not own or control any interest or right in my Note that permits them to enforce my Note in accordance within the constraints of the CCC. Furthermore, these facts apply equally to any entity for which Defendant's might claim they are working for to take my home.

103. Upon information and belief, my Note is not in default, I have received no presentment per the constraints of the CCC to the contrary, and I owe nothing to Defendant's or the entity for which any of them claim to be working for.

104. Upon information and belief, I owe nothing to any of the Defendant's; I have seen no evidence or presentment that any amount is still due under my Note. Furthermore, I maintain that the balance due under my Note is not relevant to the controlling question of whether Defendant's have any right by law to enforce my Note pursuant to the CCC(See Attached Exhibit 22, and incorporated by reference).

105. Upon information and belief, I deny that any past transaction involving my Note or mortgage created in the Defendant's a legal right to now make demands on me for payment related to my Note, declare my Note in default, or otherwise enforce my Note per the CCC, and Defendant's have refused to provide genuine evidence to the contrary. Accordingly, I owe Defendant's nothing, I owe nothing to whatever

entity Defendant's may allege to be serving, and Defendant's have no right to prosecute a foreclosure of

my home when I owe them nothing or whatever person for which they may be working.

106. Upon information and belief, I owe the Defendant's nothing; I owe nothing respecting my Note to any

entity for which Defendant's might work for; they have no right to enforce my Note pursuant to the

CCC; and they have no right to trigger the power of sale under the deed of trust for the purpose of

taking my home via foreclosure under a mistaken or fraudulent claim that they have the legal right to

collect an alleged unsatisfied obligation owed by me.

107. Upon information and belief, Defendant's have refused to, or cannot, produce evidence that they have

any right to enforce my Note, for themselves or any other person, even though I requested that proof

from Defendant's.  Accordingly, Defendant's have admitted pursuant to the CCC that I owe them

nothing, that they have no right to make demands related to my Note, and that I did not dishonor my

Note as a result of refusing to comply Defendant's unsupported and mistaken or fraudulent demands.

Furthermore, I maintain that, because I owe nothing Defendant's, or any entity for which they might

work, they have no right to foreclose on my home because it can show no unsatisfied alleged obligation

that is secured by my deed of trust(See Attached Exhibit 22, and incorporated by reference).

108. Defendant's have stated in correspondence that allegedly Fannie Mae "owns" my Note, however they
have not produced physical evidence pursuant to Title 12 of the United States Code, Subsection 3754
which states:
   (a) In general The Secretary may designate a person or persons to serve as a foreclosure commissioner
or commissioners for the purpose of foreclosing upon a single family mortgage.
   (b) Power of sale A foreclosure commissioner designated under this section shall have a nonjudicial
power of sale.
   (c) Qualifications The foreclosure commissioner, if a natural person, shall be a resident of the State in
which the security property is located and, if not a natural person, the foreclosure commissioner must be
duly authorized to transact business under laws of the State in which the security property is located. No
person shall be designated as a foreclosure commissioner unless that person is responsible, financially
sound, and competent to conduct a foreclosure. (d) Designation procedure (1) Written designation The
Secretary may designate a foreclosure commissioner by executing a written designation stating the name
and business or residential address of the commissioner, except that if a person is designated in his or her
capacity as an official or employee of a government or corporate entity, such person may be designated by
his or her unique title or position instead of by name. (2) Substitute commissioners The Secretary may, with
or without cause, designate a substitute foreclosure commissioner to replace a previously designated
foreclosure commissioner. (3) No More than 1 foreclosure commissioner may be designated at any time.
   Upon information and belief, I deny that any of Defendant's are an agent or representative of
Fannie Mae or of any other person actually having the right to enforce my Note.

109. Defendant's have failed to , or cannot, provide information regarding the balance, if any, due under my

Note.  I have received no information regarding the balance due, if any, under my Note from any

person having demonstrated the right to enforce my Note pursuant to the strictures of the CCC. I, therefore, do not know if any amount is still due, and I have not received any presentment respecting my Note, as defined by CCC § 3-501. Upon information and belief, therefore, I deny that any balance is due under the Note, and, furthermore, I maintain that questions or answers about the amount still due, if any, under my Note have no bearing on the crucial issues of whether any of the Defendant's have any right to enforce any obligation under my Note.

110. Upon information and belief, I deny that any default exists under the Note or that the Note has been dishonored or breached pursuant to CCC 3-502 as a result of my having refused to comply with the unsupported claims of Defendant's. Furthermore, I maintain that no discussion of default or dishonor bears on the question of law as to whether Defendant's have any right to enforce my Note pursuant to the CCC.

111. Defendant's have failed to, or cannot, provide the chain of ownership and authority respecting my Note since its creation, including the circumstances and details of each alleged transfer, sale or exchange. Upon information and belief, I therefore deny that Defendant's have any legal interest in my Note, that I have any obligation to them pursuant to my Note.

112. Because Defendant's have failed to, or cannot, provide any evidence that it has a cognizable interest of any kind in my Note, that it has the right to enforce my Note, upon information and belief I therefore deny that Defendant's have demonstrated any condition or circumstance that would have permitted them to declare a default or accelerate any alleged obligation under my Note.

113. Because Defendant's have failed to, or cannot, provide any evidence that they have an identifiable interest of any kind in my Note, or that they have the right to enforce my Note, upon information and belief, I therefore deny that any of the Defendant's have demonstrated any condition or circumstance that would have permitted them to initiate a foreclosure under the terms of the Deed of Trust.

114. Upon information and belief, Defendant's have no legal interest in my Note or Deed of Trust and no right to enforce either; I owe nothing to the Defendant's or to any entity for which they may claim to be working for respecting my Note and Deed of Trust; and, furthermore, I deny that any of the Defendant's are a real party in interest in this action.

115. Defendant's were not , nor have they ever been party to the real estate loan process that resulted in my Note and Security Instrument. Accordingly, neither Defendant's nor anyone alleging to represent them has any personal knowledge of the communications or negotiations that preceded or culminated in the creation of my Note and Security Instrument.

116. Defendant's have stated in letters to me that Defendant's do not own my alleged obligation, therefore upon information and belief Defendant's have no right under any law of California or law of the United States of America to take my home without providing evidence that Defendant's are allowed to do so.

117. Upon information and belief, I deny that MERS had any ownership or beneficial interest in my Note and Deed of Trust. Furthermore, I maintain that it never made an assignment or transfer of either in response to the instructions of an entity then having the right to enforce my Note pursuant to the CCC. Accordingly, any purported Assignment or transfer from MERS to any entity was invalid and transferred no rights or interests in either.

118. Defendant's have failed to, or cannot, provide information regarding the balance, if any, due under my Note. I have received no information regarding the balance due, if any, under my Note from any person having demonstrated the right to enforce my Note pursuant to the strictures of the CCC. I therefore, do not know if any amount is still due and I have not received any presentment respecting my Note, as defined by CCC 3-501. Upon information and belief, therefore, I deny that any balance is due under my Note, and, furthermore, I maintain that questions or answers about the amout still due, if any, under my Note have no bearing on the crucial legal issue of whether Defendant's have any right to enforce any alleged obligation under my Note.

119. Upon information and belief, I deny that any default exists under the Note or that the Note has been dishonored or breached pursuant to CCC 3-502 as a result of my having refused to comply with the unsupported claims of Defendant's. Furthermore, I maintain that no discussion of default or dishonor bears on the question of law as to whether Defendant's have any right to enforce my Note pursuant to CCC.

120. The CCC requires anyone making demands under my Note to prove a right, recognized under the CCC, to enforce the Note. Defendant's have failed to do that, and their failure, for whatever reason, is

a tacit admission that it has no right to enforce my Note and that I do not owe anything to them or any entity for which they claim to be the agent of.  Defendant's will most likely file a Demurrer in an attempt to avoid Formal Discovery.  Their Demurrer is further evidence that they cannot or refuse to prove that they have any rights respecting my Note and Deed of Trust.

121. Defendants ReconTrust and BANA both caused to be filed into the Mono County Recorders Office four (4) documents; Three (3) Notice of Trustee Sale, and one (1) Assignment of Deed of Trust, after 2924.17 came into effect.

122. Upon information and belief, MERS has no employees, no revenue, no assets of any consequence, no business operations, no electronic data system that tracks real estate loans in America, and no economic or beneficial interest in any Note, mortgage, or Deed of Trust.

123. Upon information and belief, MERS has no economic or beneficial interest in my Note and therefore has always lacked authority under the CCC to sell, assign, transfer, otherwise deal in my Note or Security Instrument of its own volition or on its own behalf.

124. Upon information and belief, any document introduced by the Defendant's in this case that purports to be an assignment, declaration, transfer or affidavit executed by MERS was not executed by or pursuant to any instruction from MERS respecting my Note or Security Instrument and is invalid and has no legal effect regarding my Note and Security Instrument.

125. Upon information and belief, MERS has not received any instruction from, nor taken any action on behalf of the Holder in Due Course (hereafter HDC) and/or Person Entitled to Enforce (hereafter PETE) respecting my Note or Security Instrument at any relevant time hereto.  That is, MERS has never acted as nominee or agent of any HDC and/or PETE of my Note, and , accordingly, any alleged action by MERS respecting my Note and Security Instrument is invalid and of no legal effect.

126. MERS was not a party to the real estate loan process that resulted in my Note and Security Instrument. Accordingly, neither MERS nor anyone alleging to represent it has any personal knowledge of the communications or negotiations that preceded or culminated in the creation of my Note and Security Instrument.

127. Upon information and belief, the Security Instrument was never intended to, and does not, grant any authority for MERS to take any action respecting the Security Instrument or my Note except upon clear and advance instructions of the then HDC and/or PETE. The Lender never said otherwise and I never knowingly agreed otherwise.

128. The alleged Lender, not I, inserted the name of MERS into that alleged Lender's Security Instrument form. I was never informed of the agreement between the alleged Lender and MERS regarding any relationship they had or would have. Upon information and belief, I deny that MERS and the alleged Lender had, at that time, any agency agreement respecting my Note and Security Instrument. I further deny that any such agency relationship was later made between the alleged Lender and MERS.

129. Upon information and belief, I deny that MERS had any agency relationship with the potential future and unidentified successor to the alleged Lender when I executed my Security Instrument. Further, I deny that MERS and any subsequent successor to the alleged Lender, who also obtained the right to enforce my Note, established any agency relationship respecting my Note and Security Instrument.

130. By signing the Security Instrument form I did no more than acknowledge that the alleged Lender had inserted the name of MERS into that document. I was never asked by the alleged Lender or any of the then potential and unidentified successors to appoint MERS as agent for any of them. I have never been asked to , had the authority to, or ever accepted responsibility for, appointing and agent for the alleged Lender or any of its successors respecting my Note and Security Instrument. Upon information and belief, I never knowingly granted any rights independently exercisable by or to MERS respecting my Note and Security Instrument or created in it any rights with successors to the alleged Lender, whether or not such successors obtained the right to enforce my Note.

131. I specifically contest the purported possession of the now Cancelled Deed of Trust by any of Defendant's and upon information and belief Defendant's have acquired said Deed of Trust by means not allowed in my now CANCELLED Security Instrument and in direct conflict with California law including but not limited to California Civil Section 2924 and California Commercial Code.

132. I specifically contest the validity of the Assignment of Deed of Trust (ADOT) as, upon information and belief the purported signor of the document "Martha Munoz" has not now nor has ever been a "Vice

President" of MERS, but merely a low level employee of BANA or Recontrust that signs hundreds ( if not thousands) of documents on behalf of MERS and BANA without reviewing competent and reliable information to support the documents that she is signing(See attached Exhibit 52, and incorporated by reference).

133. Upon information and belief, the purported signer "Martha Munoz, Vice President of MERS "of the purported Assignment of Deed of Trust was not present at the signing of said document.

134. Upon information and belief, the purported "Assignment of Deed of Trust" contains a forged signature(See attached Exhibits 2, 43, 45, 47, and 51 , and incorporated by reference).

135. Upon information and belief, any forged instrument is wholly void , and cannot be made the foundation of good title.

136. Upon information and belief, the alleged beneficiary (GTS, BANA or MERS?) knows that public recording of documents does not ensure that the content is accurate, truthful and authorized by law.  Accordingly, I deny that the alleged beneficiary(GTS, BANA or MERS?) acted, or is acting, in good faith to the extent it initiated and continues to conduct this foreclosure process alleging reliance on the fact that it can point to one or more documents which have been publicly recorded.

137. Upon information and belief, the threatened foreclosure is in violation of my rights because the power of sale pursuant to my Deed of Trust has not been intitiated by the person entitled to enforce my not pursuant to California Law, nor that person's agent; the alleged trustee did not receive instructions to commence this foreclosure from the person to whom the obligation of my Note is owed, or that person's agent; and I do not owe anything to the person for whose benefit the threatened foreclosure is allegedly being conducted. Accordingly, the threatened foreclosure violates the terms of my Note and Deed of Trust, and it violates California nonjudicial foreclosure law, which necessarily requires application of the California Commercial Code regarding the issue of who has a right to enforce my Note.

138. Upon information and belief, the alleged trustee attempting to foreclose my home does not know the identity of the person authorized by the CCC to enforce my Note.

139. Upon information and belief, the alleged trustee was not appointed to that position by the HDC and /or PETE, and, accordingly the alleged trustee has no authority to initiate or conduct a foreclosure pursuant to the terms of my Deed of Trust and California Law.

- 22 -
**FOURTH AMENDED COMPLAINT**

140. Upon information and belief, the alleged trustee has made no effort to verify the identity of the HDC and has therefore breached its duty to the HDC and also to me by commencing and conducting foreclosure activites.

141. Upon information and belief, the alleged trustee initiated the threatened foreclosure for the purpose of delivering the foreclosure sale proceeds or the title to my home to a person other than the HDC, contrary to the terms of the Note, Deed of Trust, and California Law.

142. Upon information and belief, my Deed of Trust does not authorize  the alleged trustee to initiate a foreclosure of its own volition, and yet it received no instruction to do so from the HDC and/or PETE. Accordingly, no power of sale has been triggered, so foreclosure is not valid or authorized.

143. Upon information and belief, I owe no debt to the alleged trustee or whomever it claims to be serving.

144. Upon information and belief, the alleged trustee did not initiate the subject foreclosure pursuant to the terms of the Deed of Trust and the Note secured by same, and therefore is participating in a mistake or fraud respecting the foreclosure of my home.

145. Upon information and belief, the alleged trustee has violated the nonjudicial foreclosure statutes by having intitiated a foreclosure that is not authorized by the Deed of Trust or the Note it secures; by having taken its instructions to commence the foreclosure from a person who is not the HDC and/or PETE; by having commenced the subject foreclosure when, in fact, the Note served the Deed of Trust is not in default or dishonored; and by having commenced the subject foreclosure, not for the benefit of the HDC, but instead for the purpose of delivering the foreclosure sale proceeds or title to my home to a person other than the HDC, in violation of California's nonjudicial foreclosure statutes.

146. Upon information and belief, the appointment of the alleged trustee by BANA (effectively substituting itself as the alleged trustee is a wholly owned subsidiary of BANA) was invalid because BANA owns no economic or ownership interest in my Note or Deed of Trust, and, further because BANA did not represent as servant or agent of the HDC when BANA purportedly appointed or gave any instructions to that alleged trustee. Accordingly, the actions of the alleged trustee regarding my Deed of Trust were made without authority pursuant to my Deed of Trust or California's foreclosure law and were in violation of my rights.

- 23 -
FOURTH AMENDED COMPLAINT

147. I specifically contest the validity of the Substitution of Trustee (SOT) as, upon information and belief, the purported signor of the document "Loryn Stone " has not now nor has ever been an "Assistant Vice President" of BANA , but merely a low level employee of BANA or Recontrust that signs hundreds ( if not thousands) of documents, on behalf of multiple entities without reviewing competent and reliable information to support the documents that she is signing(See attached Exhibit 53, and incorporated by reference).

148. Upon information and belief, the purported signer "Loryn Stone, Assistant Vice President of BANA" of the purported Substitution of Trustee was not present at the signing of said document.

149. Upon information and belief, the purported "Substitution of Trustee" contains a forged signaure(See attached Exhibits 4, 48, 49, and 50, and incorporated by reference).

150. Upon information and belief, any forged instrument is wholly void , and cannot be made the foundation of good title.

151. Neither Defendant BANA nor "Loryn Stone, Assistant Vice President of BANA" were a  party to the real estate loan process that resulted in my Note and Security Instrument.  Accordingly, neither BANA nor "Loryn Stone, Assistant Vice President of BANA" nor anyone alleging to represent BANA has any personal knowledge of the communications or negotiations that preceded or culminated in the creation of my Note and Securtity Instrument .

152. Upon information and belief, I deny the power of sale pursuant to my Security Instrument was ever initiated by the HDC and/or PETE.

153. Upon information and belief, the alleged Trustee has never been instructed by the HDC and/or PETE to initiate a foreclosure.

154. Upon information and belief, the alleged trustee doesn't use internal policies or procedures that would permit it to determine whether the person engaging it to initiate the foreclosure process under my Security Instrument actually is the HDC and/or PETE.

155. Upon information and belief, the alleged trustee initiated these foreclosure procedures of its own volition in violation of the express terms of my Security Instrument and California laws.

**FOURTH AMENDED COMPLAINT**

156. Upon information and belief, the alleged trustee knows that public recording of documents does not ensure that the content is accurate, truthful and authorized by law. Accordingly, I deny that the alleged Trustee acted, or is acting, in good faith to the extent it initiated and continues to conduct this foreclosure process alleging reliance on the fact that it can point to one or more documents which have been publicly recorded.

157. Defendant Recontrust is a wholly owned subsidiary of Defendant BANA, therefore upon information and belief the execution of the purported SOT by BANA effectively substituted itself as trustee.

158. I specifically contest the validity of the Notice of Trustee Sale (NOTS) filed into the Mono County Recorders Office on January 7, 2013 as, upon information and belief the purported signor of the document "Sesilia Garcia " has not now nor has ever been an "Assistant Vice President" of Recontrust , but merely a low level employee of BANA or Recontrust that signs hundreds ( if not thousands) of documents, on behalf of Recontrust without reviewing competent and reliable information to support the documents that she is signing.

159. Neither Defendant BANA, Recontrust, nor "Sesilia Garcia, Assistant Vice President of Recontrust" were a party to the real estate loan process that resulted in my Note and Security Instrument. Accordingly, neither BANA, Recontrust nor "Sesilia Garcia, Assistant Vice President of Recontrust" nor anyone alleging to represent Defendant's has any personal knowledge of the communications or negotiations that preceded or culminated in the creation of my Note and Securtity Instrument .

160. I specifically contest the validity of the Notice of Trustee Sale (NOTS) filed into the Mono County Recorders Office on June 5 2013 as, upon information and belief the purported signor of the document "Lorena E Rivera " has not now nor has ever been an "Assistant Vice President" of Recontrust , but merely a low level employee of BANA or Recontrust that signs hundreds ( if not thousands of documents), on behalf of multiple entities without reviewing competent and reliable information to support the documents that she is signing.

161. Neither Defendant BANA, Recontrust, nor "Lorena E Rivera, Assistant Vice President of Recontrust " were a party to the alleged real estate loan process that resulted in my Note and Security Instrument. Accordingly, neither BANA, Reconstrust nor "Lorena E Rivera, Assistant Vice President of

– 25 –
**FOURTH AMENDED COMPLAINT**

Recontrust" nor anyone alleging to represent Defendant's has any personal knowledge of the communications or negotiations that preceded or culminated in the creation of my Note and Security Instrument.

162. I specifically contest the validity of the Notice of Trustee Sale (NOTS) filed into the Mono County Recorders Office on January 29, 2014 as, upon information and belief the purported signor of the document "Rosselin Rincon" has not now nor has ever been an "Assistant Vice President" of Recontrust , but merely a low level employee of BANA or Recontrust that signs hundreds ( if not thousands of documents), on behalf of multiple entities without reviewing competent and reliable information to support the documents that she is signing.

163. Upon information and belief, GTS (acting as an alleged servicer and purported new beneficiary)instructed Recontrust (alleged trustee)to file the Notice of Trustee Sale on January 29, 2014 without the legal or lawful authority to do so, due to the Cancellation of the Deed of Trust, Revocation of power of attorney, and cancellation of all signatures on any documents they may have in their possession.

164. Upon information and belief, GTS (as alleged benficiary) has no power to file the contested Notice of Trustee sale on their own behalf (nor have they reviewed competent and reliable evidence) as Recontrust is acting only as an alleged trustee and is allegedly working for GTS, therefore the only way the Notice of Trustee sale that was filed on January 29, 2014 could have been filed was for GTS to instruct Recontrust to do so.

165. Upon information and belief, the illegal Trustee Sale that was conducted, on December 9, 2013, by Recontrust at the instruction of GTS was invalidated, and has no binding legal authority( See concurrently filed affidavit Para 31)

166. Upon information and belief, Recontrust could not perform the now invalidated sale without the instruction to do so from GTS, who at the time was the purported beneficiary.

167. Upon information and belief, any power of sale that may have been contained in the Cancelled Deed of Trust has been revoked. Accordingly, none of the Defendant's possess that power as of December 4,

2012 as they have never contested the authenticty or validity of the NOTICE OF INTENT TO PRESERVE AN INTEREST.

168. Upon information and belief, GTS is relying on false(and contested) documents filed into public record by BANA and Recontrust, and perhaps heresay by agents of MERS, BANA and Recontrust, as their "evidence" that I have allegedly defaulted on my alleged obligation.

169. Neither Defendant BANA, Recontrust, nor "Rosselin Rincon, Assistant Vice President of Recontrust " were a party to the alleged real estate loan process that resulted in my Note and Security Instrument. Accordingly, neither BANA, Reconstrust nor "Rosselin Rincon, Assistant Vice President of Recontrust" nor anyone alleging to represent Defendant's has any personal knowledge of the communications or negotiations that preceded or culminated in the creation of my Note and Security Instrument.

170. I specifically contest the validity of the purported Assignment of Deed of Trust filed into the Mono County Recorders office on August 16, 2014, as upon information and belief it was acquired by fraudulent by  means of a prior disputed Assignment of Deed of Trust filed into the Mono County Recorders Office by BANA on May 7, 2012, and is of no legal effect.

171. Upon information and belief, Fannie Mae does not "lend" directly to consumers( See Attached Exhibit 54, and incorporated by reference)..

172. Upon information and belief, my Note and Deed of Trust were sold by the alleged original lender(SCME) into a Mortagage Backed Security (MBS) created by Fannie Mae, without my knowledge shortly after the alleged loan transaction took place.

173. Upon information and belief, Fannie Mae is in the "credit guaranty business", and is  not a creditor or lender( See Attached Exhibit 54, and incorporated by reference).

174. Upon information and belief, Fannie Mae MBS's carry a guaranty of timely payment of principal and interest to the investor, whether or not there is sufficient cash flow from the underlying group of mortgages, and therefore I cannot be in default to any of the Defendant's or any other person or entity that they may be acting on behalf of. ( See Attached Exhibit 54, and incorporated by reference).

**FOURTH AMENDED COMPLAINT**

175. Upon information and belief, the mortgages that back a Fannie Mae MBS are held in trust on behalf of Fannie Mae MBS investors, and are not Fannie Mae assets.( See Attached Exhibit 55, and incorporated by reference).

176. Upon information and belief, Fannie Mae does NOT "own" my Note and Mortgage( See Attached Exhibit 55, and incorporated by reference).

177. Upon information and belief, Fannie Mae is only acting as an alleged trustee(and not a creditor or lender) of the MBS my Deed of Trust and Note may be in, and therefore has no right to declare an alleged default without authorization from the TRUE OWNERS of the MBS that my Note and Deed of Trust may be in.

178. Upon information and belief, ALL Defendant's are acting on their own behalf and benefit, without instruction from the TRUE OWNERS of the MBS (who at this time are unknown) into which my Note and Deed of Trust were placed without my knowledge.

179. Upon information and belief, GTS is only a servicer, debt collector and third party interloper to my alleged loan transaction, and therefore has no right to foreclose on my property on their own behalf and benefit.

180. Upon information and belief, GTS is only a purported assignee of BANA (another servicer and debt collector) by way of a disputed "Assignment", and is not a creditor or lender.

181. Upon information and belief, GTS has no pecuniary interest in my alleged obligation, and therefore has no right to foreclose on my land and home.

182. Upon information and belief, GTS has not received authorization to foreclose from the TRUE OWNERS of the MBS that my Note and Deed of Trust may be in, and therefore have no right to foreclose on my property on any other person or entity's behalf.

183. Upon information and belief, GTS is not an agent of Fannie Mae, and never has been given authority to act on Fannie Mae's behalf in this matter.

184. Upon information and belief, the Deed of Trust has been CANCELLED for the reasons stated thereon, leaving any alleged debt unsecured( See Attached Exhibit 22, and incorporated by reference).

185. The Deed of Trust was CANCELLED before GTS had any involvement in my alleged loan transaction, and therefore Defendant BANA had nothing to transfer to GTS(See Attached Exhibit 22, and incorporated by reference).

186. Upon information and belief any Power of Attorney that Defendant's or any entity they may be working for has been REVOKED( See Attached Exhibit 25, and incorporated by reference).

187. Upon information and belief, any power of attorney that may be attached to my Note(if it exists) does not transfer with any subsequent purported "Assignment".

188. Upon information and belief, any and all signatures contained on any documents that Defendant's may have in their possession have been CANCELLED (See Attached Exhibit 25, and incorporated by reference).

189. Upon information and belief, GTS has no power to do anything on my behalf(or Fannie Mae's), as they are only a purported "assign" of BANA, and all power that BANA, MERS, Recontrust or Fannie Mae may have had has been REVOKED, and the Deed of Trust has been CANCELLED.

## V. CONCLUSION

### I HAVE SUFFERED, AND CONTINUE TO SUFFER, SIGNIFICANT MONETARY, LEGAL, AND EQUITABLE DAMAGES.

190. I hereby incorporate by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

191. The conduct described above by Defendants was malicious because Defendants knew that they were not acting on behalf of the current pecuniary beneficiary(if any) of the Alleged Note and Mortgage. However, despite such knowledge, Defendants continue and are continuing to demand and collect on my alleged obligation.

192. Defendants engaged are are engaging in a pattern and practice of defrauding me, in that, on information and belief, during the entire life of the mortgage loan, Defendants failed to properly credit payments made, incorrectly calculated interest on the accounts, and failed to accurately debit fees.

193. On information and belief, at all times material, Defendants had and have actual knowledge that my account was not accurate, but that I would continue to make further payments based on Defendants inaccurate accounts

194. On information and belief, I made payments based on the improper, inaccurate and fraudulent representations as to my alleged accounts.

195. As a direct and proximate result of the actions of the Defendants set forth above, I overpaid in interest.

196. As a direct and proximate result of the actions of the Defendants set forth above, my credit and credit score have been severely damaged. Specifically, because of the derogatory credit reporting on my credit report by Bank of America and/or Recontrust, I am unable to refinance out my present alleged loan, buy another property, or sell my home.

197. As a direct and proximate result of the actions of the Defendants set forth above, the title to my home has been slandered, clouded, and its saleability has been rendered unmarketable.

198. As a direct and proximate result of the actions of the Defendants set forth above, I do not know who the current true beneficiary is of my alleged Note and Mortgage actually is, such that I am now subject to financial double jeopardy which is specifically protected against under the California Commercial Code.

199. As a direct and proximate result of the actions of the Defendants set forth above, multiple parties can attempt to enforce my alleged debt obligation.

200. The conduct of Defendants has led to the imminent loss of my home and pecuniary damages. The pecuniary damages may include, but are not limited to, the costs of over calculation and overpayment of interest, the costs of repairing my credit, the reduction and/or elimination of my credit limits, the costs associated with removing the cloud from my property title and costs of this action, in an amount to be proven at trial.

201. The conduct of the Defendants was malicious because Defendants did not know the identity of the current and true beneficiary of my alleged Note and alleged Deed of Trust, yet they have intentionally and fraudulently covered up this defect by wrongfully recording fraudulent document(s), which would enable them to illegally and fraudulently collect on my alleged obligation, and which in essence has rendered the title to the my property unmarketable.

202. The title to my property has been rendered unmarketable and unsalable because of the possibility of multiple claims being made against my alleged obligation and underlying CANCELLED security (the Subject Property). If the disputed documents, attached to this complaint as exhibits, are not canceled and set aside, I will be

incurably prejudiced. I will be denied the opportunity to identify and negotiate with my true creditor and exercise my right to verify and validate my alleged obligation.

  **WHEREFORE,** I, David Eric Bushlow©, Sui Juris respectfully requests for judgment against Defendants, and each of them, as follows:

1. For compensatory, special and general damages in an amount according to proof at trial, but not less that $ 4,000,000, against all Defendants;

2. For an order compelling Defendants to disgorge all amounts wrongfully taken by them from me and returning the same to my interest thereon at the statutory rate from the date the funds were first received from me;

3. For costs of suit incurred herein;

4. For such other and further relief as the Court may deem proper; and

5. for an order permanently barring and estopping all Defendants, their predecessors and their agents/assigns from unlawfully and illegally taking my property from me without the lawful or legal authority to do so.

I admit to some technical missteps attributable to the learning curve. However, none of which is fatal to my documents. I am proceeding without the benefit of an attorney. Additionally, I am not a practicing attorney nor have I been trained in the complex study of law. As such, my pro se papers are to be construed liberally. See *Haines v. Kerner*, 404 U.S. 519-20, (1972). "A pro se litigant should be given a reasonable opportunity to remedy defects in his [or her] pleadings if the factual allegations are close to stating a claim for relief." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly such pleadings should be held to a less stringent standard than those drafted by licensed, practicing attorneys.

Additionally, "The trial judge should inform a pro se litigant of the proper procedure for the action he or she is attempting to accomplish." Breck v. Ulmer, 745 P.2d 66, 75 (Alaska, 1987). The "Court errs if court dismisses pro se litigant without instructions of how pleadings are deficient and how to repair pleadings." Plaskey v. CIA, 953 F. 2nd 25

1   Plaintiff moves the Court to take COMPULSORY JUDICIAL NOTICE  pursuant to California Rules of

2   Evidence 451 and 452 and 453; of the relevant documents as if fully set forth herein.

3

4

5   Respectfully filed with All Right Reserved.

6

7   By:

    David Eric Bushlow©, Sui Juris

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOURTH AMENDED COMPLAINT**

Exhibit B

```
                    SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONO
  3/05/18                      Register of Actions                      Page:    1
```

---

```
Case Number :   CV130080
Case Name ..: BUSHLOW VS. BANK OF AMERICA, ET AL.
Case Type ..: Civil                    Case Status : Dispo'ed
Category ...: (U) Other Real Property
Jurisdiction: MAMMOTH LAKES
```

```
Complaint Type : 4th Amended Complaint              Filed :    7/24/13
Disposition ...: DISPO'D                            Amended :  10/24/14
Date .........:   7/11/16
```

```
Plaintiff(s):                        |Defendant(s):
                                     |
DAVID ERIC BUSHLOW         DISPO'    |BANK OF AMERICA , N.A.      DISPO'D
ATTORNEY:                            |ATTORNEY:
Pro/Per                              |BRYAN CAVE LLP
                                     |SHARON K BROWN
                                     |
                                     |RECONTRUST COMPANY, N.A.    DISPO'D
                                     |ATTORNEY:
                                     |BRYAN CAVE LLP
                                     |SHARON K BROWN
                                     |
                                     |MORTGAGE ELECTRONIC         DISPO'D
                                     |SYSTEMS, INC
                                     |ATTORNEY:
                                     |BRYAN CAVE LLP
                                     |SHARON K BROWN
                                     |
                                     |GREEN TREE SERVICING, LLC   DISPO'D
                                     |ATTORNEY:
                                     |SEVERSON & WERSON
                                     |ALISA A. GIVENTAL
                                     |
                                     | and DOES   1 through 100 Dismissed
```

---

```
Action
 Date      Description                                   Disposition
           ----------------------------
7/24/13    (U) Complaint Filed                            N/A
           ----------------------------
           Civil Case Cover Sheet Filed                   N/A
           ----------------------------
           Summons Issued: 30 Day                         N/A
           ----------------------------
           Notice of Filing Complaint Filed               N/A
           Notice Printed for DAVID ERIC BUSHLOW   on  7/24/13
           ----------------------------
           Notice Re: Telephonic Appearances Sent to      N/A
           Plaintiff's Counsel
           Notice Printed for DAVID ERIC BUSHLOW   on  7/24/13
           ----------------------------
           Notice of Case Management Conference Filed.    N/A
           Assigned Judge: STAN ELLER
```

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONO
3/05/18                Register of Actions                    Page:    2

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Case Number : CV130080
Case Name ..: BUSHLOW VS. BANK OF AMERICA, ET AL.
Case Type ..: Civil                    Case Status : Dispo'ed
Category ...: (U) Other Real Property
Jurisdiction: MAMMOTH LAKES
============================================================================

|  | Notice of Ex Parte Appl and TRO & OSC Preliminary Inj. and Memo of P&A'S of David Bushlow Filed | N/A |
|  | Declaration of Notice Regarding Ex Parte Application Filed by DAVID ERIC BUSHLOW | N/A |
|  | Application for Waiver of Court Fees and Costs Filed by DAVID ERIC BUSHLOW |  |
|  | Order on Application for Waiver of Fees Filed by DAVID ERIC BUSHLOW is GRANTED | GRANTED |
| 7/25/13 | Hearing: Ex Parte Hearing Dept.: MSE1A Time : 9:30 Judge STAN  ELLER Presiding. Clerk: RICHMOND. Court Reporter: CALVERT APPEARING FOR PLAINTIFF: David Bushlow APPEARING FOR DEFENDANT: None Case came specially on calendar for Ex Parte Hearing Re Preliminary Injunction and Temporary Restraining Order. Court finds defendants were properly noticed and no appearance is made on behalf of the defendants. Court has read and considered the moving papers and proposed order. Court finds sufficient cause for the issuance of a temporary restraining order. Orders are granted by the court with the following briefing schedule: Hearing on Preliminary Injunction is set for August 22, 2013, at 9:30 a.m. Service of today's orders shall be served on defendants no later July 29, 2013, 5:00 p.m. Opposition is due no later than August 9, 2013, 5:00 p.m. Any reply to opposition is due no later than August 15, 2013, 5:00 p.m. Due to time constraints, service by facsimile shall be allowed. Temporary Restraining order shall expire on August 22, 2013, at 5:00 p.m. Hearing: PRELIMINARY INJUNCTION Set for 08/22/13 at  9:30 in Department MSE1A | COMPLETE |
| 8/09/13 | Memorandum of POINTS & AUTHORITIES BY DEFENDANT IN OPPOSITION TO REQUEST FOR PRELIM INJUNCTION Filed by BANK OF AMERICA , N.A., RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC SYSTEMS, INC | N/A |
|  | (U) First Paper Fee Paid by BANK OF AMERICA , N.A. Receipt: 130809-0035        $435.00 130809-0035-CK Reference Number 1037 | N/A |

```
                    SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONO
   3/05/18                     Register of Actions                      Page:    3
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
  Case Number :    CV130080
  Case Name ..: BUSHLOW VS. BANK OF AMERICA, ET AL.
  Case Type ..: Civil                 Case Status : Dispo'ed
  Category ...: (U) Other Real Property
  Jurisdiction: MAMMOTH LAKES
========================================================================================
```

|          | (U) First Paper Fee Paid by RECONTRUST COMPANY, N.A. | N/A |
|          | Receipt: 130809-0036          $435.00 |
|          | 130809-0036-CK Reference Number 1037 |

|          | (U) First Paper Fee Paid by MORTGAGE ELECTRONIC SYSTEMS, INC | N/A |
|          | Receipt: 130809-0037          $435.00 |
|          | 130809-0037-CK Reference Number 1037 |

|          | Original Summons for Complaint of BUSHLOW returned and Filed | N/A |

| 8/15/13  | Filed Fax Filing Cover Sheet  (no Fees) | N/A |

|          | Filed Reply to Opposition by Plaintiff | N/A |

| 8/16/13  | Filed Declaration of Sharon K. Brown in Suupport o f Def's Opposition | N/A |

| 8/20/13  | Filed Fax Filing - Fee Waived; Declar of Bushlow i n Opposition of Decl of Sharon Brown | N/A |

| 8/22/13  | Hearing: PRELIMINARY INJUNCTION | COMPLETE |
|          | Dept.: MSE1A Time :  9:30 |
|          | Judge STAN  ELLER Presiding. Clerk: RICHMOND. |
|          | Court Reporter: CALVERT |
|          | APPEARING FOR PLAINTIFF: David Bushlow, In Pro Per |
|          | APPEARING FOR DEFENDANT: Sharon K. Brown, |
|          | telephonic via CourtCall |
|          | Case came regularly on calendar for Hearing on |
|          | Preliminary Injunction. Court has read and |
|          | considered the complaint, opposition, and |
|          | replies. Oral argument is heard. Following |
|          | argument, court indicates the preliminary |
|          | injunction is already in effect, therefore, it |
|          | will be denied. Trustee sale shall take place on |
|          | October 22, 2013. Counsel for defendant states |
|          | they are willing to negotiate with the plaintiff |
|          | to settle the matter and indicates a demurrer is |
|          | forthcoming. Court approves CourtCall |
|          | appearances at the demurrer hearing. |

|          | Filed Fax Filing Cover Sheet w/No Fee and Several Types of Proof of Service | N/A |

|          | Proof of Service (PERSONAL) of Summons and Complaint of BUSHLOW Served on GREEN TREE SERVICING, LLC with Service Date of 07/31/13 | N/A |

```
                   SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONO
  3/05/18                     Register of Actions                    Page:    4
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Case Number :    CV130080
Case Name ..: BUSHLOW VS. BANK OF AMERICA, ET AL.
Case Type ..: Civil                   Case Status : Dispo'ed
Category ...: (U) Other Real Property
Jurisdiction: MAMMOTH LAKES
===================================================================================
  8/26/13    Demurrer to Complaint of BUSHLOW Filed by BANK OF    N/A
             AMERICA , N.A., RECONTRUST COMPANY, N.A.,
             MORTGAGE ELECTRONIC SYSTEMS, INC Represented by
             SHARON K BROWN
             - - - - - - - - - - - - - - - - - - - - - -
             Request for Judicial Notice in Support of
             Demurrer filed by BANK OF AMERICA , N.A.,           N/A
             RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC
             SYSTEMS, INC
             - - - - - - - - - - - - - - - - - - - - - -
             Fee for Demurrer Hearing Paid by Defendants
             Receipt: 130826-0046        $60.00                  N/A
             130826-0046-CK Reference Number 1039
             - - - - - - - - - - - - - - - - - - - - - -
  9/11/13    Filed Stipulation to Continue Hearing on
             Demurrer. Filed by Plaintiff (Fee Waiver)           N/A
             - - - - - - - - - - - - - - - - - - - - - -
  9/23/13    POS of Joint Stip re Continuance for 9/26/13 Hrg    N/A
             on Demurrer to Complaint & Order Thereon
             - - - - - - - - - - - - - - - - - - - - - -
  9/26/13    Hearing: Demurrer to Complaint of BUSHLOW by BANK   CONTINUE
             OF AMERICA , N.A., RECONTRUST COMPANY, N.A.,
             MORTGAGE ELECTRONIC SYSTEMS, INC
             Dept.: MSE1A Time :  9:30
             Hearing Continued to 10/03/13 at  9:30 in
             Department MSE1A
             - - - - - - - - - - - - - - - - - - - - - -
             END OF VOLUME 2                                     N/A
             - - - - - - - - - - - - - - - - - - - - - -
  9/27/13    1st Amended Complaint of BUSHLOW Filed (Amended     N/A
             Complaint/Petition)
             - - - - - - - - - - - - - - - - - - - - - -
 10/03/13    Hearing: Demurrer to Complaint of BUSHLOW by BANK   CONTINUE
             OF AMERICA , N.A., RECONTRUST COMPANY, N.A.,
             MORTGAGE ELECTRONIC SYSTEMS, INC
             Dept.: MSE1A Time :  9:30
             Hearing Continued to 10/10/13 at  9:30 in
             Department MSE1A
             - - - - - - - - - - - - - - - - - - - - - -
 10/10/13    Hearing: Demurrer to Complaint of BUSHLOW by BANK   VACATED
             OF AMERICA , N.A., RECONTRUST COMPANY, N.A.,
             MORTGAGE ELECTRONIC SYSTEMS, INC
             Dept.: MSE1A Time :  9:30
             Hearing Vacated. Reason: ENTERED TWICE
             - - - - - - - - - - - - - - - - - - - - - -
 10/18/13    FAXED ROA TO ATTY FOR GREENTREE                     N/A
             - - - - - - - - - - - - - - - - - - - - - -
 10/27/13    --- End of Volume 3 --- See Next Volume 4           N/A
             - - - - - - - - - - - - - - - - - - - - - -
 10/28/13    Request for Judicial Notice in Support of           N/A
```

```
                    SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONO
   3/05/18                      Register of Actions                    Page:     5
```

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

```
Case Number  :    CV130080
Case Name  ..:  BUSHLOW VS. BANK OF AMERICA, ET AL.
Case Type ..:  Civil                    Case Status : Dispo'ed
Category ...:  (U) Other Real Property
Jurisdiction:  MAMMOTH LAKES
```
================================================================================

| | | |
|---|---|---|
| | Demurrer to Pltf's 1st Amended Complaint filed by BANK OF AMERICA , N.A., RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC SYSTEMS, INC | |
| | (U) Motion Fee Paid by BANK OF AMERICA , N.A., RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC SYSTEMS, INC Receipt: 131028-0040       $60.00 131028-0040-CK Reference Number 1080 | N/A |
| | Notice of Demurrer and Demurrer to Plaintiff's First Amended Complaint; Memo of P&A Filed | N/A |
| | Notice of Motion & Motion to Strike Portions of Pltf's First Amended Complaint; Memo of P&A Filed | N/A |
| 11/20/13 | Opposition to Demurrer and Motion to Strike Filed | N/A |
| | POS by Overnight Delivery as to CAVE LLP Filed | N/A |
| 11/26/13 | Reply in Support of Demurrer to 1st Amended Complaint 0002-0003-0004 Filed by *** | N/A |
| 12/05/13 | Tentative Decision Filed | N/A |
| | Hearing: Demurrer to 1st Amended Complaint of BUSHLOW by BANK OF AMERICA , N.A., RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC SYSTEMS, INC Dept.: MSE1A Time :  9:30 Judge STAN  ELLER Presiding. Clerk: RICHMOND. Court Reporter: CALVERT APPEARING FOR PLAINTIFF: David Bushlow APPEARING FOR DEFENDANT: Sharon Brown, Via CourtCall Case came regularly on calendar for Demurrer to First Amended Complaint and Motion to Strike. Court gives tentative ruling on the demurrer to the first amended complaint. Plaintiff requests to submit additional evidence. Counsel for defendant opposes the request. Court denies plaintiff's request. Counsel for defendant submits on the tentative ruling. Oral argument is heard. Court orders tentative ruling stands. Demurrer is sustained on all but the first cause of action. Demurrer is overruled on the fifth, seventh and eleventh cause of action, with 30 days leave to amend. In addition, court makes corrections due to typographical errors made on the tentative ruling. Court shall send the corrected tentative | COMPLETE |

```
                    SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONO
   3/05/18                      Register of Actions                      Page:     6
```

--------------------------------------------------------------------------------

```
Case Number : .   CV130080
Case Name ..: BUSHLOW VS. BANK OF AMERICA, ET AL.
Case Type ..: Civil                    Case Status : Dispo'ed
Category ...: (U) Other Real Property
Jurisdiction: MAMMOTH LAKES
```

==========================================================================================

|  |  |  |
|---|---|---|
|  | ruling to the parties. Demurrer to 1st Amended Complaint of BUSHLOW as to BANK OF AMERICA , N.A., RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC SYSTEMS, INC Sustained with 30 Days Leave to Amend as to 1,5, 7, 11 Cause(s) of Action Only Demurrer Sustained |  |
|  | Tentative Decision Filed | N/A |
| 12/09/13 | Tentative Decision Filed | N/A |
|  | Order On Motion to Strike Amended Complaint Filed by BANK OF AMERICA , N.A., RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC SYSTEMS, INC | N/A |
|  | Order Granting Def's Motion to Strike Protions of Plaintiff's First Amended Complaint Filed by BANK OF AMERICA , N.A., RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC SYSTEMS, INC | N/A |
| 12/13/13 | Motion To Vacate Trustee Sale Filed by DAVID ERIC BUSHLOW | N/A |
|  | Motion To Set Aside/Vacate/Void Trustee Sale Filed by DAVID ERIC BUSHLOW | N/A |
|  | Filed Affidavit of David Bushlow in Support of Motion | N/A |
| 12/18/13 | ** VOID ** MOTION FEE GC70617A TC36 131218-0032   VOIDED  131218-0031   (    60.00) Receipt# 131218-0031 voided by GOFOK from JOHNK MOTION FEE COLLECTED IN ERROR BY CLERK | N/A |
|  | Notice of OF RULING ON DEMURRER & MOTION TO STRIKE PORTIONS OF 1ST AMENDED COMPLAINT Filed | N/A |
| 12/23/13 | Opposition to Plaintiff's Motion to Set Aside/Vacate Trustee's S ale Filed by BANK OF AMERICA , N.A., RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC SYSTEMS, INC | N/A |
|  | Filed Defendants' Request for Judicial Notice in S upport of Opposition to Plaintiff's Motion | N/A |
| 1/03/14 | 2nd Amended Complaint of BUSHLOW Filed (Amended Complaint/Petition) | N/A |
|  | Request for Judicial Notice in Support of 2nd | N/A |

```
                    SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONO
   3/05/18                     Register of Actions                        Page:      7

- - - - - -  - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
  Case Number :   CV130080
  Case Name ..:  BUSHLOW VS. BANK OF AMERICA, ET AL.
  Case Type ..:  Civil                     Case Status : Dispo'ed
  Category ...:  (U) Other Real Property
  Jurisdiction: MAMMOTH LAKES
========================================================================================
```

|            | Amended Complaint filed by DAVID ERIC BUSHLOW | |
|            | ----------------------------- | |
|            | Affidavit of David Bushlow in Reply to Opposition by Plaintiff Filed | N/A |
|            | ----------------------------- | |
|            | END OF VOLUME 4 | N/A |
|            | ----------------------------- | |
| 1/07/14    | Case Management Statement Filed by BANK OF AMERICA , N.A., RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC SYSTEMS, INC | N/A |
|            | ----------------------------- | |
| 1/09/14    | Hearing: Motion Re: To Vacate Trustee Sale Filed by DAVID ERIC BUSHLOW | U/SUBM. |
|            | Dept.: MSE1A Time : 9:30 | |
|            | Judge STAN  ELLER Presiding. Clerk: RICHMOND. | |
|            | Court Reporter: CALVERT | |
|            | FOR PLAINTIFF: David Bushlow | |
|            | FOR DEFENDANT: Sharon Brown | |
|            | Case came regularly on calendar for Motion to Vacated Trustee Sale. Court has reviewed the motion and opposition filed. Lengthy oral argument is heard. Court grants judicial notice as requested by the defendant. Matter is taken under-submission. In addition, court requests notification on the issue of the trustee sale. Hearing previously set for January 23, 2014, at 9:30 a.m. is hereby vacated and continued to March 6, 2014, at 9:30 a.m. CourtCall appearance is approved | |
|            | Matter Taken Under Submission | |
|            | Ruling on Submitted Matter Entered on 01/23/14 | |
|            | ----------------------------- | |
| 1/23/14    | Hearing: Case Management Conference | CONTINUE |
|            | Dept.: MSE1A Time : 9:30 | |
|            | Hearing Continued to 03/06/14 at  9:30 in Department MSE1A | |
|            | ----------------------------- | |
|            | Filed Decision; Motion to Set Aside | N/A |
|            | ----------------------------- | |
| 2/06/14    | Demurrer to 2nd Amended Complaint of BUSHLOW Filed by BANK OF AMERICA , N.A., RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC SYSTEMS, INC Represented by SHARON K BROWN | N/A |
|            | ----------------------------- | |
|            | Filed Defendant's Notice of Motion and Motion to S trike Portions of the 2nd Amended Complaint | N/A |
|            | ----------------------------- | |
|            | Request for Judicial Notice in Support of Demurrer to 2nd Amended Complaint filed by MORTGAGE ELECTRONIC SYSTEMS, INC, RECONTRUST | N/A |

```
                    SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONO
   3/05/18               Register of Actions                         Page:      8
------------------------------------------------------------------------------
Case Number :    CV130080
Case Name ..: BUSHLOW VS. BANK OF AMERICA, ET AL.
Case Type ..: Civil                    Case Status : Dispo'ed
Category ...: (U) Other Real Property
Jurisdiction: MAMMOTH LAKES
==============================================================================
                COMPANY, N.A., BANK OF AMERICA , N.A.
                ------------------------
 2/07/14    Fee for DEMURRER Paid by DEFENDANT                   N/A
            Receipt: 140207-0030         $60.00
            140207-0030-CK Reference Number 1072
            ------------------------
 2/18/14    Case Management Statement Filed by BANK OF           N/A
            AMERICA , N.A., RECONTRUST COMPANY, N.A.
            ------------------------
 2/19/14    Facsimile Cover Sheet Filed                          N/A
            ------------------------
            Case Management Statement Filed by DAVID ERIC        N/A
            BUSHLOW
            ------------------------
 3/06/14    Hearing: Case Management Conference                  COMPLETE
            Dept.: MSE1A Time :  9:30
            Judge STAN  ELLER Presiding. Clerk: RICHMOND.
            Court Reporter: CALVERT
            APPEARING FOR PLAINTIFF: David Bushlow
            APPEARING FOR DEFENDANT: Sharon K. Brown
            Case came on regularly on calendar for Case
            Management Conference. Plaintiff indicates Green
            Tree has been served, and will submit
            documentation to the court. Matter is continued
            to the previously set hearing on March 27, 2013,
            for Motion to Strike and Demurrer.
            ------------------------
            Plaintiff's Opposition to Demurrer, Motion to       N/A
            Strike and Judicial Notice
            ------------------------
            Notice of Misprision of Felony by Affidavit of      N/A
            Plaintiff Filed
            ------------------------
            Filed POS of Opposition and Notice by Plaintiff     N/A
            ------------------------
 3/11/14    Filed Opposition to Demurrer                        N/A
            ------------------------
            Request for Judicial Notice in Support of           N/A
            Opposition to Demurrer filed by DAVID ERIC
            BUSHLOW
            ------------------------
            Filed POS By Plaintiff                              N/A
            ------------------------
            Filed Plaintiff's Opposition to Demurrer; Motion    N/A
            t o Strike
            ------------------------
            Filed Notice of Misprision of Felony                N/A
            ------------------------
            Filed POS By Plaintiff                              N/A
            ------------------------
```

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONO
3/05/18                  Register of Actions                    Page:    9

Case Number : CV130080
Case Name ..: BUSHLOW VS. BANK OF AMERICA, ET AL.
Case Type ..: Civil                  Case Status : Dispo'ed
Category ...: (U) Other Real Property
Jurisdiction: MAMMOTH LAKES

| Date | Action | |
|------|--------|---|
| 3/12/14 | Reply in Support of Def's Demurrer to 2nd Amend Complain 0004-0003-0002 Filed by *** | N/A |
| 3/25/14 | Facsimile Cover Sheet Filed | N/A |
|  | Filed Notice of Fault/Opportunity to Cure | N/A |
|  | Filed POS of Notice of Fault/Opportunity | N/A |
|  | Filed POS of Notice of Fault/Opportunity to Cure | N/A |
| 3/27/14 | Hearing: Demurrer to 2nd Amended Complaint of BUSHLOW by BANK OF AMERICA , N.A., RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC SYSTEMS, INC Dept.: MSE1A Time :  9:30 Judge STAN  ELLER Presiding. Clerk: RICHMOND. Court Reporter: CALVERT APPEARING FOR PLAINTIFF: David Bushlow APPEARING FOR DEFENDANT: Sharon K. Brown, via CourtCall Case came regularly on calendar for hearing on Demurrer. Court has reviewed the demurrer and requests additional input of defendant regarding issues on the 4th, 5th, 10th and 11th, cause of action. Oral argument is heard. Court takes matter under-submission indicating a decision will be made within the next 3 to 4 weeks. A continued case management conference date will be included in the decision. Matter Taken Under Submission | U/SUBM. |
| 4/03/14 | RECD NOTICE OF DEFAULT/NOTICE OF ESTOPPEL | N/A |
| 4/11/14 | Filed Second Request for Judicial Notice in Refere nce to the Opposition to Demurrer | N/A |
|  | Filed Notice of Default/ Default; Notice of Estopp el/Estoppel by Affidavit of Plaintiff | N/A |
|  | Filed Affidavit in Support of Second Request for Judicial Notice | N/A |
|  | Filed Avvidavit of Plaintiff in Support of Default Judgment Against Green Tree Servicing, LLC | N/A |
| 4/21/14 | Filed 2nd Affidavit of D. Bushlow, Sui Juris in Support of 2nd Request for Judicial Notice | N/A |
|  | Facsimile Cover Sheet Filed | N/A |

```
                     SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONO
  3/05/18                   Register of Actions                    Page:    10
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
  Case Number :    CV130080
  Case Name ..: BUSHLOW VS. BANK OF AMERICA, ET AL.
  Case Type ..: Civil                   Case Status : Dispo'ed
  Category ...: (U) Other Real Property
  Jurisdiction: MAMMOTH LAKES
====================================================================================
                   - - - - - - - - - - - - - - - - - -
                   END OF VOL 7                                     N/A
                   - - - - - - - - - - - - - - - - - -
  5/05/14          Decision; Demurrer to the Second Amended        N/A
                   Complaint Filed
                   - - - - - - - - - - - - - - - - - -
                   Decision; Motion to Strike Filed                N/A
                   - - - - - - - - - - - - - - - - - -
                   Addendum to Decisions; Motion to Strike, Demurrer  N/A
                   Decision Filed
                   - - - - - - - - - - - - - - - - - -
                   Ruling on Submitted Matter ( Demurrer and Motion   COMPLETE
                   to Strike)
                   Dept.: MSE1A Time :   4:00
                   Having Considered the Submitted Matter, the Court
                   Rules as Follows:
                   Demurrer to 2nd Amended Complaint of BUSHLOW as
                   to BANK OF AMERICA , N.A., RECONTRUST COMPANY,
                   N.A., MORTGAGE ELECTRONIC SYSTEMS, INC Sustained
                   with 25 Days Leave to Amend as to 4 Cause(s) of
                   Action Only
                   Demurrer Sustained
                   Motion to strike is granted with leave to amend
                   to allege sufficient and specific facts to
                   support a prayer for punitive damages.
                   - - - - - - - - - - - - - - - - - -
  5/30/14          1st Amended Complaint of BUSHLOW Filed (Amended   N/A
                   Complaint/Petition)
                   - - - - - - - - - - - - - - - - - -
                   Affidavit of Criminal Complaint and Supporting     N/A
                   Evidence Filed.
                   - - - - - - - - - - - - - - - - - -
                   Request for Compulsory Judicial Notice in Support  N/A
                   of 3rd Amended Complaint Filed.
                   - - - - - - - - - - - - - - - - - -
                   Proof of Service Filed.                            N/A
                   - - - - - - - - - - - - - - - - - -
                   Affidavit in Verification of 3rd Amended           N/A
                   Complaint Filed.
                   - - - - - - - - - - - - - - - - - -
  6/16/14          Motion To Strike Portions Of Third Amended
                   Complaint Filed by BANK OF AMERICA , N.A.,
                   RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC
                   SYSTEMS, INC
                   Receipt: 140616-0055        $60.00
                   140616-0055-CK Reference Number 103
                   - - - - - - - - - - - - - - - - - -
  7/08/14          Request to Enter Default Filed Default Not        N/A
                   Entered - Parties Responded Motions Pending
                   - - - - - - - - - - - - - - - - - -
```

```
                       SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONO
     3/05/18                    Register of Actions
                                                              Page:     11
```

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

```
Case Number  :   CV130080
Case Name  ..:   BUSHLOW VS. BANK OF AMERICA, ET AL.
Case Type  ..:   Civil                  Case Status : Dispo'ed
Category  ...:   (U) Other Real Property
Jurisdiction:    MAMMOTH LAKES
```

=========================================================================

| | | |
|---|---|---|
| | END OF VOLUME 9 | N/A |
| 7/18/14 | Notice of Fault/Opportunity to Cure in Re to Affidavit in Verification of Third Amended Complaint Filed by DAVID ERIC BUSHLOW | N/A |
| | Notice of Default/Default; Notice of Estoppel/ Estoppel by Affidavit Filed by DAVID ERIC BUSHLOW | N/A |
| | Opposition to Motion to Strike; Memorandum of P&A's in Support Thereof Filed by DAVID ERIC BUSHLOW | N/A |
| 7/25/14 | Reply In Support of Motion to Strike 0002-0003-0004 Filed by *** | N/A |
| 7/29/14 | Tentative Decision Filed | N/A |
| 7/31/14 | Hearing: Motion Re: To Strike Portions Of Third Amended Complaint Filed by BANK OF AMERICA , N.A., RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC SYSTEMS, INC Dept.: MSE1A Time :  9:30 Judge STAN  ELLER Presiding. Clerk: GOFORTH/BRADLEY. Court Reporter: KRISTY KEENER APPEARING FOR PLAINTIFF(S): David Bushlow, Pro Per APPEARING FOR DEFENDANT(S): Sharon K. Brown Case came regularly on calendar for a Motion to Strike Portions of Plaintiff's Third Amended Complaint. Court finds counsel for defendant appeared telephonically via CourtCall and Plaintiff is personally present in court. Court has read and considered the documents filed and issued a tentative ruling on July 29, 2014. Court finds Defendant has received the tentative ruling, however Plaintiff did not. Tentative ruling read in open court. Oral argument is heard. Folowing argument, the Court grants Defendant's Motion to Strike in its entirety. Order Granting Defendant's Motion to Strike Portions of Plaintiff's Third Amended Complaint is executed and order filed. Defendant to file Answer within 30 days. Case Management Conference is set for September 25, 2014, at 9:30 A.M. in the Mammoth Lakes Branch of the Mono Superior Court. CourtCall is acceptable. Updated Case Management Statements required. | COMPLETE |
| | Order Order Granting Motion to Strike Portions of | N/A |

```
                    SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONO
    3/05/18              Register of Actions                    Page:    12
```

```
Case Number  :   CV130080
Case Name  ..: BUSHLOW VS. BANK OF AMERICA, ET AL.
Case Type  ..: Civil                 Case Status : Dispo'ed
Category  ...: (U) Other Real Property
Jurisdiction: MAMMOTH LAKES
```

|  |  |  |
|---|---|---|
|  | Third Amended Complaint Filed by BANK OF AMERICA , N.A., RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC SYSTEMS, INC |  |
| 8/15/14 | Demurrer to 3rd Amended Complaint of BUSHLOW Filed by GREEN TREE SERVICING, LLC Represented by ALISA A. GIVENTAL Receipt: 140818-0006        $435.00 140818-0006-CK Reference Number D3315476 | N/A |
|  | Memorandum of OF P & A IN SUPPORT OF GREEN TREE'S DEMURRER Filed by GREEN TREE SERVICING, LLC | N/A |
| 8/27/14 | (U) Answer to 3rd Amended Complaint of BUSHLOW Filed by BANK OF AMERICA , N.A., RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC SYSTEMS, INC, Represented by SHARON K BROWN | N/A |
| 9/01/14 | Proof of Service Filed | N/A |
| 9/05/14 | Opposition to DEMURRER OF GREENTREE Filed by DAVID ERIC BUSHLOW | N/A |
|  | Request for Judicial Notice in Support of OPPOSITION TO DEMURRER filed by DAVID ERIC BUSHLOW | N/A |
|  | Declaration IN SUPPORT OF OPPOSITION TO DEMURRER OF GREENTREE | N/A |
|  | PROOF OF SERVICE OF OPPOSITION TO DEM, DEC, & REQ JUD NOTICE FILED. | N/A |
|  | Affidavit IN VERIFICATION OF OPPOSITION by PLAINTIFF Filed | N/A |
| 9/08/14 | Minute Order Re Continuance Filed | N/A |
|  | END OF VOLUME 11 | N/A |
| 9/10/14 | Case Management Statement Filed by DAVID ERIC BUSHLOW | N/A |
|  | Facsimile Cover Sheet Filed | N/A |
|  | Case Management Statement Filed by BANK OF AMERICA , N.A., RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC SYSTEMS, INC | N/A |
|  | Fax Filing | N/A |

```
                    SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONO
   3/05/18                       Register of Actions                    Page:    13
```

-------------------------------------------------------------------------------
```
Case Number :   CV130080
Case Name ..:  BUSHLOW VS. BANK OF AMERICA, ET AL.
Case Type ..:  Civil                 Case Status : Dispo'ed
Category ...:  (U) Other Real Property
Jurisdiction: MAMMOTH LAKES
```
===============================================================================

| | | |
|---|---|---|
| | Receipt: 140911-0015      $12.50 | |
| | 140911-0015-CC Reference Number 000002 | |
| | Facsimile Cover Sheet Filed | N/A |
| | Case Management Statement Filed by BANK OF AMERICA , N.A., RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC SYSTEMS, INC | N/A |
| 9/16/14 | Notice to the Clerk of the Court Filed by DAVID ERIC BUSHLOW | N/A |
| | Notice of Intent to Enter Evidence Filed by DAVID ERIC BUSHLOW | N/A |
| | Notice of Intent to Record All Future Proceedings by Declaration Filed by DAVID ERIC BUSHLOW | N/A |
| | Facsimile Cover Sheet Filed | N/A |
| 9/17/14 | Notice to All Parties Filed by DAVID ERIC BUSHLOW | N/A |
| | First Set of Requests for Production of Documents Filed | N/A |
| | Notice of Default/Default; Notice of Estoppel/Estoppel by Affidavit Filed by DAVID ERIC BUSHLOW | N/A |
| | Facsimile Cover Sheet Filed | N/A |
| 9/19/14 | GREEN TREE SERVICING LLC'S REPLY IN SUPPORT OF DEMURRER | N/A |
| | First Set of Requests for Admissions to Defendants BANA, MERS, and Recontrust Filed | N/A |
| | Facsimile Cover Sheet Filed | N/A |
| 9/22/14 | Order Pursuant to CRC 1.150(d) Filed | N/A |
| 9/25/14 | Hearing: Demurrer to 3rd Amended Complaint and Case Management Conference Dept.: MSE1A Time :  9:30 Judge STAN  ELLER Presiding. Clerk: A.BRADLEY. Court Reporter: K.KEENER APPEARING FOR PLAINTIFF(S): David E. Bushlow, Pro Per APPEARING FOR DEFENDANT(S): Sharon K. Brown and Alisa A. Givental | COMPLETE |

```
Case Number :   CV130080
Case Name ..: BUSHLOW VS. BANK OF AMERICA, ET AL.
Case Type ..: Civil                Case Status : Dispo'ed
Category ...: (U) Other Real Property
Jurisdiction: MAMMOTH LAKES
```

Case came regularly on calendar for a Demurrer to
the Third Amended Complaint, Motion to Strike
Plaintiff's Affidavit and Declaration, and Case
Management Conference. Plaintiff is personally
present in court and counsel appeared
telephonically via CourtCall. The Court has read
and considered the documents filed. Court
confirms Counsel's receipt of signed order
allowing Plaintiff to record all hearings.
Regarding the Demurrer and Motion to Strike,
Court finds Plaintiff and Counsel are in receipt
of the Court's Tentative Ruling.
Plaintiff addresses Requests for Judicial Notice
previously filed. Counsel for defendants object
to the Court taking judicial notice on the three
documents. Following argument, the Court will
take judicial notice and the three documents
submitted. Documents are ordered filed.
Plaintiff is ordered to serve opposing counsel.
In addition, Court makes the following orders:
The Tentative Ruling is executed and becomes the
order of the court.
Demurrer to 3rd Amended Complaint of BUSHLOW as
to GREEN TREE SERVICING, LLC Sustained Without
Leave to Amend as to FIRST Cause(s) of Action
Only
Demurrer to 3rd Amended Complaint of BUSHLOW as
to GREEN TREE SERVICING, LLC Sustained with 30
Days Leave to Amend as to SECOND Cause(s) of
Action Only
Demurrer Sustained
The Court will not require Defendants Bank of
America, N.A., Recontrust Company, N.A. and
Mortgage Electronic Registration Systems, Inc.
to file an answer to the fourth amended
complaint. The answer filed on August 27, 2014,
will stand.
The Motion to Strike is granted without leave to
amend.
Defendant Green Tree Servicing, LLC is directed
to file an order consistent with this decision.
The Case Management Conference is continued to
December 11, 2014, at 9:30 A.M. in the Mammoth
Lakes Branch of the Mono Superior Court.
CourtCall is approved.
- - - - - - - - - - - - - - - - - - - - - - - - -
Ruling Filed                                    N/A
- - - - - - - - - - - - - - - - - - - - - - - - -
10/06/14    Notice of Entry of Tentative Ruling as Order on    N/A
            Demurrer and Motion to Strike Filed by GREEN TREE

```
                    SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONO
  3/05/18                        Register of Actions
                                                                 Page:     15
```

------------------------------------------------------------------------------------

```
Case Number  :    CV130080
Case Name ..:    BUSHLOW VS. BANK OF AMERICA, ET AL.
Case Type ..:    Civil                  Case Status : Dispo'ed
Category ...:    (U) Other Real Property
Jurisdiction:    MAMMOTH LAKES
```

====================================================================================

| | | |
|---|---|---|
| | SERVICING, LLC | |
| 10/24/14 | 4th Amended Complaint of BUSHLOW Filed (Amended Complaint/Petition) | N/A |
| | Filed Affidavit in Verification of 4th Amended Complaint | N/A |
| | Filed Request for Judicial Notice in Support of 4th Amended Complaint | N/A |
| 12/01/14 | Demurrer to 4th Amended Complaint of BUSHLOW Filed by GREEN TREE SERVICING, LLC Represented by ALISA A. GIVENTAL<br>Receipt: 141201-0074      $435.00<br>141201-0074-CK Reference Number 3315489 | N/A |
| | Notice of Green Tree Services LLC'S Demurrer to 4th Amended Complaint Filed | N/A |
| | Memorandum of Points and Authorities Filed by GREEN TREE SERVICING, LLC in Support of Demurrer to 4th Amended Complaint | N/A |
| 12/02/14 | Case Management Statement Filed by GREEN TREE SERVICING, LLC | N/A |
| 12/04/14 | Case Management Statement Filed by DAVID ERIC BUSHLOW | N/A |
| | Facsimile Cover Sheet Filed | N/A |
| | Copy of Letter from Plaintiff to Defendant Received | N/A |
| 12/11/14 | Hearing: Case Management Conference<br>Dept.: MSE1A Time :  9:30<br>Judge STAN  ELLER Presiding. Clerk: RICHMOND.<br>Court Reporter: NONE<br>APPEARING FOR PLAINTIFF: David Bushlow<br>APPEARING FOR DEFENDANT: Alisa A. Giventhal<br>APPEARING FOR DEFENDANT: Sharon K. Brown<br>Case came regularly on calendar for Case Management Conference. Court has reviewed the letter by plaintiff. Case is continued to previously set date of Demurrer on January 8, 2015, at 9:30 a.m. CourtCall is approved. | COMPLETE |
| 12/22/14 | Opposition to Demurrer by Greentree Servicing and Memo of P&A's Filed by DAVID ERIC BUSHLOW | N/A |

```
                    SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONO
   3/05/18                     Register of Actions                    Page:    16
```
------------------------------------------------------------------------

```
Case Number :    CV130080
Case Name ..: BUSHLOW VS. BANK OF AMERICA, ET AL.
Case Type ..: Civil                    Case Status : Dispo'ed
Category ...: (U) Other Real Property
Jurisdiction: MAMMOTH LAKES
```
========================================================================

|  |  |  |
|---|---|---|
| | Declaration in Support of Opposition Filed by DAVID ERIC BUSHLOW | N/A |
| | Filed Notice of Dispute | N/A |
| | Request for Judicial Notice in Support of Opposition filed by DAVID ERIC BUSHLOW | N/A |
| 12/31/14 | Fax Filing<br>Receipt: 141231-0068          $10.50<br>141231-0068-CC Reference Number 000001 | N/A |
| 1/08/15 | Hearing: Demurrer to  4th Amended Complaint of BUSHLOW by GREEN TREE SERVICING, LLC<br>Dept.: MSE1A Time :  9:30<br>Judge STAN  ELLER Presiding. Clerk: RICHMOND.<br>Court Reporter: ISBELL<br>APPEARING FOR PLAINTIFF: David Bushlow<br>APPEARING FOR DEFENDANT: Sharon K. Brown for Bank of America, via Court Call<br>APPEARING FOR DEFENDANT: Alisa A. Giventhal for Gr een Tree, via Court Call<br>Case came regularly on calendar for Demurrer to 4th Amended Complaint. Counsel for Green Tree requests the demurrer is sustained without leave to amend. Oral argument is heard. Matter is taken under submission.<br>Matter Taken Under Submission<br>Ruling on Submitted Matter Entered on 01/29/15 | U/SUBM. |
| 1/29/15 | Filed Decision on Defendant Green Tree Servicing Demurrer to 4th Amended Complaint | N/A |
| 2/26/15 | Order Sustaining Gree Tree Servicing LLC's Demurrer to Fourth Amended Complaint Filed by GREEN TREE SERVICING, LLC | N/A |
| | Judgment Entered on 02/26/15 as Follows: | N/A |
| 3/16/15 | Notice of Entry of Judgment Filed and Mailed to all Parties | N/A |
| 4/21/15 | Facsimile Cover Sheet Filed | N/A |
| | Request for Admission Set No. 2 (MERS) Filed | N/A |
| | Requests for Admission Set No. 2 (Recontrust Company) Filed | N/A |

```
                    SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONO
   3/05/18                     Register of Actions                    Page:    17
```

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```
Case Number :    CV130080
Case Name ..: BUSHLOW VS. BANK OF AMERICA, ET AL.
Case Type ..: Civil                    Case Status : Dispo'ed
Category ...: (U) Other Real Property
Jurisdiction: MAMMOTH LAKES
```
========================================================================================

| | | |
|---|---|---|
| | Request for Admission Set No. 2 (Bank of America, N.A.) Filed | N/A |
| 5/11/15 | FILED REQUEST FOR FEE WAIVER FROM APPELLANT | N/A |
| | FILED ORER ON COURT FEE WAIVER | N/A |
| | FILED NOTICE OF APPEAL | N/A |
| 6/25/15 | Hearing: Status Conference<br>Dept.: MSE1A Time : 9:30<br>Honorable Judge STAN ELLER Presiding. Clerk:<br>A.BRADLEY. Court Reporter: None<br>APPEARING FOR PLAINTIFF(S): David Bushlow, Pro Per<br>APPEARING FOR DEFENDANT(S): Sharon Brown<br>Cases came regularly on calendar for a Status<br>Conference. Plaintiff is personally present in<br>court. Counsel for Defendants appeared<br>telephonically via CourtCall. Court finds<br>discovery is ongoing and motions are<br>forthcoming.<br>A further Status Conference is set for September<br>17, 2015, at 9:30 a.m. in the Mammoth Lakes<br>branch of the Mono Superior Court. CourtCall is<br>approved. Notice is waived. | COMPLETE |
| 9/17/15 | Hearing: Status Conference<br>Dept.: MSE1A Time : 9:30<br>Judge STAN ELLER Presiding. Clerk: RICHMOND.<br>Court Reporter: NONE<br>APPEARING FOR PLAINTIFF: David Bushlow<br>APPEARING FOR DEFENDANT: Sharon Brown, via court<br>call<br>Case came on calendar for Status Conference.<br>Counsel indicates parties are in the process of<br>settlement discussions and responding to<br>discovery. Matter is continued to November 5,<br>2015, at 9:30 a.m. Notice is waived.<br>Hearing Continued (Partially Heard) to 11/05/15<br>at 9:30 in Department MSE1A | CONTINUE |
| 11/05/15 | Hearing: Status Conference<br>Dept.: MSE1A Time : 9:30<br>Judge STAN ELLER Presiding. Clerk: RICHMOND.<br>Court Reporter: NONE<br>APPEARING FOR PLAINTIFF: David Bushlow<br>APPEARING FOR DEFENDANT: Sharon Brown, via Court<br>Call<br>Case came on calendar for Status Conference.<br>Parties indicate they are unable to reach a | CONTINUE |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONO
3/05/18                          Register of Actions                      Page:    18

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case Number  :      CV130080
Case Name  ..: BUSHLOW VS. BANK OF AMERICA, ET AL.
Case Type ..: Civil                     Case Status : Dispo'ed
Category ...: (U) Other Real Property
Jurisdiction: MAMMOTH LAKES
================================================================================

|  | settlement. Counsel for defendant anticipates filing a motion for summary judgement within the next four months. Oral argument regarding discovery is heard. Matter is continued for further Status Conference on March 10, 2016, at 9:30 a.m. Hearing Continued (Partially Heard) to 03/10/16 at  9:30 in Department MSE1A | |
| 11/25/15 | Motion for Relief from Waiver of Objections to Discovery Requests Filed by BANK OF AMERICA , N.A., RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC SYSTEMS, INC | N/A |
|  | Defendant Recontrust Co. Responses to Request for Production of Documents | N/A |
| 12/01/15 | Fee for Motion Paid by Defendant Receipt: 151201-0053        $60.00   *Voided* 151201-0053-CK Reference Number 384 | N/A |
| 12/31/15 | ** VOID ** COPIES GC70627(A) TC44 151231-0046  VOIDED  151201-0053   (      60.00) Receipt# 151201-0053 voided by OLIVS from MOSSK JUSTIFIED LEGAL CHECK RETURNED NSF MTN FEE FOR DEF | N/A |
| 1/14/16 | Opposition to to MOTION FOR RELIEF FROM WAIVER OF OBJECTIONS TO DISCOVERY REQUESTS Filed by DAVID ERIC BUSHLOW | N/A |
|  | Payment Received for NSF Returned Check Receipt: 160114-0028        $25.00 160114-0028-CK Reference Number 4279 | N/A |
| 1/21/16 | Filed Reply by Defendant | N/A |
| 1/28/16 | Hearing: Motion Re: for Relief from Waiver of Objections to Discovery Requests Filed by BANK OF AMERICA , N.A., RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC SYSTEMS, INC Dept.: MSE1A Time :  9:30 Judge STAN  ELLER Presiding. Clerk: H KENNEY. Court Reporter: NONE DAVID ERIC BUSHLOW Present in Pro Per APPEARING FOR DEFENDANT(S): Andrea Hicks via CourtCall Case came regularly on calendar for Motion for Waiver of Objections to Discovery Requests. Court has read and considered the moving papers and replies filed. Oral argument is heard. | COMPLETE |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONO
3/05/18                  Register of Actions                 Page:    19

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Case Number :    CV130080
Case Name ..: BUSHLOW VS. BANK OF AMERICA, ET AL.
Case Type ..: Civil              Case Status : Dispo'ed
Category ...: (U) Other Real Property
Jurisdiction: MAMMOTH LAKES
===================================================================================

|          | Following argument, Court states its findings. Court grants the motion as requested. Order Granting Relief for Waiver of Objections to Discovery Requests is executed and ordered filed. Case remains set for Status Conference for March 10, 2016, at 9:30 a.m. CourtCall appearance is approved. | |
|----------|---|---|
| 2/25/16  | Received Remittitur from Court of Appeal-Appellant Dismissed Appeal | N/A |
| 3/10/16  | Hearing: Status Conference Dept.: MSE1A Time : 9:30 Judge STAN  ELLER Presiding. Clerk: RICHMOND. Court Reporter: NONE APPEARANCES: NONE Due to a Conflict in scheduling, hearing set for March 10, 2016, has been reset for March 17, 2016, at 9:30 a.m. in the Mammoth Lakes Branch of the Mono Superior Court. Hearing Continued to 03/17/16 at  9:30 in Department MSE1A | CONTINUE |
| 3/17/16  | Hearing: Status Conference Dept.: MSE1A Time : 9:30 Judge STAN  ELLER Presiding. Clerk: RICHMOND. Court Reporter: NONE APPEARING FOR PLAINTIFF: David Bushlow APPEARING FOR DEFENDANT: Sharon K. Brown, via Court Call Case came on calendar for Status Conference. Counsel for defendant indicates matter has been reopened for settlement negotiations. Matter is continued to May 5, 2016, at 9:30 a.m. Hearing Continued (Partially Heard) to 05/05/16 at  9:30 in Department MSE1A | CONTINUE |
| 4/04/16  | Opposition to Plaintiff's Motion for Leave to file Amended Complaint Filed by GREEN TREE SERVICING, LLC | N/A |
|          | Request for Judicial Notice in Support of Opposition to Motion for Leave to File AC filed by GREEN TREE SERVICING, LLC | N/A |
|          | Opposition to Motion for Leave to File Amended Complaint Filed by BANK OF AMERICA , N.A., RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC SYSTEMS , INC | N/A |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONO
3/05/18                           Register of Actions                    Page:    20

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Case Number :    CV130080
Case Name ..: BUSHLOW VS. BANK OF AMERICA, ET AL.
Case Type ..: Civil                    Case Status : Dispo'ed
Category ...: (U) Other Real Property
Jurisdiction: MAMMOTH LAKES
=========================================================================================

|  |  |  |
|---|---|---|
|  | Request for Judicial Notice in Support of Opposition for Leave to Amend Complaint filed by BANK OF AMERICA , N.A., RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC SYSTEMS, INC | N/A |
| 4/07/16 | Filed Pltf's Reply to Def's Opposition to Pltf's Motion for Leave to Amend | N/A |
| 4/11/16 | Filed Tentative Decision Re Leave to Amend as to Green Tree | N/A |
|  | Filed Tentative Decision Re Leave to Amend as to BofA, et al. | N/A |
| 4/25/16 | FILED 3RD AMENDED COMPLAINT BY PLAINTIFF | N/A |
| 5/05/16 | Hearing: Status Conference Dept.: MSE1A Time : 9:30 Judge STAN ELLER Presiding. Clerk: H KENNEY. Court Reporter: NONE APPEARING FOR PLAINTIFF(S): DAVID BUSHLOW APPEARING FOR DEFENDANT(S): FOR GREEN TREE SERVICING: LASZLO LADI APPEARING FOR DEFENDANT(S): FOR BANK OF AMERICA et al: SHARON BROWN Case came regularly on calendar for Motion for Leave to Amend Complaint. Counse for Defendants appeared telephonically via CourtCall. All parties state that they received the Court's Tentative Ruling. Parties submit on their papers. Court denies Plaintiff's request as Green Tree Servicing. Counsel for Defendant Green Tree Servicing shall prepare the order. Plaintiff shall file and serve the amended complaint on or before April 21, 2016 at 4:00 p.m. Defendant shall file a response within 30 days of service of the amended complaint. Status Conference set for May 5, 2016, is continued to June 9, 2016, at 9: 30 a.m. CourtCall appearance is allowed. | COMPLETE |
| 5/23/16 | Demurrer to 4th Amended Complaint of BUSHLOW Filed by BANK OF AMERICA , N.A., RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC SYSTEMS, INC Represented by SHARON K BROWN Receipt: 160523-0043          $60.00 160523-0043-CK Reference Number 4642 | N/A |
|  | Request for Judicial Notice in Support of Demurrer filed by MORTGAGE ELECTRONIC SYSTEMS, | N/A |

```
                    SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONO
  3/05/18                    Register of Actions                    Page:    21
----------------------------------------------------------------------------------
Case Number :    CV130080
Case Name ..: BUSHLOW VS. BANK OF AMERICA, ET AL.
Case Type ..: Civil            Case Status : Dispo'ed
Category ...: (U) Other Real Property
Jurisdiction: MAMMOTH LAKES
==================================================================================
```

|  |  |  |
|---|---|---|
|  | INC, RECONTRUST COMPANY, N.A., BANK OF AMERICA , N.A. | |
|  | Declaration of Sharon Brown in Support of Demurrer Filed by MORTGAGE ELECTRONIC SYSTEMS, INC, RECONTRUST COMPANY, N.A., BANK OF AMERICA , N.A. | N/A |
| 6/09/16 | Hearing: Status Conference<br>Dept.: MSE1A Time : 9:30<br>Judge STAN  ELLER Presiding. Clerk: H KENNEY.<br>Court Reporter: NONE<br>APPEARING FOR PLAINTIFF(S): David Bushlow<br>APPEARING FOR DEFENDANT(S): Sharon Brown<br>Case came regularly calendar for Status<br>Conference. Court finds that Demurrer to the<br>Fifth Amended has been filed. Case remains set<br>for Demurrer on July 7, 2016, at 9:30 a.m.<br>CourtCall appearance is approved. Notice is<br>Waived. | COMPLETE |
| 6/16/16 | Notice of Entry of Judgment Filed | N/A |
| 6/23/16 | Response to Demurrer to 4th Amended Complaint Filed by DAVID ERIC BUSHLOW | N/A |
| 7/07/16 | Hearing: Demurrer to  4th Amended Complaint of BUSHLOW by BANK OF AMERICA , N.A., RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC SYSTEMS, INC<br>Dept.: MSE1A Time : 9:30<br>Judge STAN  ELLER Presiding. Clerk: RICHMOND.<br>Court Reporter: NONE<br>APPEARING FOR PLAINTIFF(S): David Bushlow<br>APPEARING FOR DEFENDANT(S): Sharon K. Brown, via Court Call<br>Case came on calendar for hearing on Demurrer to the Fifth Amended Complaint. Court has read and consider all filings pertaining to this matter. Oral argument is heard. Following argument, court orders demurrer sustained, with no further amendments. Counsel for defendant shall prepare the final order and judgment. | COMPLETE |
| 7/08/16 | Notice of of Ruling on Defendant's Demurrer to the 5th Amended Complaint Filed | N/A |
| 7/11/16 | Civil SAD After Court Trial ENTRY OF JGMT. - MOTION FOR JUDGMENT GRANTED | N/A |
|  | Judgment Entered on 07/11/16 as Follows: | N/A |

```
                    SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONO
   3/05/18                    Register of Actions                    Page:    22
```

--------------------------------------------------------------------------

```
Case Number :    CV130080
Case Name ..: BUSHLOW VS. BANK OF AMERICA, ET AL.
Case Type ..: Civil             Case Status : Dispo'ed
Category ...: (U) Other Real Property
Jurisdiction: MAMMOTH LAKES
```

========================================================================

```
            Vol. 40, Pages 574 - 576
            Entire Case Disposed
            -------------------------
  7/26/16   Notice of Entry of Judgment Filed                N/A
```

```
            **** END OF CASE PRINT ****
```

# Exhibit C



FILED

DEC 0 1 2014

SUPERIOR COURT OF CALIFORNIA
COUNTY OF MONO
BY ~~KAY RICHMOND~~

1   MARY KATE SULLIVAN (State Bar No. 180203)
    mks@severson.com
2   ALISA A. GIVENTAL (State Bar No. 273551)
    nag@severson.com
3   SEVERSON & WERSON
    A Professional Corporation
4   One Embarcadero Center, Suite 2600
    San Francisco, California 94111
5   Telephone: (415) 398-3344
    Facsimile: (415) 956-0439
6
    Attorneys for Defendant
7   GREEN TREE SERVICING LLC

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF MONO

10  DAVID BUSHLOW,                          Case No. CV130080

11          Plaintiff,                      **MEMORANDUM OF POINTS AND
                                            AUTHORITIES IN SUPPORT OF GREEN
12      vs.                                 TREE SERVICING LLC'S DEMURRER
                                            TO PLAINTIFF'S FOURTH AMENDED
13  BANK OF AMERICA, N.A., RECONTRUST       COMPLAINT**
    COMPANY, N.A., MORTGAGE
14  ELECTRONIC REGISTRATION SYSTEMS,        [FILED AND SERVED CONCURRENTLY:
    INC, GREEN TREE SERVICING, LLC,         NOTICE OF DEMURRER AND
15  DOES 1-100 Inclusive,                   DEMURRER]

16          Defendants.                     **[Telephonic Appearance Requested]**

17                                          **Date:**    January 8, 2015
                                            **Time:**    9:30 a.m.
18                                          **Dept.:**   1
                                            **Judge:**   The Hon. Stan Eller
19
                                            Action Filed:   July 24, 2013
20                                          Trial Date:     N/A

21

22

23

24

25

26

27

28
    11293.0294/3524150.1

      MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GREEN TREE SERVICING LLC'S
                    DEMURRER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ............................................................................................. 1

II.   RELEVANT FACTS ........................................................................................ 2

III.  LEGAL STANDARD ....................................................................................... 3

IV.   PLAINTIFF FAILS TO STATE FACTS SUFFICIENT TO MAINTAIN HIS
      CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE SECTION 2924.17 ............ 3

      A.    Plaintiff's Challenge to Defendants' Right to Foreclose Is Based on
            Theories That Are Legally Meritless ......................................................... 4

      B.    Plaintiff Fails to Allege Facts in Support of Prejudicial Inaccuracies in Any
            of the Recorded Documents at Issue ........................................................ 8

V.    CONCLUSION ............................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Dahnken v. Wells Fargo Bank, N.A.*
 (N.D. Cal., Feb. 6, 2014, C 13-2838 PJH) 2014 WL 523382 .................................................4

*Heflebower v. JPMorgan Chase Bank, NA*
 (E.D. Cal., Mar. 6, 2014, 1:12-CV-1671 AWI SMS) 2014 WL 897352 ...........................8, 9, 10

*Javaheri v. JP Morgan Chase Bank, N.A.*
 (C.D. Cal. Aug. 13, 2012, 10–08185 ODW) 2012 WL 3426278 ..............................................8

*Mann v. Bank of Am., N.A.*
 (C.D. Cal., Feb. 3, 2014, 5:13-CV-02293-CAS) 2014 WL 495617 ............................................9

*Moran v. GMAC Mortg., LLC*
 (N.D. Cal. Aug. 5, 2014, 5:13-CV-04981-LHK) 2014 WL 3853833 .........................................7

*Simmons v. Aurora Bank, FSB*
 (N.D. Cal. Sept. 30, 2013, 5:13-CV-00482 HRL) 2013 WL 5508136 ........................................7

**STATE CASES**

*Aubry v. Tri-City Hosp. Dist.*
 (1992) 2 Cal.4th 962 ........................................................................................................3

*Blank v. Kirwan*
 (1985) 39 Cal.3d 311 .......................................................................................................3

*Debrunner v. Deutsche Bank Nat'l Trust Co.*
 (2012) 204 Cal.App.4th 433, reh'g denied (Apr. 6, 2012), review denied
 (June 13, 2012)..............................................................................................................5

*Fontenot v. Wells Fargo Bank, N.A.*
 (2011) 198 Cal.App.4th 256 ........................................................................................5, 6, 7

*Gomes v. Countrywide Home Loans, Inc.*
 (2011) 192 Cal.App.4th 1149 .........................................................................................5, 6

*Gonzales v. State of Cal.*
 (1977) 68 Cal.App.3d 621 ...............................................................................................10

*Kramer v. Intuit Inc.*
 (2004) 121 Cal.App.4th 574 ..............................................................................................3

*Lawrence v. Bank of Am.*
 (1985) 163 Cal.App.3d 431 ...............................................................................................3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GREEN TREE SERVICING LLC'S
DEMURRER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

*Mission Oaks Ranch v. County of Santa Barbara*
  (1998) 65 Cal.App.4th 713 ...................................................................................... 3

*Munger v. Moore*
  (1970) 11 Cal.App.3d 1 ........................................................................................... 7

*Rakestraw v. California Physicians' Serv.*
  (2000) 81 Cal.App.4th 39 ........................................................................................ 3

*Robinson v. Countrywide Home Loans, Inc.*
  (2011) 199 Cal.App.4th 42 ...................................................................................... 5

*Siliga v. Mortgage Electronic Registration Systems, Inc.*
  (2013) 219 Cal.App.4th ........................................................................................ 75

*Tyco Indus. v. Superior Ct.*
  (1985) 164 Cal.App.3d 148 ................................................................................... 10

**STATE STATUTES**

California Civil Code
  § 2924.12 ................................................................................................................. 6
  § 2924.17 .............................................................................................. 1-4, 6, 8-11

Code of Civil Procedure
  § 430.30 .................................................................................................................. 3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GREEN TREE SERVICING LLC'S
DEMURRER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

# I.   INTRODUCTION

Plaintiff David Bushlow's ("Plaintiff") one cause of action against Green Tree Servicing LLC ("Green Tree") and co-defendants Bank of America, N.A. ("BANA"), ReconTrust Company, N.A. ("ReconTrust"), and Mortgage Electronic Registration Systems, Inc. ("MERS"), ("Co-Defendants"), is based on his allegation that the Green Tree and Co-Defendants violated Civil Code section 2924.17 when they recorded various foreclosure documents in the official records of this County. Plaintiff contends the foreclosure documents were improperly recorded not because he was fully current on his loan obligation, which he admits he voluntarily incurred and does not contend he has fully repaid, but because "upon information and belief," the defendants have no interest in his loan.

This allegation is puzzling because MERS was the beneficiary nominee under the original deed of trust Plaintiff admits he signed. As permitted by the terms of the deed of trust, MERS assigned its beneficial interest in the property at issue to BANA; pursuant to the Civil Code, BANA substituted ReconTrust as trustee; and pursuant to the provisions of the Civil Code, ReconTrust executed several Notices of Trustee's Sale and held a sale. All of this is evident from the allegations and documents Plaintiff includes as part of his Fourth Amended Complaint ("4th AC"). Yet, Plaintiff challenges the recorded documents as inaccurate because he contends all were recorded without legal authority.

Plaintiff's grounds for challenging the legal authority, however, are based in theories that have been repeatedly rejected by California courts. Contrary to Plaintiff's allegations, physical possession of the original promissory note is not a pre-requisite to foreclosure and MERS is a real entity capable of holding beneficial interest under a deed of trust and assigning that interest to a third party. Plaintiff's subjective opinion that the true beneficiary never instructed MERS to assign its interest in the deed of trust to BANA is irrelevant (even if Plaintiff were to allege facts in support of this baseless assertion) because Plaintiff lacks standing to challenge MERS's assignment. Equally irrelevant are Plaintiff's claims regarding the purported inaccuracies in the titles of employees who signed the documents Plaintiff is challenging. Even if Plaintiff could convincingly support his allegation that the signatory on the Notice of Trustee's Sale was not an

11293.0294/3524150.1                                    1

1   Assistant Vice President, but a "low level employee," as Plaintiff claims, this would not render the

2   Notice itself inaccurate or prejudicial to Plaintiff.

3        Because Plaintiff fails to allege a prejudicial inaccuracy in support of his claim for

4   violation of Civil Code section 2924.17, Green Tree's demurrer should be sustained. Because

5   Plaintiff has had five opportunities to state a viable cause of action and has still failed to do so, the

6   demurrer should be sustained *without leave to amend*.

7                   **II.   RELEVANT FACTS**

8        On or about April 18, 2006, Plaintiff obtained a loan from SCME Mortgage Bankers, Inc.

9   ("SCME") in the amount of $222,000 (the "Loan") for the purchase the property located at

10  52 Sacramento Street, Bishop, California, 93514-9462 (the "Property"). (4th AC ¶ 15, Exhibit

11  ["Exh."] 1.) The Loan was secured by a deed of trust for the Property, which was executed on or

12  about April 14, 2006. (4th AC ¶ 16, Exh. 1.) Pursuant to the terms of the deed of trust, MERS was

13  the beneficiary and Stewart Title Company of San Diego was the trustee. (*Id.*) MERS

14  subsequently executed an Assignment of Deed of Trust, recorded on May 7, 2012, which

15  evidenced its transfer to BANA of all of its beneficial interest in the Loan. (4th AC ¶ 17, Exh. 2.)

16  Plaintiff was notified that the servicing of the Loan changed to BANA on or about May 31, 2012.

17  (See 4th AC ¶ 18.)

18       On September 5, 2012, BANA recorded the substitution of ReconTrust as trustee. (4th AC

19  ¶ 20, Exh. 4.) On the same date, ReconTrust recorded a Notice of Default, which stated that as of

20  August 30, 2012, Plaintiff was $8,459.22 in default on the Loan. (4th AC ¶ 21, Exh. 5.) On

21  January 7, 2013, ReconTrust recorded a Notice of Trustee's Sale, announcing that a sale of the

22  Property would take place on January 28, 2013. (4th AC ¶ 41, Exh. 23.) A second Notice of

23  Trustee's Sale, recorded on June 5, 2013, announced that a sale would take place on June 27,

24  2013. (4th AC ¶ 44, Exh. 27.) On August 16, 2013, BANA recorded an Assignment of Deed of

25  Trust, dated June 6, 2013, transferring all beneficial interest under the DOT to Green Tree. (4th

26  AC ¶ 53, Exh. 34.)

27       What Plaintiff contends to be an unlawful trustee's sale took place on December 9, 2013.

28  (4th AC ¶ 60.) On or about December 12, 2013, Plaintiff filed a motion requesting that the Court

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GREEN TREE SERVICING LLC'S
DEMURRER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

1   set aside the trustee's sale. On January 23, 2014, the Court denied Plaintiff's motion.

2                               III.   **LEGAL STANDARD**

3          A demurrer challenges the legal sufficiency of a pleading. Although a complaint's factual

4   allegations are deemed to be true for the purpose of considering a demurrer, its contentions,

5   deductions, or conclusions, are not. (*Aubry v. Tri-City Hosp. Dist.* (1992) 2 Cal.4th 962, 967.) In

6   ruling on a demurrer, doubt in the complaint may be resolved against the plaintiff, and facts not

7   alleged are presumed not to exist. (*Kramer v. Intuit Inc.* (2004) 121 Cal.App.4th 574.)

8          Pursuant to Code of Civil Procedure section 430.30, a demurrer is proper when the ground

9   for an objection to the pleading "appears on the face thereof, or from any matter of which the court

10  is required to or may take judicial notice." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318) ["We also

11  consider matters which may be judicially noticed."].) When documents are incorporated by

12  reference into a complaint, the Court considers the exhibits independently, and "the pleader's

13  inconsistent allegations as to the meaning and effect of an unambiguous document [are]

14  disregarded." (*Mission Oaks Ranch v. County of Santa Barbara* (1998) 65 Cal.App.4th 713, 720.)

15         In sustaining a demurrer, leave to amend should be denied where "the facts are not in

16  dispute and the nature of the claim is clear, but no liability exists under substantive law" or

17  plaintiff has not shown that a reasonable possibility exists that amending the complaint will cure

18  its defects. (*Lawrence v. Bank of Am.* (1985) 163 Cal.App.3d 431, 436-37 (citations omitted); see

19  *Rakestraw v. California Physicians' Serv.* (2000) 81 Cal.App.4th 39, 44 ["The burden of showing

20  that a reasonable possibility exists that amendment can cure the defects remains with the plaintiff;

21  neither the trial court nor this court will rewrite a complaint."].)

22  **IV.   PLAINTIFF FAILS TO STATE FACTS SUFFICIENT TO MAINTAIN HIS CAUSE
          OF ACTION FOR VIOLATION OF CIVIL CODE SECTION 2924.17**
23

24         Green Tree's demurrer to this cause of action should be sustained without leave to amend

25  because Plaintiff alleges no wrongdoing by Green Tree, does not identify any actual violation of

26  section 2924.17, and does not allege that he suffered any damages as a result of a purported

27  violation. Accordingly, Plaintiff fails to state facts sufficient to maintain this claim.

28         Section 2924.17 mandates that a notice of default, notice of sale, assignment of a deed of

11293.0294/3524150.1                            3

1  trust, or substitution of trustee recorded in connection with a foreclosure subject to the

2  requirements of Section 2924, must be accurate and complete and supported by competent and

3  reliable evidence. (Civ. Code, § 2924.17(a-b).) Plaintiff contends that the recorded Assignment of

4  the deed of trust by BANA (4th AC ¶ 132), the Substitution of ReconTrust as trustee also recorded

5  by BANA (4th AC ¶ 147), and three Notices of Trustee's Sale recorded by ReconTrust (4th AC

6  ¶¶ 158, 160, and 162) violate these requirements. Plaintiff's allegations are insufficient to maintain

7  a claim for violation of Civil Code section 2924.17 for several reasons.

8      As is evident from the allegations in the 4th AC, none of the documents at issue were

9  recorded by Green Tree. (See 4th AC ¶¶ 132, 147, 158, 160, 162.) Green Tree's demurrer should

10  be sustained without leave to amend for this reason alone. (*Dahnken v. Wells Fargo Bank, N.A.*

11  (N.D. Cal., Feb. 6, 2014, C 13-2838 PJH) 2014 WL 523382, at *2 ["the provision could not apply

12  to the first four notices of trustee's sale recorded against the subject property, because each was

13  recorded prior to January 2013. And section 2924.17 does not apply to the fifth (and final) notice

14  of trustee's sale, because it was recorded by California Reconveyance Company as trustee, not by

15  the servicer itself."].)

16      Moreover, Plaintiff's challenge to the documents at issue is not based on an allegation that

17  the documents contain substantively inaccurate information, but rather on Plaintiff's contentions

18  that: (a) the documents were executed on behalf of parties without authority to foreclose on the

19  Property, and (b) that the titles of the persons who executed the documents were inflated. Neither

20  allegation gives rise to an actionable claim for violation of Civil Code section 2924.17.

21  **A.   Plaintiff's Challenge to Defendants' Right to Foreclose Is Based on Theories That Are Legally Meritless**

22

23      Throughout his 4th AC, Plaintiff repeatedly alleges that none of the defendants have any

24  interest in the Note, arguing that therefore none of them have the right to foreclose on the Property

25  and that any representation to the contrary in the documents at issue patently inaccurate. Plaintiff

26  disputes the defendants' interest in the Note because: (1) "[u]pon information and belief, [Plaintiff

27  denies] that Defendant's [sic] obtained possession of the Physical Note via a voluntary transfer"

28  (4th AC ¶ 87), and (2) Plaintiff denies "MERS has any ownership or beneficial interest in [the]

11293.0294/3524150.1                                    4

Note and Deed of Trust… any purported Assignment or transfer from MERS to any entity was invalid and transferred no rights or interests." (4th AC ¶ 117.) Plaintiff's challenge to the assignment from MERS to BANA appears to be the basis for his argument that all actions subsequent thereto were without authority. Both arguments are meritless.

Plaintiff's first argument fails because it is well established that possession of the original promissory note is irrelevant to a party's ability to initiate foreclosure under a deed of trust. *Debrunner v. Deutsche Bank Nat'l Trust Co.* (2012) 204 Cal.App.4th 433, 440, reh'g denied (Apr. 6, 2012), review denied (June 13, 2012) ["the procedures to be followed in a nonjudicial foreclosure are governed by sections 2924 through 2924k, which do not require that the note be in the possession of the party initiating the foreclosure.… We likewise see nothing in the applicable statutes that precludes foreclosure when the foreclosing party does not possess the original promissory note "].)

Plaintiff's second argument, that "[u]pon information and belief, MERS has no employees, no revenue, no assets of any consequence, no business operations, no electronic data system that tracks real estate loans in America, and no economic or beneficial interest in any Note, mortgage, or Deed of Trust" and therefore lacks authority to execute the assignment to BANA, has likewise been debunked a number of times by California Courts. (4th AC ¶ 122.) Contrary to Plaintiff's unsupported contention, the California courts have numerous times recognized that "MERS is a private corporation that administers the MERS System, a national electronic registry that tracks the transfer of ownership interests and servicing rights in mortgage loans. Through the MERS System, MERS becomes the mortgagee of record for participating members through assignment of the members' interests to MERS. MERS is listed as the grantee in the official records maintained at county register of deeds offices… ." (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1151; *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 267 [accord]; *Robinson v. Countrywide Home Loans, Inc.* (2011) 199 Cal.App.4th 42, fn. 4 [accord].)

Moreover, the California Court of Appeal has rejected challenges to MERS's ability to initiate foreclosure or take other actions on behalf of the originating lender where "the plaintiff had agreed in the deed of trust that MERS could proceed with foreclosure and nonjudicial sale in

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GREEN TREE SERVICING LLC'S
DEMURRER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

1    the event of a default." (*Fontenot, supra*, 198 Cal.App.4th at 268, citing *Gomes, supra*, 192

2    Cal.App.4th at 1157.)

3         The deed of trust Plaintiff attaches to the 4th AC as Exhibit 1, clearly states that "Borrower

4    understands and agrees that MERS holds only legal title to the interests granted by Borrower in

5    this Security Instrument, but if necessary to comply with law or custom, MERS (as nominee for

6    Lender and Lender's successors and assigns) has the right to exercise any or all of those interests,

7    including, but not limited to, the right to foreclose and sell the Property, and to take any action

8    required of Lender... ." (4th AC, Exh. 1, p. 3.) Accordingly, Plaintiff's contention that he "was

9    never informed of the agreement between the Lender and MERS regarding any relationship they

10   had or would have" (4th AC ¶ 128) is incredible, and the notion that MERS lacked authority to

11   execute the assignment to BANA is refuted by well-established California precedent. (See

12   *Fontenot, supra*, 198 Cal.App.4th at 269 [rejecting the argument that "MERS lacked the authority

13   to make an assignment of the underlying promissory note"].)

14        Plaintiff's argument that "[u]pon information and belief, MERS has not received any

15   instruction" from an authorized party (4th AC ¶ 125), to execute the assignment is both factually

16   unsupported and irrelevant. Plaintiff alleges no basis for this belief and is, in any event, not

17   entitled to any assurances regarding MERS's authorization. (*Fontenot, supra*, 198 Cal.App.4th at

18   269 ["Because the deed of trust did not require MERS to provide further assurances of its

19   authorization prior to proceeding with foreclosure, the plaintiff was not entitled to demand such

20   assurances."].)

21        Finally, even if Plaintiff could allege facts in support of his contention that MERS's

22   assignment to BANA was recorded without instruction from an authorized party, and even if this

23   were a material violation of section 2924.17, Plaintiff's claim still fails because actual economic

24   damages are a pre-requisite to a post-foreclosure cause of action for violation of Civil Code

25   section 2924.17. (Civ. Code, § 2924.12(b) ["After a trustee's deed upon sale has been recorded, a

26   mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a

27   borrower for actual economic damages pursuant to Section 3281, resulting from a material

28   violation of Section 2923.5, 2923.7, 2924.11, or 2924.17."].)

1    As was aptly pointed out by the Court of Appeal,

2        Even if MERS lacked authority to transfer the note, it is difficult to
         conceive how plaintiff was prejudiced by MERS's purported
3        assignment [or BANA's subsequent assignment], and there is no
         allegation to this effect. Because a promissory note is a negotiable
4        instrument, a borrower must anticipate it can and might be
         transferred to another creditor.  As to plaintiff, an assignment merely
5        substitute[s] one creditor for another, without changing [his]
         obligations under the note. Plaintiff effectively concedes []he was in
6        default, and []he does not allege that the transfer to [BANA or
         subsequently to Green Tree] interfered in any manner with [his]
7        payment of the note (see, e.g., *Munger v. Moore* (1970) 11
         Cal.App.3d 1, 7–8 [failure by lender to accept timely tender] ), nor
8        that the original lender would have refrained from foreclosure under
         the circumstances presented.  If MERS [and/or BANA] indeed
9        lacked authority to make the assignment, the true victim was not
         plaintiff but the original lender, which would have suffered the
10       unauthorized loss of a [in this case $222,000] promissory note.

11   (*Fontenot, supra*, 198 Cal.App.4th at 272.)

12       The *Fontenot* decision was followed by scores of others, finding that "[t]hird-party

13   borrowers lack standing to assert problems in the assignment of the loan" because the borrowers

14   have not suffered an injury in fact." (*Moran v. GMAC Mortg., LLC* (N.D. Cal. Aug. 5, 2014, 5:13-

15   CV-04981-LHK) 2014 WL 3853833, citing, e.g.: *Siliga v. Mortgage Electronic Registration*

16   *Systems, Inc.* (2013) 219 Cal.App.4th 75, 85; *Simmons v. Aurora Bank, FSB* (N.D. Cal. Sept. 30,

17   2013, 5:13-CV-00482 HRL) 2013 WL 5508136, at *2 ["[e]ven if there were some defect in the

18   [subsequent] assignment of the deed of trust, that assignment would not have changed plaintiff's

19   payment obligations."].)

20       This Court confirmed its agreement with this line of cases in its ruling on Green Tree's

21   demurrer to the third amended complaint. (Tentative Ruling Dated September 24, 2014,

22   subsequently adopted by the Court ["Although Plaintiff continues to allege that none of the

23   documents recorded in furtherance of the foreclosure are valid, both because (1) the assignment of

24   the note and deed of trust by MERS to BANA was invalid and (2) the signatures were forged, the

25   court previously ruled that Plaintiff lacked standing (*Glaski* cited by Plaintiff remains an outlier

26   and has not been followed subsequently)."

27

28

1    **B.      Plaintiff Fails to Allege Facts in Support of Prejudicial Inaccuracies in Any of the**
     **Recorded Documents at Issue**

2

3          Plaintiff "specifically contest[s] the validity of" an Assignment of the Deed of Trust, a

4    Substitution of Trustee, and three Notices of Trustee Sale because "upon information and belief

5    the purported signor of" each document "has not now nor has ever been a "Vice President of

6    MERS," or an "Assistant Vice President" of BANA or ReconTrust, but was each merely "a low

7    level employee of BANA or Recontrust that signs hundreds (if not thousands) of documents on

8    behalf of MERS and BANA [or multiple entities] without reviewing competent and reliable

9    information to support the documents she is signing." (4th AC ¶ 132; see also 4th AC ¶¶ 147, 158,

10   160, 162.)

11         As discussed above, "Section 2924.17 requires a mortgage servicer to review 'competent

12   and reliable evidence to substantiate the borrower's default and the right to foreclose,' "

13   (*Heflebower v. JPMorgan Chase Bank, NA* (E.D. Cal., Mar. 6, 2014, 1:12-CV-1671 AWI SMS)

14   2014 WL 897352, at *12), and for the information in a notice of trustee's sale to be "accurate and

15   complete and supported by competent and reliable evidence." (Civ. Code, § 2924.17(a-b).)

16         Plaintiff's conclusory contention that the signatories did not review competent and reliable

17   information to support the documents they signed does not amount to actionable conduct in

18   violation of section 2924.17. This is because the allegation does not preclude the possibility that

19   someone other than the signatory performed the review and in any event is not supported by an

20   allegation of any material and prejudicial inaccuracy. (See, e.g., *Heflebower, supra*, 2014 WL

21   897352, at * 13 ["Plaintiff alleges that the Declaration of Compliance is false and fraudulent

22   because the incorrect chain of title appears on it and that the documents were 'robo-signed' in

23   bulk. ... Plaintiff also makes general allegations such as 'Defendants made, presented, or used

24   fraudulent court records and fraudulent liens to make claims against real property.' These general

25   conclusory allegations cannot be reasonably drawn from the facts alleged"]; *id.* ["Whether an

26   incorrect chain of title appears on the declaration and whether the documents were signed in bulk

27   are not germane to ... the requirement that Defendant review evidence to substantiate the default

28   and the right to foreclose pursuant to Section 2924.17."]; *Javaheri v. JP Morgan Chase Bank, N.A.*

11293.0294/3524150.1                                          8

1   (C.D. Cal. Aug. 13, 2012, 10–08185 ODW) 2012 WL 3426278, at *7 ["While the allegation of

2   robosigning may be true, the Court ultimately concludes that [Plaintiff] lacks standing to seek

3   relief under such an allegation.... [T]he only injury [Plaintiff] alleges is the pending foreclosure on

4   his home, which is the result of his default on his mortgage. The foreclosure would occur

5   regardless of what entity was named as trustee, and so [Plaintiff] suffered no injury as a result of

6   this substitution."].)

7        The only purported inaccuracy Plaintiff identifies is with regard to the title of the

8   employees who signed each of the notices of sale. Aside from the fact that Plaintiff does not

9   divulge the basis for his belief that the titles of the signatories on the notices of sale are inflated,

10   Plaintiff cannot and does not contend that he was harmed by this purported inaccuracy, and

11   therefore cannot state a viable cause of action for violation of Civil Code section 2924.17.

12   (*Heflebower, supra*, 2014 WL 897352, at * 13 ["A cause of action under Section 2924 also

13   requires a showing of actual economic damages. The SAC alleges 'The documents or records filed

14   or caused to be filed by Defendants, falsely represent Defendants' interest in the real property that

15   is the subject of such instruments, causing damages and injuries to Plaintiff.' …Plaintiff must

16   allege actual economic harm to state this claim, but does not demonstrate anywhere in the SAC

17   that he was harmed by Defendant's actions in any specific way. The pleading is insufficient to

18   suggest an entitlement to relief for a violation of Section 2924 without allegations regarding

19   causation and harm."].)

20        Plaintiff's contentions regarding the defendants' lack of involvement with the origination

21   of the Loan likewise do not support the existence of a section 2924.17 violation. Personal

22   knowledge of the "communications or negotiations that preceded or culminated in the creation of

23   [the] Note and Security Instrument" (4th AC ¶ 24) is not a prerequisite to foreclosure in the event

24   of default. And, even if it were, Plaintiff must still show that the lack of personal knowledge

25   resulted in a material and prejudicial inaccuracy. (See *Mann v. Bank of Am., N.A.* (C.D. Cal.,

26   Feb. 3, 2014, 5:13-CV-02293-CAS) 2014 WL 495617, at * 6 ["plaintiffs assert their loan was

27   'robo-signed' by an employee with no authorization or knowledge of the loan. However,

28   California courts routinely dismiss claims based on allegations of 'robo-signing' when

11293.0294/3524150.1

9

1   irregularities in the signing or assignment of the security interests do not prejudice the

2   borrower. … This is because in the case of default, '[t]he foreclosure would occur regardless of

3   what entity was named as trustee, and so [the borrower] suffered no injury' as a result of the robo-

4   signing. … the Court finds that plaintiffs cannot premise their claims on allegations of robo-

5   signing, as plaintiffs have not shown how that robo-signing was prejudicial to their interests."],

6   internal citations omitted.)

7        Because Plaintiff alleges no factual allegations in support of inaccuracies in any of the

8   challenged documents (other than the lack of authority to record the notices already discussed

9   above) and because Plaintiff does not allege harm arising out of the one alleged inaccuracy he

10   does raise, Plaintiff fails to state a viable cause of action for violation of Civil Code section

11   2924.17.

12                    **V.    CONCLUSION**

13        For the reasons explained above, Plaintiff fails to state facts sufficient to maintain his one

14   cause of action against Green Tree. This is the fifth iteration of Plaintiff's complaint. It is thus fair

15   to assume Plaintiff has stated his best case. (*Gonzales v. State of Cal.* (1977) 68 Cal.App.3d 621,

16   635 [Because Plaintiffs assert the same basic claims, based on the same basic facts, the Court can

17   fairly presume that they have "stated as strong a case as [they] can."].) "Where the nature of a

18   plaintiff's claim is clear, but under substantive law no liability exists, leave to amend should be

19   denied, for no amendment could change the result." (*Tyco Indus. v. Superior Ct.* (1985) 164

20   Cal.App.3d 148, 153.)

21        Moreover, the Court's Order on co-defendants' demurrer to the second amended complaint

22   specifically noted that "[a]dditional specific facts are required to plead [violation of Civil Code

23   section 2924.17] cause of action," and that since "there has been previous leave to amend the court

24   will be closely scrutinizing any subsequent pleading." (Court Order dated May 5, 2014.) Though

25   the Court's Order on Green Tree's demurrer to the third amended complaint recognized that

26   Plaintiff lacks standing to make the same arguments Plaintiff is making in his 4th AC, Plaintiff has

27   made no attempt to revise his allegations. (See Notice of Entry of Tentative Ruling as Order on

28   Demurrer and Motion to Strike filed October 6, 2014.)

11293.0294/3524150.1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GREEN TREE SERVICING LLC'S
DEMURRER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

1    Where a plaintiff is on notice of pleading requirements and still fails to plead as required in

2   the subsequent pleading, denial of leave to amend is appropriate. (*Heflebower, supra*, 2014 WL

3   897352, * 13 [Denying leave to amend section 2924.17 claim: "The previous Court order notified

4   Plaintiff of the requirement to plead specific damages for the RESPA claim and other causes of

5   action. Plaintiff has failed to so plead as required in the SAC. Amendment would result in

6   immediate dismissal; hence, leave to amend to add this cause of action is denied."].)

7    For all of the reasons, Green Tree respectfully requests that its demurrer to Plaintiff's 4th

8   AC be sustained ***without leave to amend***.

9   DATED:  November 26, 2014          SEVERSON & WERSON
                                       A Professional Corporation
10

11

12                                     By: _____
                                              Alisa A. Givental
13
                                       Attorneys for Defendant
14                                     GREEN TREE SERVICING LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GREEN TREE SERVICING LLC'S
DEMURRER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

1

**PROOF OF SERVICE**
**Bushlow v Bank of America, et al.**
2                    **Mono County Superior Court Case No. CV130080**

3          At the time of service, I was over 18 years of age and not a party to this action.  I am
employed in the County of San Francisco, State of California.  My business address is One
4    Embarcadero Center, Suite 2600, San Francisco, CA 94111.

5          On November 26, 2014, I served true copies of the following document(s):

6    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GREEN**
     **TREE SERVICING LLC'S DEMURRER TO PLAINTIFF'S FOURTH AMENDED**
7    **COMPLAINT**

8    on the interested parties in this action as follows:

9    Mr. David Eric Bushlow                           **IN PRO PER**
     c/o 52 Sacramento Street
10   Bishop, CA  93514
     Phone:  760 872-0968
11   Email:  n/a

12   Sharon K. Brown                                  **Attorney for Defendants**
     120 Broadway, Suite 300                          **BANK OF AMERICA, N.A.;**
13   Santa Monica, CA 90401                           **RECONSTRUCT COMPANY, N.A. AND**
     Tel: (310) 576-2100                              **MORTGAGE ELECTRONIC**
14   Fax: (310) 576-2200                              **REGISTRATION SYSTEMS, INC.**

15         **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection and
16   mailing, following our ordinary business practices.  I am readily familiar with Severson &
     Werson's practice for collecting and processing correspondence for mailing.  On the same day that
17   the correspondence is placed for collection and mailing, it is deposited in the ordinary course of
     business with the United States Postal Service, in a sealed envelope with postage fully prepaid.
18
           I declare under penalty of perjury under the laws of the State of California that the
19   foregoing is true and correct.

20         Executed on November 26, 2014, at San Francisco, California.

21

22

23                                                   Tiffany M. Pierce

24

25

26

27

28

Exhibit D

CIV-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
 MARY KATE SULLIVAN (SBN: 180203)
 ALISA A. GIVENTAL (SBN: 273551)
 SEVERSON & WERSON, A Professional Corporation
 One Embarcadero Center, Suite 2600, San Francisco, CA 94111
  TELEPHONE NO.: 415-398-3344    FAX NO. (Optional): 415-956-0439
 E-MAIL ADDRESS (Optional):
 ATTORNEY FOR (Name): Defendants GREEN TREE SERVICING LLC

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **MONO**
 STREET ADDRESS: 100 Thompsons Way
 MAILING ADDRESS:
 CITY AND ZIP CODE: Mammoth Lakes, CA 93546
 BRANCH NAME:

FILED

MAR 1 6 2015

SUPERIOR COURT OF CALIFORNIA
COUNTY OF MONO
BY KAY RICHMOND

PLAINTIFF/PETITIONER: DAVID BUSHLOW

DEFENDANT/RESPONDENT: BANK OF AMERICA, N.A.

| NOTICE OF ENTRY OF JUDGMENT OR ORDER | CASE NUMBER: CV130080 |
|---|---|

**NOTICE OF ENTRY OF JUDGMENT
OR ORDER**

*(Check one)*: ☒ **UNLIMITED CASE**
(Amount demanded
exceeded $25,000)          ☐ **LIMITED CASE**
(Amount demanded was
$25,000 or less)

TO ALL PARTIES :

1. A judgment, decree, or order was entered in this action on *(date)*: February 26, 2015

2. A copy of the judgment, decree, or order is attached to this notice.

Date: March 10, 2015

_____
ALISA A. GIVENTAL
(TYPE OR PRINT NAME OF  ☒ ATTORNEY  ☐ PARTY WITHOUT ATTORNEY)

▶ _____
(SIGNATURE)

Form Approved for Optional Use
Judicial Council of California
CIV-130 [New January 1, 2010]

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkFlow.com

FILED

FEB 2 6 2015

SUPERIOR COURT OF CALIFORNIA
COUNTY OF MONO
BY: KAY RICHMOND

1  MARY KATE SULLIVAN (State Bar No. 180203)
   ALISA A. GIVENTAL (State Bar No. 273551)
2  SEVERSON & WERSON
   A Professional Corporation
3  One Embarcadero Center, Suite 2600
   San Francisco, California 94111
4  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
5
   Attorneys for Defendants
6  GREEN TREE SERVICING LLC

7                    SUPERIOR COURT OF CALIFORNIA

8                          COUNTY OF MONO

9  DAVID BUSHLOW,                          Case No. CV130080

10             Plaintiff,                  [PROPOSED] ORDER SUSTAINING GREEN
                                           TREE SERVICING LLC'S DEMURRER TO
11     vs.                                 PLAINTIFF'S FOURTH AMENDED
                                           COMPLAINT WITHOUT LEAVE TO
12 BANK OF AMERICA, N.A., RECONTRUST       AMEND
   COMPANY, N.A., MORTGAGE
13 ELECTRONIC REGISTRATION SYSTEMS,
   INC, GREEN TREE SERVICING, LLC,         Action Filed:   July 24 2013
14 DOES 1-100 Inclusive,                   Trial Date:     N/A

15             Defendants.

16

17                         [PROPOSED] ORDER

18         The demurrer of defendant Green Tree Servicing LLC ("Defendant") to the fourth

19  amended complaint of plaintiff David Bushlow ("Plaintiff") came on for a regularly scheduled

20  hearing in the above-entitled Court on January 8, 2015. After hearing oral argument from all

21  parties, the Court took the matter under submission. Having considered the written and oral

22  arguments of the parties, on January 29, 2015, the Court issued the written decision attached

23  hereto as Exhibit A, sustaining Defendant's demurrer to Plaintiff's fourth amended complaint,

24  without leave to amend.

25         IT IS SO ORDERED.

26

27  DATED: _____          _____
                                    THE HONORABLE STAN ELLER
28                                  MONO COUNTY SUPERIOR COURT

11293.0294/3950316.1                     1
    [PROPOSED] ORDER SUSTAINING GREEN TREE SERVICING LLC'S DEMURRER TO PLAINTIFF'S
                  FOURTH AMENDED COMPLAINT WITHOUT LEAVE TO AMEND

EXHIBIT A

RECEIVED

FEB 03 2015

SEVERSON & WERSON

FILED

JAN 29 2015

SUPERIOR COURT OF CALIFORNIA
COUNTY OF MONO
BY: KAY RICHMOND

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF MONO

DAVID BUSHLOW, Natural Person,

Plaintiff,

vs.

BANK OF AMERICA, N.A.; RECONTRUST
COMPANY, N.A.; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC.; GREEN TREE SERVICING, LLC and
DOES 1-100, Inclusive

Defendants.

Case No. CV130080

DECISION, DEFENDANT GREEN TREE
SERVICING LLC'S DEMURRER TO
PLAINTIFF'S FOURTH AMENDED
COMPLAINT

## INTRODUCTION

Defendant Green Tree has filed a demurrer to Plaintiff's Fourth Amended Complaint. On September 25, 2014 the Court conducted a hearing on Green Tree's demurrer to Plaintiff's Third Amended Complaint and motion to strike. As a result of the Court's decision in that hearing, Plaintiff filed a Fourth Amended Complaint alleging one cause of action against Defendant based on a violation of CC §2924.17. A hearing on the most recent demurrer was conducted on January 8, 2015. The matter was taken under submission.

1      DISCUSSION

2          In deciding a demurrer the Court is required to "accept as true the properly pleaded

3      material factual allegations of the complaint, together with facts that may properly be judicially

4      noticed." *Crowley v. Katleman* (1994) 8 Cal. 4th 666, 672.

5          In sustaining a demurrer the Court may grant leave to amend if the plaintiff has met the

6      burden to demonstrate that there is a reasonable probability that defects can be cured by

7      amendment. *Blank v. Kerwin* (1985) 39 Cal. 3d 311.

8          Mindful of these guidelines, the Court sustains the demurrer without leave to amend

9      based upon the following findings:

10                  1)  Physical possession of the original promissory note is not required to initiate

11                      foreclosure.

12                  2)  MERS is a real, legal entity capable of holding a financial interest under a

13                      deed of trust, and assigning that interest. Regardless Plaintiff agreed to MERS

14                      proceeding in the event of a default (see Ex 1 of the Fourth Amended

15                      Complaint).

16                  3)  Plaintiff has failed to allege economic damages as required.

17                  4)  Plaintiff lacks standing to assert assignment errors.

18                  5)  Plaintiff fails to allege prejudicial inaccuracies in the reconciliation of

19                      documents.

20                  6)  Plaintiff has failed to allege any wrongdoing by Green Tree specifically.

21          Authority:

22                  1)  *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App. 4th 256

23                  2)  *Fotenot v. Wells Fargo Bank* (2011) 198 Cal.App. 4th 256

24                  3)  *Debrunner v. Deutsche Bank National Trust Co.* (2012) 204 Cal.App. 4th 433

25                  4)  *Robinson v. Countrywide Home Loans* (2011) 199 Cal.App. 4th 42

26                  5)  CCP §2924.17

27          The demurrer is sustained without leave to amend as Plaintiff has failed in his burden to

28      prove that the defects can be cured by amendment. A plaintiff does not meet this burden by

1  merely stating in its opposition that he be given another opportunity to amend to bring the

2  pleading within conformity of legal and factual requirements.   This is especially true when

3  Plaintiff has been afforded previous opportunities to do so.  The last leave to amend directed the

4  plaintiff to file an amended complaint "consistent with the court's comment." (pg. 3 of adopted

5  tentative decision of 9/24/14).  Plaintiff has failed to do so.  Under these circumstances a judge

6  should deny leave to amend when it appears from the complaint that under applicable substantive

7  law there is no reasonable probability that defects can be cured by amendment.   *Gould v.*

8  *Maryland Sound Indus.* (1995) 31 Cal.App. 4th 1137.

### CONCLUSION

Defendant Green Tree Servicing LLC's demurrer is sustained without leave to amend.
Defendant to prepare an order consistent with this decision.

**STAN ELLER**

Dated: January 29, 2015         STAN ELLER,
                                      JUDGE OF THE SUPERIOR COURT,
                                      MONO COUNTY

PROOF OF SERVICE

I served the foregoing document, on the date and at the place stated below, by depositing a copy

thereof, enclosed in a sealed envelope(s), first class postage prepaid, in the United States mail,

addressed to each party or to his/her attorney as follows:

David Eric Bushlow
C/O 52 Sacramento Street
Bishop, CA  93514

Bryan Cave, LLP
Sharon K. Brown
120 Broadway, Suite 300
Santa Monica, CA  90401-2386

Severson & Werson
Alisa A. Giventhal
One Embarcadero Center, Ste2600
San Francisco, CA  94111

At the time of service, I was at least 18 years of age, a United States citizen employed by the

Mono Superior Court, and not a party to the action.  My business address is:

P.O. Box 1037, Mammoth Lakes, CA 93546

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration

was executed on January 29, 2015, at Mammoth Lakes, California.

_____
Kay Richmond, Deputy Clerk

1

<u>PROOF OF SERVICE</u>
Bushlow v Bank of America, et al.

2

Mono County Superior Court Case No. CV130080

3       At the time of service, I was over 18 years of age and not a party to this action.  I am
employed in the County of San Francisco, State of California.  My business address is One

4  Embarcadero Center, Suite 2600, San Francisco, CA 94111.

5       On March 10, 2015, I served true copies of the following document(s):

6  **NOTICE OF ENTRY OF JUDGMENT OR ORDER**

7  on the interested parties in this action as follows:

8  Mr. David Eric Bushlow                     **IN PRO PER**
c/o 52 Sacramento Street

9  Bishop, CA  93514
Phone:  760 872-0968

10 Email: n/a

11 Sharon K. Brown                            **Attorney for Defendants**
120 Broadway, Suite 300                     **BANK OF AMERICA, N.A.;**

12 Santa Monica, CA 90401                     **RECONSTRUCT COMPANY, N.A. AND**
Tel: (310) 576-2100                        **MORTGAGE ELECTRONIC**

13 Fax: (310) 576-2200                        **REGISTRATION SYSTEMS, INC.**

14      **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection and

15 mailing, following our ordinary business practices.  I am readily familiar with Severson &
Werson's practice for collecting and processing correspondence for mailing.  On the same day that

16 the correspondence is placed for collection and mailing, it is deposited in the ordinary course of
business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

17

18      I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

19      Executed on March 10, 2015, at San Francisco, California.

20

21

22                                              Tiffany M. Pierce

23

24

25

26

27

28