UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID ERIC BUSHLOW,<br><br>    Plaintiff,<br><br>v.<br><br>MTC FINANCIAL,<br><br>    Defendant. | Case No.17-cv-06771-VKD<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 38 |

Plaintiff David Bushlow sues defendant MTC Financial, Inc. d/b/a Trustee Corps ("Trustee Corps") for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Trustee Corps moves to dismiss Mr. Bushlow's Amended Complaint for failure to state a claim upon which relief may be granted. Dkt. No. 38. All parties have consented to magistrate judge jurisdiction. Dkt. Nos. 5, 20.

Having considered the parties' motion papers as well as the parties' arguments at the hearing on July 24, 2018, for the reasons set forth below, the Court grants Trustee Corps's Motion to Dismiss the Amended Complaint without leave to amend.

**I.  BACKGROUND**

    **A.  Factual Allegations**

In 2006, Mr. Bushlow and Catherine Hall executed a promissory note and deed of trust ("DOT") to purchase a mobile home in Bishop, California.[1] Dkt. No. 32 ¶ 13, Ex. 1. The named

---

[1] "A deed of trust involves three parties. The first party is the lender, who is the trust beneficiary. The second party is the borrower-trustor, who holds equitable title to the property. The third party is the trustee, an agent for both the lender and the borrower who holds legal title to the property and is authorized to sell the property if the debtor defaults." *Ho v. ReconTrust Co., NA*, 858 F.3d

lender on the DOT was SCME Mortgage Bankers, Inc. *Id.* At some point, Mr. Bushlow defaulted on his mortgage payments. *See id.* ¶¶ 52, 117.

Mr. Bushlow says that in the years that followed, a cast of corporate characters purported to take interests in the deed of trust. On April 23, 2012, a Martha Munoz, Vice President of Mortgage Electronic Registration Systems, Inc. ("MERS"), signed a first Assignment of Deed of Trust ("the First Assignment") to Bank of America, N.A. ("BANA"). *Id.* ¶¶ 54, 57, 61, Ex. 2. On August 30, 2012, BANA executed a Substitution of Trustee ("the First Substitution") naming ReconTrust Company, N.A. ("ReconTrust") as trustee. *Id.* ¶ 96. On September 5, 2012, ReconTrust filed a Notice of Default in the Mono County Recorder's Office. *Id.* ¶ 117. On August 16, 2013, a second Assignment of Deed of Trust ("the Second Assignment") was filed in the Mono County Recorder's Office, assigning the DOT to Green Tree Servicing LLC ("Green Tree"). *Id.* ¶¶ 134, 139, Ex. 3. In April 2014, Green Tree executed a Substitution of Trustee naming Trustee Corps as trustee ("the Second Substitution"). *Id.*, Ex. 4.

Mr. Bushlow alleges that these various assignments and substitutions were—for one reason or another—invalid. Some of his allegations on this point are general and conclusory. For example, he alleges, "Plaintiff disputes the validity of the First Assignment in its entirety." *Id.* ¶ 55. Other allegations are more specific. For instance, in 2012, BANA ostensibly acquired a beneficial interest in the deed of trust from MERS, *id.*, Ex. 2, but according to Mr. Bushlow, MERS never held an ownership interest in the DOT that it could have conveyed to BANA. *Id.* ¶ 62. He also alleges that the signature on the recorded First Assignment of the MERS representative, Martha Munoz, is a forgery, or that "Martha Munoz" is not a real person because her signature on the First Assignment does not match the signatures from the witnessing notary's book page, and because the California Department of Motor Vehicles informed him that the driver's license number listed on the notary's book page does not exist. *Id.* ¶¶ 72-79. Similarly, Mr. Bushlow alleges that the signature on the First Substitution of the BANA representative, Loryn Stone, is a forgery, because it does not match the witnessing notary's book page or the

---

568, 570 (9th Cir. 2017) (*citing Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 926–27 (2016)).

DMV's record of her official signature. *Id.* ¶¶ 96-108.

As to Trustee Corps, Mr. Bushlow argues that it was not properly substituted as trustee because the preceding substitutions and assignments were themselves invalid. *Id.* ¶¶ 157-161. Mr. Bushlow also argues that Trustee Corps became trustee in violation of the deed of trust, which says that only "the Lender and/or the Noteholder or the Lender[']s successors and assigns" has the power to substitute the trustee, and he contends Green Tree did not have that power. *Id.* ¶¶ 159, 161. Mr. Bushlow also alleges that various other requirements laid out in the DOT were not met. *Id.* ¶ 162-165. In short, according to Mr. Bushlow, Trustee Corps was never actually the trustee, so it never had the right to collect on the debt, much less foreclose on his home. *Id.* ¶¶ 153-168.

A notice of trustee's sale ("NOTS") was recorded in October 2016. *Id.* ¶ 170. The notice said the trustee's sale would be held on November 10, 2016, so on that day, Mr. Bushlow traveled to the office of the Inyo-Mono County Title Company to observe the proceedings. *Id.* ¶¶ 176, 186-190. Mr. Bushlow alleges that no sale of his home took place on that day as specified in the NOTS, but instead an "illegal sale . . . was conducted via the Internet." *Id.* ¶¶ 190-199, 248-254.

On November 21, 2016, a trustee's deed upon sale ("TDUS") and a third Assignment of Deed of Trust ("the Third Assignment") were recorded, indicating that the grantee of the deed was Federal National Mortgage Association ("FNMA"), and that the property was sold for $178,000 at public auction on November 10, 2016 at the location specified in the NOTS. *Id.* ¶¶ 203, 229, Ex. 7. Mr. Bushlow, who was present on November 10, 2016 at the location specified in the NOTS, alleges that no sale of his property took place on that date in that location, and that Trustee Corps's authorized signatory on the TDUS, Stephanie Hoy, was not present at that date in that location either. *Id.* ¶¶ 190-199, 248-254.

Mr. Bushlow did not discover the actual sale of his property until November 30, 2016, when he happened to call the Mono County Recorder's Office and learned that the TDUS had been recorded. *Id.* ¶¶ 231-232, Ex. 7. Mr. Bushlow filed his complaint just under one year later, on November 24, 2017. Dkt. No. 1.

**B.     Procedural Background**

Trustee Corps previously moved to dismiss Mr. Bushlow's original complaint, and the

Court dismissed all of Mr. Bushlow's claims without leave to amend, except for those relating to the actual sale of the property. Dkt. No. 31 at 7. In his Amended Complaint, Mr. Bushlow asserts one claim for violation of the FDCPA. Dkt. No. 32 ¶¶ 257-273. Specifically, Mr. Bushlow alleges that Trustee Corps violated 15 U.S.C. § 1692f(6) by:

1. taking a nonjudicial action to unlawfully dispossess Mr. Bushlow of his property by executing the TDUS without any legal right to do so;

2. attempting to grant title to Mr. Bushlow's property to FNMA without ever having possessed legal title to the property;

3. taking a nonjudicial action to unlawfully dispossess Mr. Bushlow of his property by executing the TDUS, when a legal sale as described in the NOTS did not take place;

4. instructing Service Link to request the recording of the TDUS without any legal right to do so, in an effort to unlawfully repossess the property; and

5. attempting to dispossess Mr. Bushlow of his property when it knew or should have known that FNMA did not possess a valid enforceable security interest in the property or in Mr. Bushlow's mortgage.

*Id.* ¶¶ 259-263.

### C. Summary of Judicially Noticed Facts[2]

In 2013, Mr. Bushlow filed an action in California state court against BANA, ReconTrust, MERS, Green Tree, and unnamed Doe defendants, styled *Bushlow v. Bank of Am., N.A. et al*, in the Superior Court of the State of California, Mono County, Case No. CV130080 ("the state court action"). Dkt. No. 38-1, Exs. A, B. Mr. Bushlow's fourth amended complaint in the state court action asserted a claim for violation of California Civil Code § 2924.17, which requires that certain documents (including a notice of default, a notice of sale, an assignment of deed of trust, or substitution of trustee) must be accurate, complete, and supported by competent and reliable evidence, and that a mortgage servicer shall ensure that it has reviewed competent and reliable evidence substantiating the borrower's default and the right to foreclose. *Id.*, Ex. A. In his state court action, Mr. Bushlow asserted, as he does here, that the named defendants did not lawfully

---
[2] *See infra* Section III.A.1.

4

acquire an enforceable right or interest in his promissory note, and thus had no authority to foreclose on his home. *Id.*

The Mono County Superior Court entered judgment on January 29, 2015, sustaining Green Tree's demurrer to Mr. Bushlow's fourth amended complaint without leave to amend. Dkt. No. 38-1, Ex. D. The Superior Court's judgment included the following findings:

> (1) Physical possession of the original promissory note is not required to initiate foreclosure.
>
> (2) MERS is a real, legal entity capable of holding a financial interest under a deed of trust, and assigning that interest. Regardless Plaintiff agreed to MERS proceeding in the event of a default.
>
> (3) Plaintiff has failed to allege economic damages as required.
>
> (4) Plaintiff lacks standing to assert assignment errors.
>
> (5) Plaintiff fails to allege prejudicial inaccuracies in the reconciliation of documents.
>
> (6) Plaintiff has failed to allege any wrongdoing by Green Tree specifically.

Dkt. No. 38-1, Ex. D at 5.

## II.  LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

5

Where a plaintiff appears pro se, as in this case, "the court must construe the pleadings liberally and must afford the plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam)), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc); *accord Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987).

## III.  DISCUSSION

The Court first addresses the parties' respective requests for judicial notice and Trustee Corps's motion to strike Mr. Bushlow's declaration in support of his opposition to Trustee Corps's motion to dismiss. Then, the Court turns to Trustee Corps's motion to dismiss the Amended Complaint.

### A.  The Parties' Requests for Judicial Notice

A court generally may not consider any material beyond the pleadings when ruling on a Rule 12(b)(6) motion. If matters outside the pleadings are considered, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, a court may consider matters that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Roca v. Wells Fargo Bank, N.A.*, No. 15-cv-02147-KAW, 2016 WL 368153, at *3 (N.D. Cal. 2016) (quoting Fed. R. Evid. 201(b)). A court may take notice of public records, but not of disputed facts stated in public records. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

#### 1.  Trustee Corps's Request for Judicial Notice

Trustee Corps asks the Court to take judicial notice of four documents: (1) Mr. Bushlow's fourth amended complaint filed in the state court action; (2) the Mono County Superior Court Register of Actions for the state court action; (3) the memorandum of points and authorities in support of Green Tree's demurrer to Mr. Bushlow's fourth amended complaint, filed on December

6

1, 2014 in the state court action; and (4) the notice of entry of judgment for Green Tree entered in the state court action. Dkt. No. 38-1. Mr. Bushlow does not object to Trustee Corps's request.

The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation omitted); *see also Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) ("In addition to the complaint, it is proper for the district court to take judicial notice of matters of public record outside the pleadings and consider them for purposes of the motion to dismiss.") (internal quotation omitted).

Because the proceedings before the Mono County Superior Court are "directly related" to this action and because they appear to concern at least some of the same matters at issue in the Amended Complaint, the Court grants Trustee Corps's request and takes notice of the judgment and the other filings in the state court action attached to Trustee Corps's request. The Court does not take notice of the disputed facts in those documents.

### 2.   Mr. Bushlow's Request for Judicial Notice

Mr. Bushlow requests that the Court take judicial notice of the DOT. Dkt. No. 42. Trustee Corps does not object to Mr. Bushlow's request. The DOT is attached to the Amended Complaint as an exhibit and is considered part of the pleading. Consequently, the Court is already required to consider the DOT in deciding Trustee Corps's motion to dismiss. The Court thus denies Mr. Bushlow's request for judicial notice of the DOT as moot.

### B.   Trustee Corps's Motion to Strike

Trustee Corps moves to strike Mr. Bushlow's declaration and attached exhibits, which he filed in support of his opposition to Trustee Corps's motion to dismiss. Dkt. Nos. 43, 44-1. Mr. Bushlow's declaration is essentially an abbreviated version of the factual allegations in his Amended Complaint, reworded in the first-person voice. The only information in Mr. Bushlow's declaration that is not also contained in his Amended Complaint is a discussion of his California state court action against prior assignees and trustees and a discussion of his discovery of Trustee Corps's role in the foreclosure. Dkt. No. 43 ¶¶ 87-92. The exhibits attached to Mr. Bushlow's

declaration consist of: (1) the DOT attached to his Amended Complaint; (2) a letter from Trustee Corps to Mr. Bushlow dated July 14, 2016 and received on July 16, 2016; (3) a notice of entry of judgment from counsel for the defendants in Mr. Bushlow's state court action; and (4) a purported trustee's sale call sheet that Mr. Bushlow says he received at the scheduled trustee's sale together with a handwritten note authored by Mr. Bushlow. Dkt. No. 43-2.

The Court may consider only the complaint, the materials incorporated in the complaint by reference, and matters of which the Court may take judicial notice. The Court may not consider the additional material in Mr. Bushlow's declaration and accompanying exhibits on a motion to dismiss. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 306, 323 (2007)). However, to the extent the contents of Mr. Bushlow's declaration and accompanying exhibits are duplicative of his Amended Complaint and other matters of which the Court has already taken notice, the Court will consider that information as it appears in the Amended Complaint and in previously noticed materials.

### C. Trustee Corps's Motion to Dismiss

Under 15 U.S.C. § 1692f, the section of the FDCPA on which Mr. Bushlow relies, a debt collector is prohibited from using unfair or unconscionable means to collect or attempt to collect any debt. Section 1692f(6) specifically prohibits a debt collector from taking or threatening to take a nonjudicial action to effect dispossession or disablement of property if (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest, (B) there is no present intention to take possession of the property, or (C) the property is exempt by law from such dispossession or disablement. This Court previously concluded that Trustee Corps may be considered a "debt collector" under 15 U.S.C. § 1692f(6). Dkt. No. 31 at 8–9.

Mr. Bushlow's Amended Complaint implicates only the prohibitions in subsection (A) of 15 U.S.C. § 1692f(6), as he alleges that Trustee Corps did not have any legal right to take possession of or disable his property as collateral securing the promissory note. Mr. Bushlow does not allege that Trustee Corps acted without the present intention to foreclose on his property in violation of subsection (B), nor could he plausibly do so, as Trustee Corps initiated foreclosure

8

1    proceedings and scheduled a trustee's sale.  Dkt. No. 32 ¶¶ 170.  Mr. Bushlow also does not allege
2    that his property was exempt from foreclosure by law under subsection (C).
3        Trustee Corps moves to dismiss Mr. Bushlow's Amended Complaint on the grounds that
4    he fails to state a claim for a violation of the FDCPA under 15 U.S.C. § 1692f(6)(A).  Trustee
5    Corps urges the following grounds for dismissal: (1) the Amended Complaint is time-barred; (2)
6    Mr. Bushlow's current federal action  is collaterally estopped by his earlier state court action;
7    (3) Mr. Bushlow lacks standing to challenge the validity of prior DOT assignments or trustee
8    substitutions, which are, at most, merely "voidable" under California law; (4) any irregularities in
9    the foreclosure sale of his property are not actionable; and (5) the exhibits to the Amended
10   Complaint show that as a matter of law, Trustee Corps was legally entitled to take the foreclosure
11   actions it took.
12       Because the Court finds that Mr. Bushlow's FDCPA claim is time-barred and that his
13   claim as pled is not actionable, it does not reach Trustee Corps's other grounds for dismissal.

### 1. Statute of limitations

15   An FDCPA claim must be brought within one year from the date on which the alleged
16   violation occurred.  15 U.S.C. § 1692k(d); *Lyons v. Michael & Assocs.*, 824 F.3d 1169, 1171 (9th
17   Cir. 2016).  In assessing whether Mr. Bushlow's claim is timely, the Court views the claim as
18   based on two different theories.  First, Mr. Bushlow contends that Trustee Corps lacked the legal
19   right to take any foreclosure actions, because each assignment and substitution of trustee in the
20   chain leading up to Trustee Corps's substitution was defective and invalid.  Second, Mr. Bushlow
21   contends that his home was not sold in the manner, on the date, or at the location described in the
22   NOTS that he received.

### a. Mr. Bushlow's "no legal right" theory

24   The premise of Mr. Bushlow's first theory is that neither Trustee Corps nor any of its
25   predecessors in interests, save the original lender, had the necessary legal rights to take action with
26   respect to his property, and in particular the sale of his property.  Dkt. No. 32 ¶¶ 259-260, 262-
27   263.  Trustee Corps argues that the alleged violation of subsection (A)—i.e., Trustee Corps's
28   execution of a TDUS without legal right to do so—occurred on November 16, 2016, and that Mr.

1     Bushlow was aware of the facts giving rise to his claim well before that date.  Dkt. No. 44 at 12.

2     By his own admission, Mr. Bushlow was aware of the assignments and substitutions that he contends are invalid and that preceded Trustee Corps's substitution by no later than July 24, 2013, when he filed a state court action challenging those same assignments and substitutions. Dkt. No. 38-1, Ex. B at 1; *see also* Dkt. No. 38-1, Ex. A.  With respect to Trustee Corps's own substitution, Mr. Bushlow knew at least as early as August 24, 2016 that Trustee Corps had replaced Green Tree as trustee when he received a letter from Trustee Corps enclosing a copy of the Second Substitution.  Dkt. No. 32 ¶¶ 152-153. Thus, as of at least August 24, 2016, Mr. Bushlow knew of all the facts supporting his allegations that Trustee Corps lacked the legal right to take action with respect to his property.

The challenged sale of Mr. Bushlow's property to FNMA took place at least as of November 16, 2016, the date the TDUS was recorded.  *See id.* ¶ 248; Dkt. No. 32-2, Ex. 6.  Mr. Bushlow argues that even though the TDUS was recorded on November 16, 2016, he only discovered its existence by calling the Mono County Recorder's Office on November 30, 2016. Dkt. No. 32 ¶¶ 231-235.  He says that he could not have known that a TDUS would even be executed, let alone recorded, when the sale specified in the NOTS did not occur on the date and at the location in the notice.  *Id.* ¶ 235; Dkt. No. 41 at 20–21.  He argues that the "discovery rule" should apply to toll his time to file a complaint from the date of the alleged sale to the date he discovered it.  Dkt. No. 41 at 20–21.

Under the discovery rule, the statute of limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Lyons*, 824 F.3d at 1171 (quoting *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009)).  A plaintiff seeking to rely on the discovery rule "must specifically plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence."  *Carr v. U.S. Bank Nat'l Assoc.*, No. 16-cv-01690-VC, 2016 WL 3196602, at *1 (N.D. Cal. June 9, 2016) (internal quotation omitted).  Mr. Bushlow has adequately pled facts concerning the time and manner of his discovery of the sale (Dkt. No. 32 ¶¶ 231-232), but he has not pled any facts concerning his inability to have made an earlier discovery despite

reasonable diligence.

At the hearing, Trustee Corps argued that the discovery rule cannot help Mr. Bushlow because, without exception, the recordation of a deed operates as constructive notice to the world. Cal. Civ. Code § 2934 ("Any assignment of a mortgage and any assignment of the beneficial interest under a deed of trust may be recorded, and from the time the same is filed for record operates as constructive notice of the contents thereof to all persons . . . ."); *McQuinn v. Bank of Am., N.A.*, 656 F. App'x 848, 849–50 (9th Cir. 2016) (affirming dismissal of claim for violation of 15 U.S.C. § 1641(g) as time-barred in part because recordation of assignment of mortgage served as constructive notice and plaintiffs failed to plead wrongful conduct of defendants that prevented them from discovering facts underlying their claim). Mr. Bushlow does not allege that at the time the TDUS was recorded on November 16, 2016, the TDUS was not in fact available to the public, or that Trustee Corps engaged in wrongful conduct that prevented him from discovering its existence. Instead, Mr. Bushlow simply states that he "did not discover the existence of the TDUS until November 30, 2016 at 10:12 AM." Dkt. No. 32 ¶ 231. In these circumstances, Mr. Bushlow pleads no facts that would justify tolling the statute of limitations after recordation of the TDUS. *See McQuinn,* 656 F. App'x at 850; *Carr*, 2016 WL 3196602 at *1.

It is clear from the face of the Amended Complaint and the judicially noticed documents that the TDUS was recorded on November 16, 2016, providing constructive notice of the sale on that date, and that Mr. Bushlow knew of all the other bases for his "no legal right" theory no later than August 24, 2016. Thus, the limitations period for Mr. Bushlow's FDCPA claim based on the theory that Trustee Corps had no legal right to act began to run no later than November 16, 2016.

### b.     Mr. Bushlow's "irregular sale" theory

Mr. Bushlow also alleges a violation of subsection (A) on the ground that the sale of his property did not take place in accordance with the NOTS, even though the TDUS recites that it did. Dkt. No. 32 ¶ 261. Trustee Corps argues that the statute of limitations for any such violation began to run no later than November 16, 2016 (the date of recordation), and that Mr. Bushlow knew on November 10, 2016 that the sale as described in the NOTS had not occurred. *Id.* ¶¶ 259-263.

As with Mr. Bushlow's first theory, the recordation of the deed gave constructive notice to him and others of the sale of the property. Cal. Civ. Code § 2934; *McQuinn*, 656 F. App'x at 849–50. As of that date, Mr. Bushlow was well aware that the sale had not taken place on the date and at the location specified in the NOTS. *Id.* ¶¶ 187-199. Critically, Mr. Bushlow does not allege any prejudice from the fact that he was not able to attend the sale of his property in person. During the hearing, he conceded that he was not in a position to purchase the property himself at the foreclosure auction. His FDCPA claim is based solely on the allegation that the sale was illegal because it did not take place as noticed. Dkt. No. 32 ¶ 261.

Because Mr. Bushlow concedes that he knew all of the facts supporting his allegation that a sale of his property did not take place on November 10, 2016 as noticed, the limitations period for his claim based on an irregularity in the sale of his property began to run no later than November 16, 2016, when the sale was recorded.

Accordingly, under either the "no legal right" theory or the "irregular sale" theory, Mr. Bushlow's FDCPA claim is barred by the one-year statute of limitations.

### 2. Mr. Bushlow's claim is not actionable

Even if Mr. Bushlow's claim as pled in the Amended Complaint were not time-barred, it is simply not actionable.

With respect to his "no legal rights" theory, Mr. Bushlow alleges that each assignment and substitution of trustee was invalid. In his opposition, Mr. Bushlow argues that the entire foreclosure proceeding hinges on the First Assignment, which he contends is void. Dkt. No. 41 at 13. He argues that the First Assignment is void because it does not explicitly state that MERS was acting as nominee on behalf of the SCME or SCME's successors and assigns. *Id.* at 13–16. The Amended Complaint also alleges that the First Assignment is void because the signature of the MERS representative is either forged or because the representative is not a real person. Dkt. No. 32 ¶¶ 72-79. However, these alleged defects would only render the First Assignment *voidable*, not void, under California law, and consequently, Mr. Bushlow lacks standing to pursue his claim because he is not a party to the assignment agreements at issue. *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 929–39 (2016) (holding that wrongful foreclosure plaintiffs have standing

to challenge void assignments of notes and deeds of trust , but not assignments that are merely voidable).

An unauthorized signature is subject to ratification by the parties to a contract, rendering the contract voidable at the election of a party, but not void. *Mendaros v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-cv-06092-HSG, 2017 WL 2352143, at *6 (N.D. Cal. May 31, 2017) (forged or "robo-signed" signatures on an assignment does not render the transfer void because a signature by an unauthorized party on a negotiable instrument is subject to ratification) (citing Cal. Com. Code § 3403(a)); *Barcarse v. Cent. Mortg. Co.*, 661 F. App'x 905, 906–07 (9th Cir. 2016) (same); *Dahnken v. Wells Fargo Bank, N.A.*, 705 F. App'x 508, 510 (9th Cir. 2017).

The authority Mr. Bushlow cites in support of his argument that MERS's failure to recite that it was acting as nominee in executing the First Assignment does not actually support his argument. *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256 (2011), makes clear that MERS *does* have the authority to assign the note as nominee. *Id.* at 270–71. As in *Fontenot*, Mr. Bushlow's DOT expressly identifies MERS as the nominee permitted to act on behalf of the lender and the lender's successors and assigns. *Id.* at 260; Dkt. No. 32-1, Ex. 1 at 2. *Fisher v. Salmon*, 1 Cal. 413 (1951), also does not help Mr. Bushlow. In that case, the California Supreme Court held that in signing a deed of conveyance in his own name, an agent had acted beyond the scope of the authority granted to him by his principal, and thus the principal was not bound. *Accord In re Gallagher*, No. 2:12–bk–10213–NB, 2012 WL 2900477, at *6–7 (C.D. Cal. July 2, 2012); *Schwartz v. U.S. Bank., Nat'l Ass'n*, No. CV 11–08754 MMM (JCG), 2012 WL 10423214, at *5 (C.D. Cal. Aug. 3, 2012). *Fisher* does not stand for the proposition that *all* agents must necessarily state that they are acting on behalf of a principal when signing a contract, or that if they do not, the contract is void. And unlike the agent in *Fisher*, who acted outside the scope of his permitted authority, here, MERS acted on behalf of the lender within the scope of MERS's powers as nominee as described in the DOT. Finally*, McNear v. Petroleum Export Corp.*, 208 Cal. 162 (1929), concerns whether a signature at the bottom of a telegram constituted a signature by the party to be charged or by his agent sufficient to satisfy the statute of frauds. The California Supreme Court concluded that there was no contract between the parties because the agent signed

the order in his own name and "did not purport to sign as the agent of the defendant, and even if he had done so there was no offer of proof that he had written authority so to do." *Id.* at 166. *McNear* simply confirms an agent must have written authorization to act if the law requires the contract to be in writing. Here, there is no dispute that the DOT authorized MERS to act on the lender's behalf. MERS was not required to disclose its principal in the First Assignment. *Sterling v. Taylor*, 40 Cal. 4th 757, 773 (2007) ("A contract made in the name of an agent may be enforced against an undisclosed principal . . . .").

Mr. Bushlow advances an additional argument as to why the Third Assignment is void and why, in his view, the foreclosure sale was illegal. He argues that because the Third Assignment purports to convey an interest in the deed only and not the promissory note, FNMA could not and does not have an enforceable interest in the promissory note. Dkt. No. 41 at 16–17; Dkt. No. 32 ¶¶ 211-226. In response, Trustee Corps correctly points out that the validity of the Third Assignment has nothing to do with the validity of the Second Substitution designating Trustee Corps as trustee with the power to conduct foreclosure proceedings. In any event, the fact that the Third Assignment does not expressly mention conveying the promissory note does not make the Third Assignment void as a matter of law. *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1098–99 (E.D. Cal. 2010) (rejecting plaintiff's allegations that trustee was not authorized to foreclose because parties only held interest in deed and not the promissory note, because "[t]here is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the Note to foreclose"). The DOT itself states that "[t]he Note or partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." Dkt. No. 32-1, Ex. 1 at 11. Mr. Bushlow's argument that the Third Assignment conveyed only the DOT without the note or partial interest in the note is not supported by any plausible allegations in the Amended Complaint, and is contradicted by the DOT itself, which is attached as an exhibit to the Amended Complaint.

Thus, because the defects that Mr. Bushlow identifies in the First and Third Assignments render those agreements, at most, voidable, but not void, he does not have standing to challenge either assignment. *Yvanova*, 62 Cal. 4th at 932 ("[W]here the alleged defect in an assignment

14

would render it merely voidable at the election of one party but otherwise effective to pass legal title, the borrower has no standing to challenge the assignment on that basis.") (internal quotation omitted).

As for Mr. Bushlow's "irregular sale" theory, Trustee Corps correctly points out that in the Court's April 11, 2018 order on Trustee Corps's first motion to dismiss, the Court limited Mr. Bushlow's FDCPA claim against Trustee Corps to a claim under Section 1692f(6). Dkt. No. 31 at 8–10. Nothing in the language of Section 1692f(6) prohibits a foreclosure sale that does not take place as stated in the NOTS. Because an irregular sale is not proscribed conduct under the that section of the FDCPA, Mr. Bushlow cannot state a claim for a violation of Section 1692f(6) based on this theory.

### 3. Futility of amendment

"A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll*, 809 F.2d at 1448 (internal quotations omitted). Because Mr. Bushlow was aware of or on notice of the facts underlying his claimed injury at least as early as November 16, 2016—a year and eight days before he filed this suit—and because the claim he has asserted is not otherwise actionable, the Court finds that no amendment could cure these deficiencies.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Trustee Corps's request for judicial notice, DENIES Mr. Bushlow's request for judicial notice as moot, and GRANTS Trustee Corps's motion to strike. The Court further GRANTS Trustee Corps's motion to dismiss the Amended Complaint without leave to amend. The Clerk of the Court is requested to close this action.

**IT IS SO ORDERED.**

Dated: August 7, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge