**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID ERIC BUSHLOW, <br><br>                Plaintiff-Appellant, <br><br>  v. <br><br> MTC FINANCIAL, INC., DBA Trustee Corp, Inc., <br><br>                Defendant-Appellee. | No.   18-16687 <br><br> D.C. No. 5:17-cv-06771-VKD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Virginia K. DeMarchi, Magistrate Judge, Presiding[**]

Submitted May 21, 2019[***]

Before:      THOMAS, Chief Judge, LEAVY and FRIEDLAND, Circuit Judges.

    David Eric Bushlow appeals pro se from the district court's judgment

dismissing his action alleging Fair Debt Collection Practices Act ("FDCPA")

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

claims against the foreclosure trustee.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo a dismissal under Federal Rule of Civil Procedure

12(b)(6) for failure to state a claim.  *Kwan v. SanMedica Int'l*, 854 F.3d 1088,

1093 (9th Cir. 2017).  We affirm.

The district court properly dismissed Bushlow's FDCPA claim under 15

U.S.C. § 1692f(6) because Bushlow failed to allege facts sufficient to show that

defendant's conduct was unfair or unconscionable.  *See* 15 U.S.C. § 1692f(6)

(prohibiting unfair or unconscionable conduct in enforcing a security interest);

*Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 971 (9th Cir. 2017) (discussing

protections for borrowers set forth in § 1692f(6)); *see also Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its

face" (citation and internal quotation marks omitted)).

The district court properly dismissed Bushlow's remaining FDCPA claims

because defendant is not a debt collector except under 15 U.S.C. § 1692f(6).  *See*

*Obduskey v. McCarthy & Holtus*, LLP, 139 S. Ct. 1029, 1038 (2019) ("[B]ut for §

1692f(6), those who engage in only nonjudicial foreclosure proceedings are not

debt collectors within the meaning of the [FDCPA]."); *Dowers,* 852 F.3d at 970

(explaining that "while the FDCPA regulates security interest enforcement activity,

18-16687

it does so *only* through Section 1692f(6)").

**AFFIRMED.**

18-16687